**LaMonica Herbst & Maniscalco, LLP**

*Moving Forward. Staying Ahead.®*

David A. Blansky, Esq.
Partner
p: 516.826.6500 x207
dab@lhmlawfirm.com



November 12, 2020

**Via ECF**
Honorable Kenneth M. Karas
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

      In Re: **Mark S. Tulis, as Chapter 7 Trustee of the
Estate of Bruce J. Paswall
v. Grant Paswall and Reid Paswall**
Case No. 20-cv-5624

Judge Karas:

I write on behalf of the Appellee seeking relief as a consequence of the Appellants' failure to file an appendix with their opening brief, references being made in the opening brief to an appendix, and the opening brief referring to documents and information outside of the record transmitted to this Court by the Bankruptcy Court.

On August 21, 2020, the Court entered a memo endorsed order proving that "Appellant will be given 30 extra days to file his initial Memorandum of Law. However, Appellant will need to file a motion to expand the record. That also is due in 30 days." [Dkt No. 10]

Following the failure of Appellants to comply with the extended deadline, I wrote the Court again on October 12th, to request the dismissal of this appeal for failure to prosecute. [Dkt No. 11]

On October 13, 2020, the Court entered an order requiring Appellants to show cause within 20 days thereof why the appeal should not be dismissed for failure to prosecute. [Dkt No. 13]

On November 1, 2020, Appellants, by their counsel, filed a letter with the Court which ignored that the 30-day deadline had elapsed and in which they requested an additional 72 hours in which to file their opening brief and appendix. [Dkt No. 23]

In that letter, Appellants noted the extension was required primarily for the purpose of preparing the appendix and that they planned to incorporated documents from matrimonial proceedings they deemed "essential" into the record. Appellants also indicated their intention to include in their appendix filings relating to a lawsuit between Appellants and certain creditors of the Debtor.

**LaMonica Herbst & Maniscalco, LLP**

November 12, 2020
Page 2

In my letter of November 2, 2020, I raised concerns on behalf of the Appellee about Appellants' anticipated inclusion of documents that were not part of the record below in their appendix without first obtain leaving from this Court, as direct in the August 21, 2020 order. [Dkt No. 24]

Appellants filed as further letter in support of a 72-hour extension on November 2, 2020 in which they reiterated that the "appendix ... requires additional time given newly discovered submissions made by the debtor and Brenda J. Paswall both before and after the October 28, 2013 stipulation of settlement." [Dkt No. 25]

In that letter, Appellants stated that they expected to file their opening brief, appendix and a response to the Court's order to show cause within the 72-hour period. Id.

That same day, the Court entered a memo endorsed order stating, "Granted, but there will be no more extensions, even one hour." [Dkt No. 26]

On November 5, 2020, Appellants filed their opening brief. [Dkt No. 28] Appellants did not file an appendix at the time they filed their brief, as required under Rule 8018(b) of the Federal Rules of Bankruptcy Procedure, or a separate response to the Court's order to show cause.

The opening brief contains extensive references to an appendix which had not been filed with the Court, notwithstanding the additional 72-hour extension of time granted by the Court. It makes it plain that the anticipated appendix includes material outside the record on appeal for which leave was never sought before this Court.

The purpose of requiring an appendix in every appeal is relatively obvious; appellants need to provide the Court with "those parts of the record material to the questions presented and which it is essential for the judges of the court to read in order to decide these questions." Columbus Wood Preserving Co. v. United States, 209 F.2d 153, 154 (6th Cir. 1953). "Failure to supply necessary documents goes to the heart of [the] court's decision-making process." Hill v. Porter Mem'l Hosp., 90 F.3d 220, 226 (7th Cir. 1996). Consequently, "appellants bear the responsibility to file an adequate record, and the burden of showing that the bankruptcy court's findings of fact are clearly erroneous." In re Kritt, 190 B.R. 382, 387 (B.A.P. 9th Cir. 1995).

Accordingly, Appellee believes that this appeal may be dismissed for failure to file the appendix or, alternatively, the order and judgment of the Bankruptcy Court should summarily be affirmed. In re Black, No. 03-4078, 130 Fed. Appx. 205 (10th Cir. Jan. 27, 2005) (unpublished); Castro v. Kondaur (In re Castro), 2012 Bankr. LEXIS 734 (B.A.P. 10th Cir. Feb. 27, 2012); Lopez v. Long (In re Long), 255 B.R. 241 (B.A.P. 10th Cir. 2000); Recinos v. Morequity, Inc., 2012 U.S. Dist. LEXIS 89663 (D. Nev. June 28, 2012); see 21 Moore's Federal Practice, § 330.11 (Matthew Bender 3d ed.).

**LaMonica Herbst & Maniscalco, LLP**

November 12, 2020
Page 3

      Should the Court decline to dismiss the appeal due to the failure of Appellants to file an appendix, the opening brief should be stricken since it refers to an appendix that has not been filed with the Court and material outside of the record. The striking of the brief and the expiration of Appellants' time would then warrant dismissal for failure to prosecute under Rule 8018(a) of the Federal Rules of Bankruptcy Procedure.

      In the present state of affairs, Appellee has been deprived of the opportunity to move to strike the contents of an appendix that has not been filed with the Court and must now file his brief on or before December 7, 2020 without the benefit of the information on which Appellants rely in their opening brief being part of the record. Appellee should not be prejudice by Appellants' failure to comply with the applicable rules and prior orders of this Court.

Appellant is to respond to this submission by
11/16/20.

Respectfully submitted,

So Ordered.

*David A. Blansky*
David A. Blansky

11/12/20

DAB:rrl
cc:    Lowell B. Davis, Esq. (By ECF and E-Mail)
       Mark S. Tulis, Trustee (By E-Mail)

m:\documents\company\cases\paswall, bruce j\adv pro\appeal\ltr judge karas re adj of auction sale.doc