20-cv-5624 KMK

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

IN RE,

BRUCE J. PASWALL,

*Debtor,*

_____

MARK S. TULIS, AS CHAPTER 7 TRUSTEE OF THE
ESTATE OF BRUCE J. PASWALL,

*Plaintiff-Appellee,*

-against-

GRANT PASWALL AND REID PASWALL,

*Defendants-Appellants.*

*On appeal from Order and Judgment of the U.S.*
*Bankruptcy Court for the Southern District of New York*

## APPELLANT'S APPENDIX

**LOWELL B. DAVIS, ESQ.**
18 Jeffrey Lane
Great Neck, New York 11020
(516) 320-0221
LBD7479@cs.com
*Attorney for Defendants-Appellants*

**PART TWO- PAGES A162 TO A306**

<u>TABLE OF CONTENTS – APPENDIX</u>

*Page*

Table of Contents......................................................................................A.i

U.S.B.C. S.D.N.Y. Adversary Proceeding Docket Sheet, #19-08713-rdd1)..................................................................................................A.1

DE1, Complaint (Nov. 22, 2019)..........................................................A.6

　　　DE1-1, Deed (Oct. 3, 2014)........................................................A.24

DE2, Summons with Notice of Pretrial Conf. (Dec. 5, 2019)..............A.27

DE3, Affidavit of Service, Summons (Dec. 16, 2019).........................A.28

DE4, Affirmation in Support of Default, David A. Blansky, Esq. (Feb. 12, 2020)..............................................................................................A.30

DE5, Entry of Default, Grant Paswall (Feb. 13, 2020).......................A.33

DE6, Entry of Default, Reid Paswall (Feb. 13, 2020)..........................A.35

DE7, Certificate of Notice of Entry of Default, Grant Paswall (Feb. 15, 2020)................................................................................................A.37

DE8, Certificate of Notice of Entry of Default, Reid Paswall (Feb. 15, 2020)................................................................................................A.39

DE9, Notice of Hearing and Motion for Entry of Default Judgment (Mar. 24, 2020)......................................................................................A.41

　　　DE9-2, Exh. 2 to Motion-- Excerpts from Debtor's Examination (Oct. 30, 2019).......................................................A.64

　　　DE9-11, Exh. 11 to Motion-- Stipulation of Settlement, Matrimonial Action (Oct. 28, 2014)............................................A.93

DE10, Affidavit of Service, Motion (Apr. 23, 2020).........................A.105

DE11, Declaration in Opposition, Lowell B. Davis, Esq. (Jun. 12, 2020) ...................................................................................... A.106

DE11-1, Opp. Exh. A -- Proposed Answer (Jun. 11, 2020) ................... A.121

DE11-2, Opp. Exh. B -- Complaint (Nov. 22, 2019)............................... A.131

DE11-3, Opp. Exh. C -- Summons, Westchester Action (Sep. 16, 2019) ...................................................................................... A.150

DE11-4, Opp. Exh. D -- Affidavit of Service, Summons (Dec. 5, 2019) ...................................................................................... A.164

DE11-5, Opp. Exh. E -- Adversary Proceeding Complaint (Dec. 10, 2019) ...................................................................................... A.167

DE11-6, Opp. Exh. F -- Correspondence from Davis to Monica Herbst & Maniscalco LLP (May 23, 2020) ............................................... A.177

DE12, Reply to Opposition (Jun. 16, 2020) ......................................... A.182

DE12-1, Affirmation in Support of Motion to Cancel Lis Pendens, Westchester Action, Lowell B. Davis, Esq. (Dec. 9, 2019) ...................................................................................... A.192

DE12-2, Affirmation in Partial Opposition, Westchester Action, Scott A. Lucas, Esq. (Dec. 10, 2019).......................................... A.195

DE13, Affidavit of Service, Reply (Jun. 16, 2020) ............................................ A.200

DE14, Counter Judgment Against Debtor's Estate (Jun. 22, 2020) .................... A.202

DE15, Order Granting Motion for Default Judgment (Jun. 29, 2020) ............... A.204

DE16, Judgment by Default (Jun. 29, 2020) ...................................................... A.207

DE17, Transcript of Proceedings, Hon. Robert D. Drain, U.S.B.J. (Jun. 19, 2020) ...................................................................................... A.209

DE18, Affidavit of Service, Order Granting Motion (Jul. 2 2020) .................... A.271

DE19, Notice of Appeal and Statement of Election (Jul. 6, 2020)......................A.273

DE20, Affidavit of Service, Order Granting Motion for Default
Judgment and Judgment (Jul. 9, 2020) ................................................................A.280

DE21, Designation of Record Items, Appellant (Jul. 13, 2020)........................A.282

DE22, Preliminary Statement of Issues on Appeal (Jul. 13, 2020) ....................A.284

DE23, Counter-Designation of Record Items, Appellee (Jul. 14, 2020)............A.285

DE24, Affidavit of Service, Counter-Designation of Additional Items
(Jul. 15, 2020) .......................................................................................................A.287

DE25, Affidavit of Service, Counter-Designation of Additional Items
(Jul. 14, 2020) .......................................................................................................A.289

DE26, Civil Cover Sheet (Jul. 21, 2020) ............................................................A.291

Decision and Order, Westchester Supreme [Duffy, J.] (Jun. 17, 2013) .............A.292

Order to Show Cause, Westchester Supreme Court  (Aug. 31, 2015)................A.306



A.162

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

-------------------------------------------------------------------X

MARLENA SANTANA, YASMINDA DAVIS and
MELISSA RODRIGUEZ,

                                          Index No. 64395/2019

                *Plaintiff*,

        -against-

BRUCE PASWALL, REID PASWALL,
GRANT PASWALL, and "Doe" Defendants one
through ten, fictitious names used to designate
additional persons whose identities are not
known to Plaintiffs,

                *Defendants*,

-------------------------------------------------------------------X

## NOTICE OF APPEARANCE

       Please be advised that Andrew Ross Sack, Esq., of The Law Offices of Scott
A. Lucas, hereby enters an appearance on behalf of Plaintiffs Marlena Santana,
Yasminda Davis, and Melissa Rodriguez as an Attorney of Record.


Dated:      December 9, 2019
              New York, New York

                                By:   */s/ Andrew R. Sack*
                                         Andrew Ross Sack, Esq.
                                         Law Offices of Scott A. Lucas
                                         250 Park Ave, Suite 2020
                                         New York, NY 10177
                                         (212) 983-6000

A.163

**DE11-4, Opp. Exh. D -- Affidavit of Service, Summons (Dec. 5, 2019)**
**[A.164-166]**

# EXHIBIT "D"

**LaMONICA HERBST & MANISCALCO, LLP**
3305 Jerusalem Avenue
Wantagh, New York 11793
Telephone: (516) 826-6500
David A. Blansky, Esq.
Salvatore LaMonica, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

In re:                                                        Chapter 7

BRUCE J. PASWALL,                                             Case No. 19-23623 (RDD)

            Debtor.

-------------------------------------------------------------x

MARK S. TULIS, as Chapter 7
Trustee of the Estate of Bruce J. Paswall,

                                                              Adv. Pro. No. 19-08713-RDD
            Plaintiff,

      -against-

GRANT PASWALL and REID PASWALL,

            Defendants.

-------------------------------------------------------------x

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK      )
                       ) ss.:
COUNTY OF NASSAU       )

      ROSA R. LELLA, being duly sworn, deposes and says:

      Deponent is not a party to the action, is over 18 years of age and resides in Suffolk County,
NY.

      On December 5, 2019, deponent served the following documents by First-Class Mail upon
the attorneys/parties listed below at the addresses listed, said addresses designated for that purpose,
by depositing a true copy of same enclosed in a postpaid, properly addressed wrapper, in an official
depository under the exclusive care and custody of the United States Postal Service within the
State of New York:

            (1) *Summons and Notice of Pretrial Conference in an Adversary Proceeding with
                Complaint; and*

            (2) *Notice of Pendency*.

1

A.165

TO:   Grant Paswall
      9 Summit Drive
      Mahopac, New York 10541

      Grant Paswall
      13 Logging Road
      Katonah, New York 10536
      *Defendant*

      Reid Paswall
      13 Logging Road
      Katonah, New York 10536
      *Defendant*

***Courtesy copy to:***   Gary R. Gjertsen Esq
                   **CLAIR & GJERTSEN, ESQS.**
                   4 New King Street, Suite 140
                   West Harrison, NY 10604

                          ***s/Rosa R. Lella***
                          ROSA R. LELLA

Sworn to before me
this 6th day of December 2019

***s/ Angela Colucci***
Angela Colucci
Notary Public, State of New York
No. 01CO4674875
Qualified in Nassau County
Commission Expires July 31, 2022

m:\documents\company\cases\paswall, bruce j\adv pro\aos - s&c, filed notice of pendency.docx

2

A.166

**DE11-5, Opp. Exh. E -- Adversary Proceeding Complaint (Dec. 10, 2019)**
**[A.167-176]**

# EXHIBIT "E"

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X

In re Bruce Paswall
      *Debtor.*
                                     Case No. 19-23623-rdd
                                     Chapter 7

Marlena Santana, Yasminda Davis, and
Melissa Rodriguez,
      *Plaintiffs*
                                     Adv. Proc. No. _____

      v.

Bruce Paswall,
      *Defendant.*
----------------------------------X

## ADVERSARY PROCEEDING COMPLAINT

      Marlena Santana, Yasminda Davis, and Melissa Rodriguez, by and through their

Counsel, the Law Offices of Scott A. Lucas, hereby allege as follows:

### Introduction

1.    Plaintiffs are creditors of Defendant and Debtor Bruce Paswall ("Paswall") and

bring this adversary proceeding for a determination of that the judgment entered against him for

compensatory and punitive damages for repeated and illegal pregnancy discrimination in

violation of the New York City Human Rights Law is nondischargeable under 11 U.S.C. §

523(a)(6).

### Background

2.    Plaintiffs were three pregnant employees of Defendant Bruce Paswall. They were

each harassed, discriminated against and fired after Paswall learned or suspected they were

pregnant. Plaintiffs sued Paswall, the Company he owned (G.E.B. Medical Management, Inc. or

A.168

"G.E.B.") and G.E.B.'s office manager (Peter Ayende) in Bronx Supreme Court in an action entitled *Marlena Santana, Yasminda Davis and Melissa Rodriguez v. G.E.B. Medical Management, Inc., Bruce Paswall and Peter Ayende*, Index Number 305261-08, in August 2008 under, *inter alia*, the New York City Human Rights Law (Administrative Code §§ 8-107 and 8-502).

3.    On September 15, 2015—after seven (7) years of litigation—Plaintiffs were awarded a jury verdict of $6.181 million in compensatory and punitive damages.

4.    On October 20, 2017 the State Court denied Paswall's motion for vacatur, granted his motion to reduce the verdict, and ordered that he pay Plaintiffs' attorney's fees. *Santana v. G.E.B. Med. Mgt., Inc.*, 2017 N.Y. Misc. LEXIS 4186, *2-4 (Bronx Sup. Ct. October 20, 2017) (Tuitt, J.)). Ex. "A" hereto.

5.    On January 24, 2018 judgment was entered in the amounts of $1,313,676.59 for Plaintiff Marlena Santana, $1,572,478.59 for Plaintiff Yasminda Davis, and $1,306,782.52 for Plaintiff Melissa Rodriguez. Ex. "B" hereto.

### The State Court Judgment Against Paswall is Nondischargeable

6.    As found by the trial court in denying Paswall's motion to set aside the verdict, Paswall told Plaintiff Santana to *"not have children,"* told Plaintiff Davis *"you better not get pregnant,"* asked a previous pregnant employee *"are you going to keep it?,"* and fired all three pregnant Plaintiffs even though their manager, Peter Ayende, *"was shocked upon learning that Paswall was firing plaintiffs." Santana v. G.E.B. Med. Mgt., Inc.*, 2017 N.Y. Misc. LEXIS 4186, *2-4 (Bronx Sup. Ct. October 20, 2017) (Tuitt, J.).

2

A.169

7.     Section 523 of the Bankruptcy Code governs exceptions to discharge and

provides, in relevant part, "[a] discharge . . . does not discharge an individual debtor from any

debt . . . for willful and malicious injury by the debtor ..." 11 U.S.C § 523(a)(6).

8.     "[I]ntent is 'clearly implicit in the determination' [that 'unlawful discrimination

has taken place']." *Fuller v. Rea (In re Rea)*, No. 18-37081 (CGM), 2019 Bankr. LEXIS 2364, at

*9 (Bankr. S.D.N.Y. July 29, 2019) (quoting *Rocco v. Goldberg (In re Goldberg)*, 487 B.R. 112,

127 (Bankr. E.D.N.Y. 2013) for the proposition that "A showing of intent is not required for the

NYSDHR to find that unlawful discrimination has taken place, but courts have found that intent

is 'clearly implicit in the determination.'")). And "where an employer's deliberate conduct is

found to constitute unlawful discrimination against an individual employee, it necessarily

follows that such intent was for the purpose of causing injury." *Ganci v. Townsend (In re

Townsend)*, 550 B.R. 220, 227 (Bankr. E.D.N.Y. 2016) (quoting Goldberg, 487 B.R. at 127),

*aff'd*, *Townsend v. Ganci*, 566 B.R. 129, 133-35 (E.D.N.Y. 2017) (Bianco, J.) ("'if a debtor

believes that an injury is substantially certain to result from his conduct, the debtor will be

found to have possessed the requisite intent to injure required' for purposes of Section

523(a)(6)"), *aff'd*, 726 Fed. Appx. 91 (2d Cir. 2018).

9.     Section 523(a)(6)'s "willful" requirement is met because Plaintiffs, having

prevailed at trial *and* in defeating Paswall's post-trial motion to set aside the verdict, necessarily

proved that Paswall engaged in willful discriminatory behavior. *De Curtis v. Ferrandina (In re

Ferrandina)*, 533 B.R. 11, 28 (Bankr. E.D.N.Y. 2015) ("For a plaintiff to prevail on a

discrimination claim asserted under the New York City Law she must likewise demonstrate that

the defendant engaged in willful discriminatory behavior" because "the plaintiff still bears the

burden in demonstrating that the offending conduct was motivated by discriminatory intent.").

3

A.170

10.     Moreover, Paswall was not only found liable for compensatory damages, but also

for an award of substantial punitive damages upheld by the trial court in its entirety after citing

*BMW of North America v.* Gore, 517 U.S. 559 (1996) for the proposition that "'*reprehensibility'*

*is 'perhaps the most important' factor*'" in evaluating a punitive damages award. Ex. "A" at pg.

6. As the court concluded in *Fuller v. Rea (In re Rea)*, 606 B.R. 531 (Bankr. S.D.N.Y. 2019):

> This Court now holds that discriminatory termination is the injury Plaintiff
> suffered and that a judgment finding a Defendant intentionally caused that
> injury, particularly when an unlawful discriminatory animus is apparent, is
> enough to meet the prong of willfulness under § 523(a)(6) of the
> Bankruptcy Code.

\*\*\*

> It would defy logic to find that an overt act constituting disparate
> treatment discrimination, that is, discrimination aimed at an individual,
> could occur absent a malicious intent to harm... to hold otherwise would
> sanction the view that there exists some "just cause or excuse" for
> discrimination.

606 B.R. at 540 (emphasis added), quoting *Rocco v. Goldberg (In re Goldberg)*, 487 B.R. 112,

129 (Bankr. E.D.N.Y. 2013).

11.     Since "discriminatory termination is the injury" (*Fuller, supra*) and Paswall

obviously intended to fire Plaintiffs, Paswall intended the injury to occur. "It does not matter

whether [he] intended to cause the degree of harm that [he] caused." *Allen-Slattery, Inc. v. Lee*

*(In re Lee)*, Nos. 11-12065-LT7, 11-90447-LT, 2012 Bankr. LEXIS 4719, at \*11 (Bankr. S.D.

Cal. Sep. 26, 2012); *Roe v. Boland (In re Boland)*, 596 B.R. 532, 545 (B.A.P. 6th Cir. 2019)).

12.     The "malicious" requirement of § 523(a)(6) is also met. "For the purposes of a §

523(a)(6) claim, 'malicious' means 'wrongful and without just cause or excuse, even in the

absence of hatred, spite, or ill-will.'" *Ball v. A.O. Smith Corp.*, 451 F.3d 66, 70 (2d Cir. 2006).

A.171

13.     Paswall had a full and fair opportunity to litigate the issues and those issues

litigated were necessary to the resolution of that action. Accordingly, since Paswall's actions

were "willful" (*De Curtis*, *supra*) and "malicious" (*Fuller*, *supra*), Plaintiffs' judgment should be

excepted from discharge pursuant to § 523(a)(6) of the Bankruptcy Code. See *Denton v. Hyman*

*(In re Hyman)*, 320 B.R. 493, 499 (Bankr. S.D.N.Y. 2005) ("There is no doubt that the doctrine

of collateral estoppel applies in bankruptcy proceedings generally and in proceedings arising

under Section 523(a) of the Bankruptcy Code in particular."); *Ganci v. Townsend (In re*

*Townsend)*, 550 B.R. 220, 227 (Bankr. E.D.N.Y. 2016), *aff'd*, *Townsend v. Ganci*, 566 B.R. 129,

133-34 (E.D.N.Y. 2017) (Bianco, J.), *aff'd*, 726 Fed. Appx. 91 (2d Cir. 2018); *De Curtis v.*

*Ferrandina (In re Ferrandina)*, 533 B.R. 11, 28 (Bankr. E.D.N.Y. 2015).

## Parties

14.     Plaintiff Marlena Santana is a resident of the State of New York, County of

Bronx.

15.     Plaintiff Yasminda Davis is a resident of the State of New Jersey, County of

Union.

16.     Plaintiff Melissa Rodriguez is a resident of the State of New York, County of

Westchester.

17.     Defendant Bruce Paswall is the debtor in the associated proceeding under Chapter

7 of Title 11 of the United States Code (Case No. 19-23623-rdd).

## Jurisdiction & Venue

18.     This is a complaint under Fed. R. Bankr. P. §§ 7001(4), (6), and 11 U.S.C. §

523(c)(1) to determine the nondischargeability of a debt owed by Defendant to Plaintiffs.

5

A.172

19. The district court has subject matter jurisdiction over this matter pursuant to 28

U.S.C. § 1334. This case is referred to the bankruptcy court pursuant to 28 U.S.C. §§ 157(a).

20. This is a core proceeding pursuant to 28 U.S.C. §§ 157 (b)(2)(I), (J).

21. Venue is proper under 28 U.S.C. §§ 1408 and 1409.

**Factual Background**

22. At all material times herein, Paswall was the sole owner and President of G.E.B. Medical management, Inc. ("G.E.B.").

23. Plaintiffs were employed by G.E.B. and Paswall in 2006 and 2007.

24. Plaintiffs became pregnant and, during their respective employments, Paswall knew or suspected they were pregnant and fired them.

25. Evidence was presented at trial that "defendant Bruce Paswall (hereinafter 'Paswall') told [Plaintiff Marlena Santana] '*not to have children*'". Ex. "A", at pg. 2.

26. Evidence was presented at trial that "[Paswall] told plaintiff Yasminda Davis (hereinafter 'Davis') "*you better not get pregnant*'". Ex. "A", at pg. 2.

27. Evidence was presented at trial that "[Paswall] asked an earlier pregnant employee '*are you going to keep it?*'" Ex. "A", at pg. 2.

28. "The evidence presented also showed that defendants subjected plaintiffs to pregnancy-related harassment and stereotypes[.]"

29. "The evidence presented also showed that defendants ... ask[ed] impermissible interview questions[.]"

30. "The evidence presented also showed that defendants ... stripp[ed] Santana of her job duties and impos[ed] intolerable working conditions on her[.]"

6

A.173

31.     "The evidence presented also showed that defendants [acting through Paswall's office manager, Ayende] ... subjecting plaintiff Melissa Rodriguez (hereinafter 'Rodriguez') to forced medical testing[.]"

32.     "The evidence presented also showed that defendants ... threaten[ed], mock[ed] and/or shun[ed] plaintiffs before firing them and orchestrating false scenarios to justify firing them." Ex. "A", at pg. 2.

33.     "As to their alleged nondiscriminatory reasons for firing plaintiffs [*i.e.*, that 'plaintiff ... were underperforming,' Ex. "A", at pg. 1], defendants admitted in sworn interrogatory answers that there were no assignments Santana or Rodriguez did in an improper or untimely manner [and] Defendant Peter Ayende (hereinafter 'Ayende'), plaintiffs' manager, admitted that Davis completed all of her work." Ex. "A", at pg. 2.

34.     "Ayende admitted that he never recommended that plaintiffs be fired, never formed the belief that any of the plaintiffs should be fired, and was shocked upon learning that Paswall was firing plaintiffs." Ex. "A", at pg. 2.

35.     "Moreover, non-party Monica Eadie testified that she overheard defendants' own witness, Davis' supervisor, Talitha Crespo, state that Davis and Santana were fired for being pregnant." Ex. "A", at pgs. 2-3.


## Procedural Posture of the Case and Related Litigation

36.     On September 15, 2015 the verdict was rendered.

37.     On September 15, 2015 the State Court issued a restraining order prohibiting Paswall from transferring assets.

38.     On October 18, 2017 Paswall was held in civil contempt by the State Court.

7

A.174

39. On October 20, 2017 the decision denying Paswall's vacatur motion was issued.

Ex. "A" hereto.

40. On January 24, 2018 the judgment in favor of Plaintiffs and against Paswall was

entered. Ex. "B" hereto.

41. With a criminal contempt motion pending, Paswall, on September 11, 2019, filed

for Chapter 7 bankruptcy, automatically staying the State Court action.

42. On November 26, 2019 the U.S. Trustee commenced an adversary proceeding in

this Court to set aside Paswall's fraudulent conveyance of real property to his sons after the

verdict was rendered. Adv. Proc. No. 19-08713-rdd.

## First Cause of Action

### Nondischargeability of Debt Under 11 U.S.C. § 523(a)(6)

43. Plaintiffs incorporate the preceding paragraphs of this Adversary Complaint by

reference.

44. Section 523(a)(6) provides that debts incurred "for willful and malicious injury by

the debtor to another entity or the property of another entity" are not dischargeable. 11 U.S.C. §

523(a)(6).

45. Paswall willfully and maliciously injured Plaintiffs through his repeated and

illegal pregnancy discrimination, resulting in a judgment that is nondischargeable.

## Prayer for Relief

WHEREFORE, Plaintiffs respectfully request that this Court enter a judgment:

(a)    declaring that Paswall's judgment liability to Plaintiffs is nondischargeable

pursuant to Section 523(a)(6) of the Bankruptcy Code; and

8

A.175

(b)     granting such other and further relief as this Court deems just and proper.

Dated: New York, New York
       December 10, 2019

Respectfully Submitted,

Law Offices of Scott A. Lucas
*Attorneys for Plaintiffs*
250 Park Avenue, Suite 2020
New York, New York 10177
(212) 983-6000
scott@lucasemploymentlaw.com

By: */S/ Scott A. Lucas*
     Scott A. Lucas

A.176

**DE11-6, Opp. Exh. F -- Correspondence from Davis to Monica Herbst & Maniscalco LLP (May 23, 2020) [A.177-181]**

EXHIBIT "F"

**Lowell B. Davis**
ATTORNEY AT LAW
ONE OLD COUNTRY ROAD
CARLE PLACE NEW YORK 11514
TELEPHONE: 516 746-7474
516-320-0221
TELECOPIER: 516 746-1535

Via facsimile 516-826-0222

May 23, 2020

Monica Herbst and Maniscalco LLP
2305 Jerusalem Ave.
Wantagh, NY 11793                    Case No.: 19-23623 RDD)

Re: Debtor Bruce J Paswall
Grant Paswall and Reid Paswall adv.
Mark S. Tullis Trustee

Dear Sir:

        This office has recently been retained by Grant Paswall and Reid Paswall to defend a
complaint for a variety of relief. The relief sought, as to these defendants, has to do with the
transfer of certain real property which the trustee alleges to have been fraudulaent.. We are
respectfully requesting the additional time to interpose an answer to the complaint for the
following reasons.

        Aside from having been recently retained, Mr. Lucas, counsel for Marlene Santana,
Yasminda Davis, and Melissa Rodriquez, plaintiffs in a State Court action against the debtor,
commenced a state court action in Westchester County wherein plaintiffs, by Scott Lucas brought
a State Court action for the same relief as is sought in this action, to wit: to recover real property
alleged to have been fraudulatently transferred from the debtor, to the defendants in this action.
By filing a lis pendens. We moved to discharge the lis pendense, That action was only recently
concluded in April of 2020. The orer was recently served with Notie of Entry. The time for the
Santan parties to appeal has not yet run. The relief sought in that action is very similar if not
identical to the relief sought in the pending action.

        Because the pendency of the other action we focused our efforts on that laswuit. As a
consequence it is now time to focus on these proceedings.

        Enclosed please find my own notice of appearance we will file same via pacer on Monday
if we have not done so already.

We have review the complaint filed on behalf of both the trustee have realized that the
defendant's wife is described in the complaint numerous times as Deborah. As a consequence of
this naming the debtor is deceased wife of course a compelled to deny all of the material

A.178

allegations complained of the complaint with regard to. We believe that an amendment of the complaint is necessary. The amendment of the complaint of course will trigger an opportunity to interpose a timely answer.

We hope that the additional work on both parties would not be necessary and that your consent to filing a man answer will either be granted or deemed unnecessary by virtue of the amendment of the complaint on behalf of the trustee which of course will not oppose.

Please advise forth with has to your consent in writing.

Very truly yours

very truly yours

Lowell B Davis
LBD LE
CC Gary

A.179

## LAMONICA HERBST & MANISCALCO, LLP

*Moving Forward. Staying Ahead.®*

David A. Blansky, Esq.
Partner
516.826.6500 x207
dab@lhmlawfirm.com

June 5, 2020

*Via E-Mail*
Lowell Davis, Esq.
1 Old Country Road
Carle Place, New York 11514-1801
lbd7479@cs.com

> **In Re: Bruce J. Paswall**
> **Chapter 7**
> **Case No. 19-23623-RDD**
> **Tulis v. Paswall**
> **Adv. Pro. No. 19-08713-RDD**

Dear Mr. Davis:

On May 26, 2020, I informed you that my client had declined to consent to your clients' untimely filing of an answer, particularly given the pendency of his motion for a default judgment.

In response, you advised me by e-mail of your intention to contact my client directly to take up the issue.

Less than five minutes later, I informed you that such contact would be improper as my client is a represented party. You informed me that you would take my admonishment "under advisement".

Notwithstanding that I advised you not to contact my client directly you did so in any event this past Tuesday in violation of my instructions and the Rules of Professional Conduct.

Rule 4.2(a) of the New York Rules of Professional Conduct provides that "a lawyer shall not communicate about the subject of a representation with a party" who the lawyer "knows to be represented by another lawyer in the matter" unless the lawyer has the consent of the other lawyer or the contact is "authorized to do so by law." NYRPC Rule 4.2(a).

As evidenced by my prior communication, you did not have my consent to contact my client.

**LAMONICA HERBST & MANISCALCO, LLP**

Lowell Davis, Esq.
June 5, 2020
Page -2-

As this juncture, the Trustee assumes this is a one-time lapse in judgment on your part and that it will not reoccur during this case. As such, the Trustee will not be pursuing his remedies arising from your error at this time, but reserves any and all rights to do so.

As to your request to my client, based on your faxed letter of May 23, 2020 and your subsequent e-mail to me, the Trustee does not believe that your clients have presented a reasonable excuse or meritorious defense. Consequently, the Trustee intends to proceed with his motion seeking a default judgment scheduled to be heard on June 19, 2020 at 10:00 a.m.

Be guided accordingly.

Sincerely,
*s/David A. Blansky*
David A. Blansky

DAB:rrl
cc: Mark Tulis, Trustee (via e-mail)
M:\Documents\Company\Cases\Paswall, Bruce J\Adv Pro\LTR Lowell Davis.doc

A.181

**DE12, Reply to Opposition (Jun. 16, 2020) [p. 182-191]**

**LaMONICA HERBST & MANISCALCO, LLP**
3305 Jerusalem Avenue
Wantagh, New York 11793
Telephone: (516) 826-6500
David A. Blansky, Esq.

**RELATING TO A HEARING SCHEDULED
FOR JUNE 19, 2020 at 10:00 A.M.**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

In re:                                                                                          Chapter 7

BRUCE J. PASWALL,                                                      Case No. 19-23623 (RDD)

              Debtor.

------------------------------------------------------------x

MARK S. TULIS, as Chapter 7
Trustee of the Estate of Bruce J. Paswall,
                                                                                          Adv. Pro. No. 19-08713-RDD

                        Plaintiff,

        -against-

GRANT PASWALL and REID PASWALL,

                        Defendants.

------------------------------------------------------------x

## PLAINTIFF'S REPLY TO THE DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR A DEFAULT MOTION

To:     The Honorable Robert D. Drain
          United States Bankruptcy Court Judge
          United States Bankruptcy Court, Southern District of New York

            Mark S. Tulis, the Chapter 7 Trustee (the "Plaintiff") of the bankruptcy estate of Bruce J.

Paswall (the "Debtor"), by his attorneys, LaMonica Herbst & Maniscalco, LLP, submits this reply

(the "Reply") to the Opposition (the "Opposition") filed by defendants Grant Paswall and Reid

Paswall (the "Defendants") to the Plaintiff's Motion for the Entry of an Order for Default Judgment

and Judgment against the Defendants (the "Default Motion") [Dkt No. 9] and respectfully sets

forth the following:

1

## INTRODUCTION

1.      Defendant's opposition (the "Opposition") has been interposed more than six months after the filing of Plaintiff's complaint and service of the summons and complaint on the Defendants (see Exhibit "A" to the Default Motion) and nearly seven weeks following service of the Default Motion on Defendants. [Dkt No. 10]

2.      As reflecting in the filings made in the Supreme Court of the State of New York, County of Westchester (the "State Court") by Defendants and counsel to the Santana Parties (as defined in the Default Motion), Defendants have been aware of the pendency of this adversary proceeding since early December 2019.

3.      Notwithstanding Plaintiff's service of the summons and complaint on Defendants in accordance with the Bankruptcy Rules and the awareness of Defendants and their counsel that this adversary proceeding had been commenced against Defendants, Defendants failed to interpose a responsive pleading or appear at the initial pretrial conference held on February 4, 2020.

4.      Defendants, by their counsel, did not undertake any steps to respond to this adversary proceeding until Saturday, May 23, 2020, when Mr. Davis faxed the letter annexed to the Opposition as part of Exhibit "F" to counsel for Plaintiff.

5.      In that letter, as well as the Opposition, Defendants assert that their default should be excused, the Default Motion denied, and an untimely answer be accepted on two primary grounds.

6.      First, counsel claims he was only recently retained in this adversary proceeding and that the default by Defendants was the result of them focusing their efforts on the action in the State Court.

A.183

7.     Second, Defendants assert that a recurring typographical error in referencing the first name of Defendants' mother would require amendment of the complaint and thereby result in an opportunity to interpose a responsive pleading.

8.     As will be discussed below, each of these positions and the other arguments asserted by Defendants in the Opposition should be rejected.

## APPLICABLE LAW

9.     In determining whether to set aside an entry of default or a default judgment, the Court should weigh the following factors: "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is present." Arista Records, Inc. v. Musemeci, No. 03 CV 4465, 2007 U.S. Dist. LEXIS 81630, at *11 (E.D.N.Y. Sept. 18, 2007) (quoting Powerserve Int'l, Inc. v. Lavi, 239 F.3d 508, 514 (2d Cir. 2001)) (additional quotation omitted); see also Kauhsen, 2010 U.S. Dist. LEXIS 55554, at *12 (same). "Of these three criteria, 'willfulness is preeminent, and a willful default will not normally be set aside.'" Arista Records, 2007 U.S. Dist. LEXIS 81630, at *12 (quoting MacEwen Petroleum, Inc. v. Tarbell, 173 F.R.D. 36, 39 (N.D.N.Y. 1997)).

10.    The burden of demonstrating that vacatur is justified lies with the moving party. See Arista Records, 2007 U.S. Dist. LEXIS 81630, at *12 (citing Sony Corp. v. Elm State Elec., Inc., 800 F.2d 317, 320 (2d Cir. 1986)).

11.    "A default is deemed willful where a defendant simply ignores the complaint without action," Arista Records, 2007 U.S. Dist. LEXIS 81630, at *12 (quotation omitted), and also includes "conduct that is 'not satisfactorily explained.'" Kauhsen, 2010 U.S. Dist. LEXIS 55554, at *13 (quoting SEC v. McNulty, 137 F.3d 732, 738 (2d Cir. 1998)).

A.184

12.     To establish prejudice, plaintiff "must demonstrate 'that the delay will result in the loss of evidence, create increased difficulties for discovery, or provide greater opportunity for fraud and collusion.'" <u>Arista Records,</u> 2007 U.S. Dist. LEXIS 81630, at *13 (<u>quoting</u> <u>Davis v. Musler,</u> 713 F.2d 907, 916 (2d Cir. 1983)).

13.     In order to support a claim meritorious defense, defendants "must proffer credible evidence of facts which directly relate[] . . . to the allegations [in the complaint] and raise[] a serious question as to the validity of those allegations." <u>Kauhsen,</u> 2010 U.S. Dist. LEXIS 55554, at *15 (quotation omitted) (alterations in original).

## ARGUMENT

14.     The Opposition concerns itself with a number of facts and arguments irrelevant to the Default Motion as relating to the early efforts by the Santana Parties seeking similar relief to that of the Plaintiff and as pertaining to their efforts to deny the Debtor a discharge.

15.     The Default Motion comprehensibly sets forth the grounds upon which judgment should be entered against Defendants not only as a consequence of their default, but also on the merits.

16.     The arguments raised in the Opposition are intended only to delay Plaintiff's recovery and sale of the Real Property (as defined in Plaintiff's complaint), consistent with the efforts by the Debtor to hinder, delay and defraud creditors by attempting place title to the Real Property beyond the reach of his creditors and in the hands of his sons.

17.     The three factors described above weigh heavily in favor of overruling the Opposition and granting the Default Motion.

4

A.185

**A.     Defendants' Have No Have a Reasonable Excuse**

18.     Defendants contend that their failure to timely respond to Plaintiff's complaint is not willful.

19.     Counsel for Defendants contends that mail service on Defendants' places of residence pursuant to Bankruptcy Rule 7004 was inadequate.  In doing so, he does not assert that service was mailed to the wrong addresses or that Defendants did not receive the summons and complaint. Neither of Defendants have submitted affidavits creating any dispute in this regard.

20.     Instead, counsel complains that this was insufficient service.  He proposes that Plaintiff should have assumed that counsel was going to appear and represent Defendants in this adversary proceeding and undertaken to request that he accept service on behalf of his clients.  No provision of the Bankruptcy Rules imposes such an obligation for purposes of service.  Yet counsel would have the Court excuse Defendants' failure to appear and respond for more than six months because he was not afforded a courtesy that is neither required nor was requested in a timely fashion.

21.     Alternatively, Defendants argue that service was incomplete for failure to comply with the requirements of CPLR 308(4).  Counsel overlooks that Bankruptcy Rule 7004 governs service of process in this adversary proceeding and the CPLR is wholly in applicable.

22.     Accordingly, Defendants have not raised a bona fide challenge as relating to service of process.

23.     The Opposition argues, alternatively, that Defendants' defaults should be excused because their attention was focused on the action pending in State Court in which they were represented by the same counsel.

A.186

24.     On December 9, 2019, within a few days of the service of the summons and Plaintiff's complaint on Defendants, Defendants, by their present counsel, filed a motion seeking to cancel the notice of pendency recorded against the Real Property by the Santana Parties in that action.  A copy of Mr. Davis' affirmation in support is annexed as Exhibit "1".

25.     In his affidavit, Mr. Davis, who previously represented the Debtor, relied upon the existence and appointment of the Plaintiff as the Trustee in the Debtor's case to argue that the Santana Parties' action be enjoined "at least until the U.S. Trustee in Bruce Paswall's recently-filed bankruptcy case an opportunity to determine whether Bruce Paswall's transfer of the deed to his home to his ex-wife (now deceased) and sons (Grant and Reid Paswall) constituted a fraudulent conveyance."  See Exhibit "2", ¶ "3".

26.     In the December 10, 2019 affirmation in opposition and cross-motion filed by the Santana Parties in the State Court, their counsel stated:

> Because as of November 26, 2019 the U.S. Trustee is litigating the fraudulent conveyance issue against Reid and Grant Paswall in federal court under Adversary Proceeding No. 19087-13-rdd (S.D.N.Y.), and because courts have held that a "chapter 7 trustee ha[s] exclusive standing to prosecute those claims during the pendency of the case," *Hanlin v. Frazer (In re Vandevort)*, 2009 Bankr. LEXIS 4535, *21 (Bankr. 9th Cir. 2009) (citing cases), the most sensible approach would be to discontinue this action without prejudice, or, in the alternative, to stay the action pending the outcome of the U.S. Trustee's fraudulent conveyance Adversary Proceeding.

A copy of the affirmation of Scott A. Lucas, Esq., is annexed as Exhibit "2".

27.     Thus, Defendants were not only served with the summons and complaint in early December 2019, but Defendants and their present counsel were also made aware of the pendency of this adversary proceeding on December 10, 2019.  See Exhibit "2".

A.187

28.     Notwithstanding valid service of the summons and complaint on Defendants and their counsel being on notice that this adversary proceeding had recently been commenced, no later than December 10, 2019, Defendants and their counsel did nothing until May 23, 2020.

29.     Counsel did not file a notice of appearance in the adversary proceeding. Counsel did not contact Trustee's counsel seeking an extension of time in which to interpose a responsive pleading until May 23, 2020. Defendants did not appear at the time and time state in the summons to request additional time for any purpose.

30.     In short, Defendants and their counsel sat on their hands and consciously focused their attention on the action pending in State Court to the exclusion of this matter. That strategic choice is willful and should not be excused at this late date, particularly given that the Clerk has already filed the entries of default and Plaintiff filed the Default Motion several months ago.

31.     For these reasons, Defendants have not demonstrated a reasonable excuse for their default and the Opposition should be overruled on this ground alone.

**B.      Plaintiff Has Been Prejudiced**

32.     As a consequence of Defendants' default and the failure to promptly adjudicate this matter, the Debtor and at least one of Defendants have remained in possession and had use and control over the Real Property rightfully belonging to this estate, which property should have been available at all times to satisfy the debts of the Debtor's creditors.

33.     Allowing Defendants to interpose a responsive pleading more than six months after the commencement of this adversary proceeding perpetuates the Debtor's fraud.

34.      Moreover, the estate has incurred significant administrative expenses in seeking the Clerk's entry of default and preparing the Default Motion demonstrating that Plaintiff is entitled to judgment based on the merits of his expansive record, which record includes 18 exhibits.

A.188

35.     Thus, the prejudice to Plaintiff and this estate is not limited to delay alone.

**C.     Defendants Have Not Demonstrated A Meritorious Defense**

36.     The Default Motion goes well beyond what is needed to substantiate entitlement to judgment by default by demonstrated Plaintiff's entitlement to judgment on the merits.

37.     The Opposition attempts to distract the Court from the fundamental facts.  Whether there were defects in the pleadings filed by the Santana Parties in the State Court is irrelevant to this adversary proceeding.  Similarly, whether the Debtor should be denied a discharge based on the complaint filed by the Santana Parties is not material to the instant inquiry.

38.     The fundamental facts are not disputed in the Opposition, namely that by deed dated October 3, **2014** and recorded on January 27, **2017** (the "Deed"), as reflected in the Deed annexed to the Complaint and incorporated by reference, Defendants and their mother – as joint tenants with right of survivorship – received title to the Real Property from the Debtor in exchange for absolutely zero consideration. See Exhibit "A" to the Complaint.

39.     Prior to the recording of that Deed, a jury had already rendered a verdict against the Debtor for more than $3 million. See Exhibit "6" to the Default Motion.

40.     Moreover, at the time of the recording of the Deed, the Debtor and his co-defendant were subject to a restraining order issued by the State Court and a motion to hold them in contempt for failure to comply with their discovery obligations under the So-Ordered Stipulation pending before the State Court. See Exhibit "4" to the Default Motion.

41.     Since Defendants held title with their mother as joint tenants with right of survivorship, whatever ownership interest she held under the Deed passed directly to them equally by operation of law when she passed away.  Thus, no estate representative on behalf of Defendants' deceased mother would be required and no Surrogate's Court has jurisdiction over this matter.

A.189

42.     The intent of the Debtor in conveying title to Defendants and their mother was made clear in his September 29, 2015 e-mail, sent shortly after the adverse jury verdict in favor of the Santana Parties, wherein the Debtor stated his desire to "protect what only asset there is to leave to the children." See Exhibit "16" to the Default Motion.

43.     Defendants are correct that Defendants' mother has been misidentified as "Debra" rather than "Brenda" in the complaint. This was merely a typographical error carried through the complaint. It is not fatal, notwithstanding Defendants' assertions to the contrary.

44.     The Court may take judicial notice of the duly recorded Deed annexed to, and included by reference in, the complaint and conform the pleading thereto. There is no need to amend on this ground alone and it is not an obstacle to the Court granting Plaintiff the relief sought in the Default Motion.

45.     Defendants' mother's rights with respect to the Real Property and as against the Debtor were fixed in the Matrimonial Stipulation (as defined in the complaint). The transfer of title to the Real Property to Defendants and their mother with the Debtor retaining a life estate was neither provided for nor contemplated by that agreement.

46.     To the extent Defendants' mother was owed any money under that agreement by the Debtor as of the date on which he filed for bankruptcy, her probate estate (if one exists) would merely be a creditor of this estate for any amount that was then due her. It would not entitle Defendants to retain title to the Real Property.

A.190

## **CONCLUSION**

47.     For the foregoing reasons, the Opposition should be overruled, the Court should

decline to *sua sponte* dismiss the complaint, and the relief sought in the Default Motion should be

granted in all respects.

Dated: June 16, 2020
        Wantagh, New York


                                        **LAMONICA HERBST & MANISCALCO, LLP**
                                        Counsel to Plaintiff Mark S. Tulis,
                                        solely as Chapter 7 Trustee

                        By:     ***s/ David A. Blansky***
                                        David A. Blansky, Esq.
                                        3305 Jerusalem Avenue
                                        Wantagh, New York 11793
                                        Telephone: (516) 826-6500

A.191

**DE12-1, Affirmation in Support of Motion to Cancel Lis Pendens, Westchester Action, Lowell B. Davis, Esq. (Dec. 9, 2019) [A.192-194]**

COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

------------------------------------------------------------------X

MARLENA SANTANA, AND YASMINDA DAVIS
and MELISSA RODRIGUEZ,

                          Plaintiffs

        -against-

BRUCE PASWALL  REID PASWALL and
GRANT PASWALL.,

                      Defendants

------------------------------------------------------------------

Index #64395/2019
AFFIRMATION IN
SUPPORT OF MOTION
CANCEL LIS PENDENS
PURSUANT TO CPLR §6512

LOWELL B. DAVIS, an attorney duly admitted to practice law before the Courts of the State of New York, affirms under the penalties of perjury of follows.

1. This affirmation is respectfully submitted in support of defendants' motion to strike a certain Lis Pendens wrongfully filed against the real property owned by Grant Paswall and Reid Paswall.. Plaintiff alleges that Bruce Paswall is only named in the caption because service was made on the defendants by delivery to him pursuant to CPLR 308( ). Plaintiff further alleges that Bruce Paswall is the Debtor in a Bankruptcy pending in the United States Bankruptcy Court for the Southern District of New York.

2. It is respectfully submitted that the relief herein sought, striking plaintiffs' lis pendens, ought to be granted for the reasons hereinafter set forth in greater detail. Briefly stated the filing of the lis pendens is frivolous as plaintiffs do not seek to actually litigate the underlying action in this court, but merely intends to reserve a spot should Paswall be able to discharge a debt owed to plaintiffs.

3. Should this honorable Court not strike Plaintiffs Lis Pendens Plaintiffs' time to serve the Complaint in this action will be enjoined indefinitely, or at least until  the U.S. Trustee in

Bruce Paswall's recently-filed bankruptcy case an opportunity to determine whether Bruce Paswall's transfer of the deed to his home to his ex-wife (now deceased) and sons (Grant and Reid Paswall) constituted a fraudulent conveyance.

4. It is respectfully submitted that this honorable Court should not allow the plaintiffs to make a reservation for possible future litigation and to hold that reservation by filling a ;lis pendens against property that neither party claims an ownership interest in. See paragraph 2 of Paswall's November 5, 209 affirmation (DKT13). Nor does CPLR §6201 allow a prejudgment attachment of property under the circumstances at bar.

5. The statute relevant to the issue at bar is CPLR §6201, CPLR §6501, et. seq., and CPLR §6514.

6. In support of its motion plaintiff relies exclusively upon the affirmation of counsel of Scott Lucas Esq., the actual Notice of Pendency and exhibits captioned " IMPORTANT NOTICE".[1] Plaintiff also relies upon the "Notice", provision of the "Summons" which is neither sworn to nor verified. The relevant case law relied upon by plaintiffs', is *FPSDA II v LARIN* (*In re FPSDA I, LLC. ),* **Nos.10-75439, 12-08032, 2012 Bankr. LEXIS 5906 AT \*25-28 (Bankr, E.D.N.Y. Dec. 21, 2012).**

7. The legal definition of Lis Pendens:

In United States law, a lis pendens is a written notice that a lawsuit has been filed concerning real estate, involving either the title to the property or a claimed ownership interest in it. The notice is usually filed in the county land records office. Recording a lis pendens against a piece of property alerts a potential purchaser or lender that the property's title is in question, which makes the property less attractive to a buyer or lender

7. Plaintiffs commenced this action so as to file, rather improperly, a lis pendens and

---

[1] It is important to note that notwithstanding Bruce Paswall's appearance in the caption, counsel asserts that he is not a party.

19-08313-rdd    Doc 12-1    Filed 06/16/20    Entered 06/16/20 16:42:37    Exhibit 1 -
                              Affirmation    Pg 3 of 3

nothing more. We make this argument because neither plaintiff asserts a claim of ownership over the property against which the lis pendens was filed. The foregoing is an essential element supporting the filing of a Notice of Pendency, against real estate. See CPLR §6501. Neither the Summons or the "Important Notice" identified either plaintiff as having a superior right to title to the property than do defendants, Grant Paswall and Reid Paswall. As such this honorable Court has no jurisdiction to maintain a lis pendens on the subject property and same should be canceled pursuant to either CPLR §6214(a) or (b). It is noteworthy to mention that it is within the discretion of the court to award costs to the successfully party pursuant to CPLR6514©)

8.    An examination of the "Important Notice", annexed to the pleadings delivered to Grant & Reid Paswall, did not support the filing of a Lis Pendens. This is so because there is no claim that title to the property at issue rightfully rests in the names of the plaintiffs.

WHEREFORE, it is respectfully requested that the relief here in sought by the defendants and Bruce Paswall be granted in its entirety and that the court issue a separate order directing the County Clerk of Westchester to forthwith cancel the Plaintiff's Notice of Pendency, together with such other and further relief as to this Court it deems just and proper.

Dated: December 9, 2019
Carle Place. N.Y. 11514

LOWELL B. DAVIS Esq.

**DE12-2, Affirmation in Partial Opposition, Westchester Action, Scott A. Lucas, Esq. (Dec. 10, 2019) [A.195-199]**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
-----------------------------------------------------------------X
MARLENA SANTANA, YASMINDA DAVIS and
MELISSA RODRIGUEZ,

                Index No. 64395/19

       *Plaintiffs*,

    -against-

BRUCE PASWALL, REID PASWALL,
GRANT PASWALL, and "Doe" Defendants one
through ten, fictitious names used to designate
additional persons whose identities are not
known to Plaintiffs,

       *Defendants,*
-----------------------------------------------------------------X

**Affirmation in Partial Opposition to Defendants' Motion
and in Support of Plaintiffs' Cross-Motion to Discontinue Action *Without* Prejudice**

   Scott A. Lucas, an attorney duly licensed to practice law in the State of New York,

hereby affirms the following under penalty of perjury:

   1.  As Plaintiffs' counsel I am fully familiar with this case.  I make this Affirmation

in partial opposition to Defendants' motion and in support of Plaintiffs' cross-motion to

discontinue this action *without* prejudice.

**Background**

   2.  Plaintiffs were three pregnant employees of Defendant Bruce Paswall.  They were

each harassed, discriminated against and fired after Paswall learned or suspected they were

pregnant. Plaintiffs sued Paswall, the Company he owned (G.E.B. Medical Management, Inc. or

"G.E.B.") and G.E.B.'s office manager (Peter Ayende) in Bronx Supreme Court in a pregnancy

discrimination action entitled *Marlena Santana, Yasminda Davis and Melissa Rodriguez v.*

*G.E.B. Medical Management, Inc., Bruce Paswall and Peter Ayende*, Index Number 305261-08 (the "Pregnancy Discrimination Action").

     3.     On September 15, 2015—after seven (7) years of litigation—Plaintiffs were awarded a jury verdict of $6.181 million in compensatory and punitive damages.

     4.     On the day the verdict was rendered Justice Tuitt issued a Restraining Order prohibiting Bruce Paswall from transferring assets.

     5.     On October 20, 2017 the State Court denied Paswall's motion for vacatur, granted his motion to reduce the verdict, and ordered that he pay Plaintiffs' attorney's fees. *Santana v. G.E.B. Med. Mgt., Inc.*, 2017 N.Y. Misc. LEXIS 4186, *2-4 (Bronx Sup. Ct. October 20, 2017) (Tuitt, J.)).  Ex. "A" hereto.

     6.     By order dated October 18, 2017 Justice Tuitt held Bruce Paswall in civil contempt for refusing to disclose information about his finances and financial transactions.

     7.     Paswall failed to purge his contempt, and Plaintiffs moved to have him incarcerated for criminal contempt.

     8.     On September 11, 2019, with the criminal contempt motion pending, Paswall filed a chapter 7 bankruptcy petition (*In re Bruce J. Paswall*, 19-23623-rdd [S.D.N.Y.]).

     9.     Unaware that a bankruptcy petition was filed five days earlier, Plaintiffs commenced this action by filing a Summons with Notice on September 16, 2019 seeking to set aside Bruce Paswall's fraudulent transfer of real property (13 Logging Road in Katonah, New York) to his children (Reid and Grant Paswall) shortly after jury verdict for substantial compensatory and punitive damages was rendered against Bruce Paswall in the Pregnancy Discrimination Action.

10.    Plaintiffs also filed a *lis pendens* at or about the time this action was commenced, as is proper where, as here, the plaintiffs seek to set aside the fraudulent conveyance. *Bennett v. Bennett*, 62 A.D.2d 1154, 1155, 404 N.Y.S.2d 171, 173 (App. Div. 1978) ("Her [fraudulent conveyance] action is one in which a *lis pendens* may properly be filed since the judgment demanded will 'affect the title to, or the possession, use of enjoyment of, real property'"); *N.Y.C. Energy Efficiency Corp. v. Suria*, 2019 NY Slip Op 30331(U) (N.Y. Sup. 2019) (same).

11.    In light of the Bankruptcy Code's automatic stay provision it appears that this action was not effectively commenced against Bruce Paswall; but it was effectively commenced against co-defendants Reid and Grant Paswall. See *FPSDA II, LLC v. Larin (In re FPSDA I, LLC)*, Nos. 10-75439, 12-08032, 2012 Bankr. LEXIS 5906, at *25-28 (Bankr. E.D.N.Y. Dec. 21, 2012).

12.    On November 5, 2019 Plaintiffs filed a motion seeking to extend their time to serve a Complaint "to enable the U.S. Trustee in Bruce Paswall's recently-filed bankruptcy case an opportunity to determine whether Bruce Paswall's transfer of the deed to his home to his ex-wife (now deceased) and sons (Grant and Reid Paswall) constituted a fraudulent conveyance, and, if so, whether the U.S. Trustee will succeed to this action."

13.    On November 26, 2019 the U.S. Trustee commenced an adversary proceeding against Reid and Grant Paswall in the Bankruptcy Court to seek aside Bruce Paswall's fraudulent conveyance of real property to them after the verdict was rendered. Adv. Proc. No. 19087-13-rdd (S.D.N.Y.).

14.    On December 2, 2019 this Court granted Plaintiffs' motion to extend Plaintiffs' time to serve the Complaint.

15. On December 9, 2019 Defendants filed a largely incoherent motion to cancel the *lis pendens*.

16. Because as of November 26, 2019 the U.S. Trustee is litigating the fraudulent conveyance issue against Reid and Grant Paswall in federal court under Adversary Proceeding No. 19087-13-rdd (S.D.N.Y.), and because courts have held that a "chapter 7 trustee ha[s] exclusive standing to prosecute those claims during the pendency of the case," *Hanlin v. Frazer (In re Vandevort)*, 2009 Bankr. LEXIS 4535, *21 (Bankr. 9th Cir. 2009) (citing cases), the most sensible approach would be to discontinue this action without prejudice, or, in the alternative, to stay the action pending the outcome of the U.S. Trustee's fraudulent conveyance Adversary Proceeding.

17. Plaintiffs strenuously oppose any request by Defendants to dismiss this action *with* prejudice.

18. Since the U.S. Trustee *also* filed a *lis pendens* against the property, there does not appear to be any need to maintain the *lis pendens* that was filed in connection with this case.

19. However, Plaintiffs oppose Defendants' motion to cancel that *lis pendens* under CPLR § 6514(b) because this action was commenced and maintained in good faith.

20. But Plaintiffs do not oppose having the *lis pendens* cancelled under CPLR § 6514(a) after the action is discontinued without prejudice *unless such cancellation could be construed as implying that Plaintiffs did something improper to cause Defendants to be "aggrieved"* (in which case Plaintiffs oppose such cancellation).

21. To conserve scarce judicial resources and the parties' resources, I previously offered Defendants' counsel to discontinue the case without prejudice in light of the U.S. Trustee's fraudulent conveyance litigation against his clients, and to stipulate to the cancellation

of the *lis pendens* in connection with such voluntary discontinuance.  But Defendants' counsel

does not appear to be in an especially cooperative frame of mind, and is inexplicably insisting

that this action be dismissed *with* prejudice—a demand that is unwarranted and unacceptable.

22.     In light of the foregoing, and the U.S. Trustee's litigation to set aside Bruce

Paswall's fraudulent conveyance, it is respectfully requested that this Court enter an Order: (A)

discontinuing this action *without* prejudice; and (B) to thereafter cancel the *lis pendens* under

CPLR § 6514(a) *unless such cancellation could be construed as implying that Plaintiffs did*

*something improper to cause Defendants to be "aggrieved"* (in which case Plaintiffs oppose

such cancellation).


Dated: New York, New York
       December 10, 2019


                                                    */S/ Scott A. Lucas*
                                                    Scott A. Lucas

**DE13, Affidavit of Service, Reply (Jun. 16, 2020)**
**[A.200-201]**

**LaMONICA HERBST & MANISCALCO, LLP**
3305 Jerusalem Avenue
Wantagh, New York 11793
Telephone: (516) 826-6500
David A. Blansky, Esq.
Salvatore LaMonica, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

In re:                                                          Chapter 7

BRUCE J. PASWALL,                                               Case No. 19-23623 (RDD)

                    Debtor.
-----------------------------------------------------------x

MARK S. TULIS, as Chapter 7
Trustee of the Estate of Bruce J. Paswall,
                                                                Adv. Pro. No. 19-08713 (RDD)
                    Plaintiff,

        -against-

GRANT PASWALL and REID PASWALL,

                    Defendants.
-----------------------------------------------------------x

### <u>AFFIDAVIT OF SERVICE</u>

STATE OF NEW YORK          )
                           ) ss:
COUNTY OF NASSAU           )

        **CHRISTINE VITIELLO**, being duly sworn, deposes and says:

        Deponent is not a party to the action, is over 18 years of age and resides in Nassau County, New York.

        On June 16, 2020, deponent served the **Plaintiff's Reply to the Defendants' Opposition to Plaintiff's Motion for a Default Motion with Exhibits** by Email and by First Class Mail upon the attorney/party listed below at the address listed, said address designated for that purpose, by depositing a true copy of same enclosed in a postpaid, properly addressed wrapper, in an official depository under the exclusive care and custody of United States Postal Service within the State of New York.

A.200

TO:    Lowell B. Davis, Esq.
One Old Country Road, Suite 385
Carle Place, New York 11514
lbd7479@cs.com

*s/ Christine Vitiello*
Christine Vitiello

Sworn to before me this 16th day of June 2020

*s/ Melanie A. FitzGerald*
Melanie A. FitzGerald
Notary Public, State of New York
No. 02FI4841188
Qualified in Nassau County
Commission Expires December 31, 2021

A.201

**DE14, Counter Judgment Against Debtor's Estate (Jun. 22, 2020)**
**[A.202-203]**

<div align="center">

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

</div>

--------------------------------------------------------------x

In re:  BRUCE J. PASWALL,                                  Chapter 7

             Debtor.                             Case No. 19-23623 (RDD)

--------------------------------------------------------------x

MARK S. TULIS, as Chapter 7   Trustee of the
Estate of Bruce J. Paswall,

                                            Adv. Pro. No. 19-08713-RDD

             Plaintiff,

       -against-

GRANT PASWALL and REID PASWALL,

             Defendants.

--------------------------------------------------------------x

<div align="center">

### COUNTER  JUDGMENT AGAINST DEBTOR'S ESTATE

</div>

Default was granted against defendants Grant Paswall and Reid Paswall on June __ 2020.

Therefore, on motion of plaintiff, Mark S. Tulis, as Chapter Trustee of the Estate of Bruce J.

Paswall ("Plaintiff"), judgment is entered against those defendants in favor of Plaintiff as

follows.

    **IT IS ORDERED THAT:**

Plaintiff have judgment against defendants Grant Paswall and Reid Paswall, having last

known addresses of 3 Logging Road, Katonah, New York 10536, and 9 Summit Drive,

Mahopac, New York 10541, respectively, avoiding and setting aside the deed dated October 3,

2014 and recorded on January 27, 2017, under control no. 563643600, in the land records of the

Office of the Westchester County Clerk by which the Debtor transferred his interest in the real

property known as, and located  at, 13 Logging Road, Katonah, Ne w York 10536, Section 59.5

<div align="center">

A.202

</div>

Block 2 Lot 2 on the Tax Map of the Town of Somers, County of Westchester, to the Brenda Paswall deceased April 20, 2019 and Defendants as joint tenants with right of survivorship (the "Deed") as both constructiv ely and actually fraudulent conveyances; and

The Clerk of the County of Westchester is hereby directed record this judgment and strike the Deed from the public record; and

Plaintiff shall have execution thereon; and

Plaintiff shall have all of their rights and remedies afforded to a judgment creditor by law; and

Plaintiff may enforce this judgment against defendants Grant Paswall and Reid Paswall as allowed by applicable law.

Transferee Brenda Paswall by her estate may enforce whatever claims she had at the time of the conveyance including whatever rights she died possessed of against the debtor's estate.

Transferees Grant Paswall and Reid Paswall may enforce what ever claims they had at the time of the October 3, 2014, conveyance against the debtor's estate.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x

In re:                                                    Chapter 7

BRUCE J. PASWALL,                                         Case No. 19-23623 (RDD)

        Debtor.

---------------------------------------------------------x

MARK S. TULIS, as Chapter 7
Trustee of the Estate of Bruce J. Paswall,
                                    Adv. Pro. No. 19-08713-RDD

        Plaintiff,

     -against-

GRANT PASWALL and REID PASWALL,

        Defendants.

---------------------------------------------------------x

## <u>ORDER GRANTING MOTIOM FOR DEFAULT JUDGMENT</u>

Mark S. Tulis, as Chapter 7 Trustee ("Plaintiff") of the Estate of Bruce J. Paswall (the "Debtor"), having moved this Court pursuant to a Notice of Hearing and Motion dated March 24, 2020 seeking an order for default judgment and default judgment against Defendants Grant Paswall and Reid Paswall ("Defendants"); and upon the Declaration of David A. Blansky, Esq., dated March 24, 2020 and the exhibits attached thereto (collectively, the notice of hearing, declaration and exhibits are referred to as the "Motion") [Dkt No. 9]; and upon the Affidavit of Service of the Motion [Dkt No. 10], which is on file with the Court; and upon consideration of the Declaration in Opposition filed by Defendants on June 12, 2020 and the exhibits thereto, including Defendants' proposed answer (the "Opposition") [Dkt No. 11]; and upon Plaintiff's Reply to the Opposition filed on June 16, 2020 and the exhibits there (the "Reply") [Dkt No. 12]; and upon the Motion having been heard by the Honorable Robert D. Drain, United States Bankruptcy Judge at the United States Bankruptcy Court for the Southern District of New York on June 19, 2020 (the

"Hearing"); and counsel for Plaintiff and Defendants having been heard at the Hearing, the record of which is incorporated by reference; and no further notice or a hearing being required; and, after due deliberation and consideration of all of the facts and circumstances herein, and the Court having determined for the reasons stated in its bench ruling at the Hearing that it has personal jurisdiction over the Defendants and subject matter jurisdiction over this adversary proceeding, that Defendants do not have a reasonable excuse for their failure to appear, timely interpose a responsive pleading or otherwise address this adversary proceeding and that such failure was willful; and Plaintiff having demonstrated his prima facie entitlement to judgment against Defendants; and Defendants having failed to demonstrate in their Opposition, proposed answer or during argument at the Hearing that they have a meritorious defense to the claims for relief asserted in Plaintiff's complaint, it is hereby

**ORDERED**, that the Motion is granted; and it is further

**ORDERED**, that Plaintiff have judgment against Defendants Grant Paswall and Reid Paswall avoiding and setting aside the deed dated October 3, 2014 and recorded on January 27, 2017, under control no. 563643600, in the land records of the Office of the Westchester County Clerk by which the Debtor transferred his interest in the real property known as, and located at, 13 Logging Road, Katonah, New York 10536, Section 59.5 Block 2 Lot 2 on the Tax Map of the Town of Somers, County of Westchester to the Defendants (the "Deed") as both constructive and actual fraudulent conveyances; and, it is further

**ORDERED**, that Plaintiff shall have judgment against Defendants directing the Clerk of the County of Westchester to record this Court's judgment and strike the Deed from the public record; and

A.205

**ORDERED,** that Plaintiff serve a copy of this Order for Default Judgment upon Defendants via their counsel of record, Lowell Davis, Esq., by first class mail and file proof of such service with the Court; and, it is further

**ORDERED,** that the relief granted to Plaintiff herein is without prejudice to his right to make application to the Court for an award of attorneys' fees under Section 276-a of the New York Debtor and Creditor Law against Defendants; and, it is further

**ORDERED,** that Plaintiff is authorized to do such things, expend such funds and execute those documents necessary to implement the terms of this Order.

Dated: June 29, 2020

*/s/Robert D. Drain*

United States Bankruptcy Code

3

A.206

DE16, Judgment by Default (Jun. 29, 2020)
[A.207-208]

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

In re:                                                        Chapter 7

BRUCE J. PASWALL,                                             Case No. 19-23623 (RDD)

          Debtor.

-------------------------------------------------------------x

MARK S. TULIS, as Chapter 7
Trustee of the Estate of Bruce J. Paswall,
                                                              Adv. Pro. No. 19-08713-RDD

          Plaintiff,

    -against-

GRANT PASWALL and REID PASWALL,

          Defendants.

-------------------------------------------------------------x

## JUDGMENT BY DEFAULT

Default was granted against defendants Grant Paswall and Reid Paswall on June 29, 2020.

Therefore, on motion of plaintiff, Mark S. Tulis, as Chapter 7 Trustee of the Estate of Bruce J.

Paswall ("Plaintiff"), judgment is entered against those defendants in favor of Plaintiff as follows.

### IT IS ORDERED, ADJUDGED AND DECREED THAT:

Plaintiff have judgment against defendants Grant Paswall and Reid Paswall, having last

known addresses of 13 Logging Road, Katonah, New York 10536, and 9 Summit Drive, Mahopac,

New York 10541, respectively, avoiding and setting aside the deed dated October 3, 2014 and

recorded on January 27, 2017, under control no. 563643600, in the land records of the Office of

the Westchester County Clerk by which the Debtor transferred his interest in the real property

known as, and located at, 13 Logging Road, Katonah, New York 10536, Section 59.5 Block 2 Lot

1

A.207

2 on the Tax Map of the Town of Somers, County of Westchester, to the Defendants (the "Deed") as both constructively and actually fraudulent conveyances; and

The Clerk of the County of Westchester is hereby directed record this judgment and strike the Deed from the public record; and

Plaintiff shall have execution thereon; and

Plaintiff shall have all of their rights and remedies afforded to a judgment creditor by law; and

Plaintiff may enforce this judgment against defendants Grant Paswall and Reid Paswall as allowed by applicable law.

Dated:  White Plains, New York
     June 29, 2020

               */s/Robert D. Drain*
               United States Bankruptcy Judge

DE17, Transcript of Proceedings, Hon. Robert D. Drain, U.S.B.J. (Jun. 19, 2020)
[A.209-270]

```
 1
 2   UNITED STATES BANKRUPTCY COURT
 3   SOUTHERN DISTRICT OF NEW YORK
 4   - - - - - - - - - - - - - - - - - - - - -x
 5   In the Matter of:
 6   BRUCE J. PASWALL,                    Lead Case No.
 7        Debtor.                         19-23623-rdd
 8   - - - - - - - - - - - - - - - - - - - - -x
 9   MARK S. TULIS, as Chapter 7 Trustee of
10   the Estate of Bruce J. Paswall,
11        Plaintiff,                      Adv. Proc. No.
12   v.                                   19-08713-rdd
13   PASWALL, et al.,
14        Defendants.
15   - - - - - - - - - - - - - - - - - - - - -x
16
17             United States Bankruptcy Court
18             300 Quarropas Street
19             White Plains, New York
20             June 19, 2020
21             11:30 AM
22
23   B E F O R E:
24   HON. ROBERT D. DRAIN
25   U.S. BANKRUPTCY JUDGE
```

1

2  In Adversary Proceeding 19-08713-rdd

3

4  Motion for Default Judgment (related documents 6, 5)

5

6  Motion to Dismiss Adversary Proceeding (related document 9)

7

8

9

10

11

12

13

14

15

16

17

18

19

20  Transcribed by:  Hana Copperman

21  eScribers, LLC

22  352 Seventh Avenue, Suite #604

23  New York, NY 10001

24  (973)406-2250

25  operations@escribers.net

A.210

3

```
 1
 2   A P P E A R A N C E S (ALL TELEPHONIC):
 3   LAMONICA HERBST & MANISCALCO, LLP
 4         Attorneys for Mark S. Tulis, Chapter 7 Trustee
 5         3305 Jerusalem Avenue
 6         Wantagh, NY 11793
 7
 8   BY:   DAVID A. BLANSKY, ESQ.
 9
10
11   LOWELL B. DAVIS, ESQ.
12         Attorney for Grant Paswall and Reid Paswall
13         1 Old Country Road
14         Carle Place, NY 11514
15
16   BY:   LOWELL B. DAVIS, ESQ.
17
18
19
20
21
22
23
24
25
```

A.211

BRUCE J. PASWALL; TULIS V. PASWALL, ET AL.                    4

1                    P R O C E E D I N G S
2              THE COURT:  In re Paswall and Tulis v. Grant Paswall
3    and Reid Paswall.
4              MR. DAVIS:  Good morning, Your Honor.  For the
5    defendant, I don't know if you can hear me.
6              THE COURT:  Yes.  I can hear you fine.
7              MR. DAVIS:  Okay.  Because I guess I went from my cell
8    phone to a landline.  My name is Lowell Davis, and I'm
9    appearing for Grant Paswall and Reid Paswall in opposition to
10   the trustee's motion for the entry of a default judgment.
11   Thank you for allowing me to appear today and argue in
12   opposition to the motion.
13             THE COURT:  Okay.
14             MR. BLANSKY:  Good morning, Your Honor.  David
15   Blansky, Lamonica Herbst & Maniscalco, counselor to the Chapter
16   7 trustee and plaintiff, Mark Tulis.
17             THE COURT:  Okay.  Good morning.  I've read the
18   parties' pleadings on this.  I guess I have a couple of
19   questions, and then I'm happy to hear brief oral argument,
20   although, again, I have read the parties' pleadings.
21             One of the contentions with respect to the opposition
22   is that the Court lacks subject matter jurisdiction over the
23   adversary proceeding.  I gather that is because the complaint
24   has not named the estate of the defendants' mother and the
25   former spouse of the debtor, Brenda Paswall, who passed away in

A.212

BRUCE J. PASWALL; TULIS V. PASWALL, ET AL.                    5

1   2019, as a defendant.

2           I guess my first question is, and I'm going to ask the

3   questions first and then you can respond to them, as far as the

4   estate being named or not, what basis, what jurisdictional

5   basis are you relying on?

6           MR. DAVIS:  This is Lowell Davis.  First of all,

7   Brenda Paswall is the deceased spouse of the debtor.  Debra

8   Paswall, I have no idea who that person is.

9           THE COURT:  Right.  So all right.  So I got the names

10  mixed up.  So Brenda passed away.

11          MR. DAVIS:  That's correct.

12          THE COURT:  What is the basis for the assertion of

13  lack of -- is it subject matter jurisdiction?

14          MR. DAVIS:  It would be subject and personal, because

15  no estate representative has been appointed.  And I would refer

16  the Court to Commodity Futures Trading Commission v. --

17          THE COURT:  Well, is there -- what is the status of

18  her estate?

19          MR. DAVIS:  Well, up until -- there has been no

20  fiduciary appointed.  There hasn't been the necessity of a

21  fiduciary.  She is a transferee of what they're calling the

22  asset.  And recently the Second Circuit Court of Appeals, in a

23  similar action on a certified question, ruled that marital

24  property was in the meaning of the Domestic Relations Law, of

25  which this residence is -- whether or not it can include the

1   proceeds of a fraud -- and do they have a claim?  And so long

2   as the spouse paid consideration, according to the terms of New

3   York Debtor and Creditor Law, when she relinquishes, in good

4   faith, the claims of the proceeds of the fraud.  So not only do

5   they not state a cause of action, but in the absence -- and

6   this Court does not have the authority --

7            THE COURT:  All right.  I'm going to interrupt you,

8   sir.  I'm going to interrupt you.  You're really not -- and

9   maybe it's because we're on the telephone.

10           I want to go back to a basic point, okay?  So your

11  contention is that the estate is a proper and necessary

12  defendant, right?

13           MR. DAVIS:  Yes.

14           THE COURT:  Okay.  And you're saying that there is no

15  estate proceeding.  There's no probate.  What happened with her

16  property when she passed away?

17           MR. DAVIS:  Truthfully, I don't know.  With regard to

18  this property, because of the deed, it passed to her children,

19  who would also be --

20           THE COURT:  But there's no -- this was not -- none of

21  her assets was in probate.  There's no administrator.  There's

22  no executor.  This just passed.  Her assets, whatever they

23  were, passed by operation of law?

24           MR. DAVIS:  Yes.  This asset passed by operation of

25  law.

1          THE COURT:  No, I'm not talking about this asset.  I'm

2     saying is there an estate?

3          MR. DAVIS:  There is no -- well, I have to apologize.

4     When you say, "an estate", has there -- an estate been formed?

5     Has a fiduciary been appointed?  No.

6          THE COURT:  Yes.  Okay.  And as I understand it, and

7     this is really a question for the trustee's counsel, the deed

8     that the complaint looks to avoid is the transfer in 2017 to

9     Brenda and the defendant, correct?  Or to Brenda --

10          MR. BLANSKY:  That's correct, Your Honor.

11          THE COURT:  It's really to Brenda, and then the

12     defendants take through her under the deed.

13          MR. BLANSKY:  No, Your Honor.  Let me clarify.  The

14     recorded deed provides for a transfer by the debtor to the

15     debtor as a life tenant to Brenda and to her sons, with the

16     three of them with joint right of survivorship.

17          THE COURT:  Okay.  All right.

18          MR. DAVIS:  I would object, Your Honor, because the

19     only one who has the right of survivorship is the children, and

20     they would also be the sold distributees, because she was

21     divorced from the debtor, so it's like he predeceased her.  So

22     as far as I know, the only distributees would be the named

23     defendants in this action, and the only heirs would be the

24     named defendants in this action.

25          THE COURT:  But let me just finish.  We're talking

1    about a deed of 2017 to Brenda and the defendants.

2              MR. DAVIS:  Yes.

3              THE COURT:  All right.  And I don't think the

4    trustee's counsel was suggesting that the debtor retained any

5    interests thereafter.

6              MR. DAVIS:  I agree with the Court.

7              THE COURT:  Okay.  So Brenda having died, under the

8    deed, title is in the defendants, right?

9              MR. DAVIS:  Yes.

10             THE COURT:  So by avoiding the transfer, there's

11   nothing, as far as I can see, of an interest that Brenda would

12   have under the deed, since she has died.

13             MR. DAVIS:  I would --

14             THE COURT:  Her estate -- to the extent there is an

15   estate, there's nothing, as far as this deed, to administer.

16             MR. DAVIS:  I would respectfully disagree for the

17   following reason.  The allegation is that the transfer was a

18   fraudulent conveyance because it lacked consideration.  The

19   parties, meaning the debtor and his deceased spouse, were

20   subject to provisions of an equitable distribution agreement

21   that preceded the divorce.  It was dated 2011.  And to the

22   extent that they're alleging that the transfer was made for a

23   lack of consideration, that would be disputed.

24             And given the fact that if they take the deed out of

25   her estate, which there was no reason.  Apparently, the

BRUCE J. PASWALL; TULIS V. PASWALL, ET AL.                    9

1    children and any other interested party did not believe there

2    was not a need for an administration proceeding or a probate

3    proceeding, because there were no other assets that remained in

4    Brenda Paswall's -- during her lifetime, that she owned no

5    other property.

6              THE COURT:  But --

7              MR. DAVIS:  So if the deed --

8              THE COURT:  But they're --

9              MR. DAVIS:  -- expert --

10             THE COURT:  But what about the stipulation of

11   settlement from October of 2014?

12             MR. DAVIS:  Well, she got the debtor's interest in the

13   house.

14             THE COURT:  Well, let's --

15             MR. DAVIS:  The house was marital property.

16             THE COURT:  Have you read it?

17             MR. DAVIS:  Yes.  It was --

18             THE COURT:  All right.  So she did not --

19             MR. DAVIS:  It was marital property.

20             THE COURT:  So she did not get the debtor's interest

21   in the house under that stipulation, right?  Or are we going to

22   have to read it over the phone together to confirm that?

23             MR. DAVIS:  Well, Your Honor, in all fairness, I

24   understand what the Court is saying.

25             THE COURT:  Good.

A.217

| | |
|---|---|
| 1 | MR. DAVIS:  That's the -- |
| 2 | THE COURT:  Then why did you tell me the opposite? |
| 3 | MR. DAVIS:  The stipulation -- |
| 4 | THE COURT:  So let's read it together.  Let's read it |
| 5 | together, sir. |
| 6 | MR. DAVIS:  Your Honor, the stipulation -- |
| 7 | THE COURT:  All right? |
| 8 | MR. DAVIS:  The stipulation is not part of the |
| 9 | complaint. |
| 10 | THE COURT:  It -- it -- |
| 11 | MR. DAVIS:  It's part of their motion. |
| 12 | THE COURT:  I'm looking at the complaint. |
| 13 | MR. DAVIS:  My recollection is the only exhibit to the |
| 14 | complaint is the deed. |
| 15 | THE COURT:  And the motion refers to the matrimonial |
| 16 | stipulation in multiple paragraphs, including paragraph 26 and |
| 17 | thereafter. |
| 18 | MR. BLANSKY:  Your Honor, the stipulation is also |
| 19 | annexed to the motion as Exhibit 9. |
| 20 | THE COURT:  No, I -- |
| 21 | MR. BLANSKY:  That would be at docket 9 -- |
| 22 | THE COURT:  Counsel was just telling me that it |
| 23 | wasn't -- he acknowledged it was part of the motion, but it's |
| 24 | incorporated into and described in the complaint, and that's |
| 25 | the basis for the relief that's being sought. |

A.218

```
 1          MR. BLANSKY:  Date of last counter (sic).  That's
 2   correct.
 3          THE COURT:  Including paragraph 46.
 4          MR. DAVIS:  I don't have it in front of me, Your
 5   Honor.
 6          THE COURT:  Well, then, yes.  You're really losing
 7   your credibility very fast, sir.  You've now made two
 8   allegations to me that are completely false.  So going back to
 9   my point, the stipulation, which the parties agreed after the
10   equitable distribution, provides for the house to be conveyed
11   as security to Brenda in return for the debtor, Bruce's,
12   obligation to make two payments, aggregating 300,000 dollars.
13   And it provides that --
14          MR. DAVIS:  Correct.
15          THE COURT:  And it provides that if he defaults, the
16   property shall be placed on the market for sale, with the net
17   sale proceeds to be paid to Brenda in the amount of the unpaid
18   debt.  And that's her interest, that monetary interest.
19          MR. DAVIS:  Which relates to the marital agreement.
20          THE COURT:  No, it doesn't.  There's nothing to be
21   administered here other than if the house ultimately is sold
22   her estate would get the money that she has not yet been paid.
23          MR. DAVIS:  But the house was not sold, so her and --
24          THE COURT:  Well, I know.  But her only entitlement is
25   to have it sold.  The reason it wasn't sold is because it was
```

A.219

BRUCE J. PASWALL; TULIS V. PASWALL, ET AL.                    12

1   fraudulently transferred.

2           MR. DAVIS:  Well, if the Court is suggesting that she

3   waived her marital interest in the house and/or substituted

4   it --

5           THE COURT:  I'm doing more than suggesting that.  I'm

6   saying it's clear she did.

7           MR. DAVIS:  They're arguing -- I understand what the

8   Court is saying, but their argument is that the transfer was

9   fraudulent because the value of the asset exceeded the debt.

10  Now, I certainly understand what the Court is saying, but I'm

11  looking at their complaint, which has no reference to these

12  defendants, so the arguments are outside what they're

13  accusing -- because they're accusing the defendants of being

14  active participants.

15          THE COURT:  Well, this -- the --

16          MR. DAVIS:  -- is their answer.

17          THE COURT:  One of the causes of action in the

18  complaint is for actual fraud.  But when you look at actual

19  fraud, you look at the fraud made by the debtor, not the

20  defendant, as far as fraudulent transfer is concerned.

21          They may have some sort of defense, based on good

22  faith, but given all the other causes of action in the

23  complaint, including transfer while there were pending claims,

24  273-A, it really doesn't matter.  And their defense is only to

25  the extent they provided value in good faith.  So that doesn't

A.220

1  make any sense either, sir.

2          So it appears to me, on the jurisdictional point,

3  there is no property that this complaint seeks to wrest from

4  the possession or custody of any state or probate court.

5  Rather, the only interest that Brenda's estate would have,

6  based on the averments in the complaint and the documents

7  incorporated in it, which I can take judicial notice of,

8  including the October 2014 settlement agreement, is a right to

9  money from the proceeds of the property.

10          And given that, the so-called probate exception to the

11  federal courts jurisdiction would not apply.  Marshall v.

12  Marshall, 547 U.S. 293, 311-312 (2006), nor would her estate

13  need to be named as an indispensable party, given that her only

14  interest is the payment of money out of the proceeds of the

15  property.

16          So having dealt with the jurisdictional issue, I'm

17  happy to hear the rest of your argument on why the entry of a

18  default judgment shouldn't happen and why the defendants should

19  be relieved of the default that had previously been entered on

20  February 13th.

21          MR. DAVIS:  Well, Your Honor, first, I would take an

22  exception.  I would state that the allegations before the Court

23  are contained in the four corners of the complaint and that

24  notwithstanding whatever claims the Court has said that

25  Brenda's estate would have, I would argue that she would

1   nevertheless need representation.  It's not my place to argue

2   on behalf of an entity that doesn't exist.

3          That being said, I would believe that the estate is

4   essential to any adjudication, so as to reduce whatever her

5   claim would be -- from the proceeds would be -- and then

6   there's also the issue of the children's interest.  They're

7   saying they were participants in the fraud, and under,

8   actually, Second Circuit, if they're transferees, they were not

9   a party.  The deed was signed by Bruce Paswall, and Brenda is

10  the first named, and they name, or they intended to name Brenda

11  Paswall repeatedly, but they substituted the name Debra, which

12  we have no idea who that is.

13         Notwithstanding, this is the third proceeding with

14  regard to this house.  The first proceeding, in time, was

15  commenced in the Westchester Supreme Court.  The same

16  allegations as in this adversary proceeding were made there.

17  They filed a lis pendens.

18         We made a motion to dismiss, and they opposed it, and

19  the court rendered a decision allowing them to withdraw the

20  claim without prejudice.  So the court still has, arguably,

21  potential jurisdiction over this matter.

22         THE COURT:  Let's stop there.  What was the basis for

23  the court's decision?

24         MR. DAVIS:  They made an -- I believe it's unclear.

25  They were arguing --

BRUCE J. PASWALL; TULIS V. PASWALL, ET AL.                    15

```
 1          THE COURT:  All right.  Let's read it together, all
 2   right?  Let's read it together.
 3          MR. DAVIS:  Your Honor, the court ruled that they
 4   believe that the trustee had exclusive jurisdiction.
 5          THE COURT:  Right.  Which the trustee does.  The
 6   trustee does have exclusive jurisdiction.  Their proceeding
 7   with the fraudulent transfer action would have violated the
 8   automatic stay.  The law is crystal clear on that.
 9          MR. DAVIS:  Your Honor, true.
10          THE COURT:  True.  Yes.  So why even make the
11   argument?  Let's move on from that.
12          MR. DAVIS:  Because the court did not relinquish
13   jurisdiction, because --
14          THE COURT:  The court doesn't have jurisdiction.  The
15   stay precludes it.  Jurisdiction --
16          MR. DAVIS:  The decision --
17          THE COURT:  -- is here, brought by the trustee.
18          MR. DAVIS:  The decision was without prejudice.
19          THE COURT:  It doesn't matter, sir.  Move on.
20          So are you going to say this about the second state
21   court action too, or can we just cut through that and say it
22   was dismissed for the same reason again --
23          MR. DAVIS:  There was only --
24          THE COURT:  -- so that the automatic stay --
25          MR. DAVIS:  There was only one state court action.
```

A.223

1    The next action was when the debtor filed bankruptcy, and the

2    trustee --

3              THE COURT:  Oh, that's right.  So you think a 523

4    nondischargeability action is where fraudulent transfer actions

5    should be determined?

6              MR. DAVIS:  Well, arguably, yes, because --

7              THE COURT:  Well, arguably not.  Not arguably.  Simply

8    not.  They're two completely different causes of action.  So

9    that leaves them --

10             MR. DAVIS:  But if they lose that action --

11             THE COURT:  Frankly.  It's frankly risible.  So let's

12   move on from that.  Completely different.  One is to deny the

13   discharge of a debt that the debtor owes.  The other is to

14   avoid a fraudulent transfer.  They're completely different

15   causes of action.

16             MR. DAVIS:  But they're saying that this transfer was

17   fraudulent, and they want to return it to the debtor.

18             THE COURT:  Sir, either you're just wasting my time,

19   or you really don't know, and I don't care.  The fraudulent, as

20   far as 523 is concerned, is not with respect to a fraudulent

21   transfer to a third party to avoid the transfer.  It's to

22   declare the debt not subject to discharge.  Two separate causes

23   of action.

24             MR. DAVIS:  Understood, Your Honor.

25             THE COURT:  All right.

BRUCE J. PASWALL; TULIS V. PASWALL, ET AL.          17

1     MR. DAVIS:  The delivery of the summons is proper

2 under the Rule.  However, if the Court will take judicial

3 notice that the complaint, initial complaint, did not have the

4 adversary number.  It was omitted.  And that made it -- and

5 neither was the action linked to the debtor's action.

6          The action in state court was not terminated until

7 April 28th, and you would add thirty days for the right to

8 appeal, so we undertook to continue to defend that action

9 before we proceeded to defend the adversary proceeding.  The

10 debtor --

11          THE COURT:  How did you undertake to defend the action

12 in the state court?

13          MR. DAVIS:  We opposed there.  We made a cross-motion

14 to release the lis pendens.  They started it with a summons

15 with notice.  They named the debtor as a party, although

16 there's -- we've annexed it as an exhibit.  There was a notice

17 attached to the summons with notice, indicating that Bruce

18 Paswall, even though he was named in the proceeding, in that

19 state court proceeding, it was not going to be served other

20 than as substituted service or person of suitable age and

21 discretion.

22          But the allegations in the notice provision were

23 identical to those in the adversarial complaint, where the

24 debtor is a defendant, as well as the adversarial complaint

25 where Grant and Reid Paswall are defendants.  It's just a

A.225

1    redundant -- all three proceedings are redundant of one another

2    in terms of the material allegations, with the exception that

3    the one against the debtor argues that the nature of the state

4    court judgment is nondischargeable, but it also goes into the

5    subsequent transfer of the property.

6          That impeded our ability to interpose an answer, and

7    in fact, under CPLR 305 the omission of the court number will

8    result in dismissal.

9          THE COURT:  I'm sorry.  The omission of the court

10   number?

11         MR. DAVIS:  Well, in state court it would be the index

12   number.  Here it would be the adversary number, because --

13         THE COURT:  But --

14         MR. DAVIS:  -- under 305 of the CPLR, and I would

15   believe the state court would take precedent.  The federal

16   rules deal with delivery of the summons can be by mail,

17   although I also argue that the mail did not comply, that when

18   you're serving someone in federal court, yes, the delivery can

19   be made by first class mail, but if there are other attendant

20   mailing requirements such as the pleadings should not be in an

21   envelope indicating that it's from an attorney, would still

22   follow.  I believe that would be under 704 (sic), either (h) or

23   (7).

24         The state court rule is CPLR 305, and to that I would

25   cite the Court to Clinton Capital Corp. v. 365 Realty (sic).

A.226

19-08713-rdd Doc 20-1 Filed 06/29/20 Entered 06/30/20 09:40:13 Main Document
Case 7:20-cv-05724-VB Document 6-2 Filed 08/20/20 Page 72 of 165
Pg 19 of 62

1    It is a miscellaneous decision, but nevertheless, the
2    adversarial proceeding here did not include the number.  It did
3    impede my ability to obtain a copy of the complaint, because it
4    didn't have the number, and although I had the underlying
5    bankruptcy, the debtor -- the number assigned to the Chapter
6    7 -- the cases were not linked, and I didn't realize or didn't
7    discover that until I spoke to the court clerk.  And so I was
8    having trouble accessing the adversary complaint in this
9    proceeding, and he advised me that it was not linked and that I
10   would need the number.  We looked up the number, and we
11   accessed it directly.

12           The affidavit of service of the adversary proceeding,
13   a courtesy was made to the debtor's attorney, and no such
14   courtesy was extended to me.  I rely also --

15           THE COURT:  But have you -- can I interrupt you?  Have
16   you made a notice of -- have you made a notice of appearance in
17   this case?

18           MR. DAVIS:  Yes.  I served a notice of appearance on
19   the trustee.  I was unable to file it at that time, but I
20   ultimately --

21           THE COURT:  No, but when did you do that?

22           MR. DAVIS:  If I sent the letter, which is an exhibit,
23   on a Saturday, I did it on a Monday, the succeeding Monday or
24   Tuesday.  The first day that the court was open.

25           THE COURT:  No, but what month?

```
 1          MR. DAVIS:  This month, Your Honor.
 2          THE COURT:  All right.
 3          MR. BLANSKY:  That would have been at the end of May,
 4   Your Honor, approximately.
 5          THE COURT:  All right.  So you had not appeared in
 6   this case when the complaint and summons were served on
 7   December 5, 2019.
 8          MR. DAVIS:  Correct.  But everybody, including Mr.
 9   Lucas, who also filed an adversary proceeding, everybody knew
10   the action in the state court was being litigated and that I
11   was the attorney for Grant and Reid Paswall.  They extended a
12   courtesy to the debtor's attorney, and I expected -- I would
13   expect, under normal protocols, that they would contact me.  I
14   couldn't contact them.
15          I did ask the defendants in this action to send me
16   whatever pleadings they had, and I received a copy of the
17   debtor's adversary proceeding.
18          The case law that I cite --
19          THE COURT:  But when did you -- when did they send
20   that to you?
21          MR. DAVIS:  When did they send me the debtor's -- the
22   adversary proceeding against the debtor?
23          THE COURT:  The adversary proceeding against them.
24          MR. DAVIS:  Not until I sent the -- around a day or
25   two before I sent the letter to counsel.  Originally they sent
```

A.228

1    me the adversary proceeding against the debtor, and I actually

2    prepared an answer, and then before I filed it I made further

3    inquiry, and that's when I realized that I was going to prepare

4    an answer in the wrong action, and that is when I wrote the

5    letter in May to the attorneys advising them that I have been

6    representing Grant and Reid in the state court proceeding for

7    quite a while, because that action was started in the preceding

8    September.

9           That action was started at or about the time the

10   debtor filed bankruptcy, and then when Mr. Lucas was notified

11   of the bankruptcy -- actually, he had to be notified of the

12   bankruptcy close in time, because in his notice and in his

13   letter to the court -- the state court -- he advised that he

14   wasn't aware of the bankruptcy when he started the action.  The

15   dates are September 19th, and like, September 11th, so it was

16   almost simultaneously.

17          The Westchester action was started at 9/16, and the

18   first adversary proceeding -- of '19 -- and the first adversary

19   proceeding was 12/18.

20          The case law that I'm relying upon for -- to submit or

21   have the Court direct the acceptance of the answer, which is

22   annexed to my opposition, also cites that in the terms of the

23   excusable default, even though the plaintiff in that action had

24   sent two letters to the defendant, notwithstanding the default

25   was excused and the answer was directed to be accepted, I still

```
 1   believe, notwithstanding what we have gone over, that these
 2   defendants, who have title by operation of law, should be
 3   allowed to litigate it and the issue of their innocence,
 4   because the allegations of the complaint say that their conduct
 5   was willful.
 6           The deed is signed by Bruce Paswall.  There's no
 7   indication that they participated.  The allegations are all
 8   made upon information and belief, and considering they are now
 9   the title owners and title is to be taken from them, and
10   there's some confusion.  If you look at all of the wherefore
11   clauses, whether or not it is to be part of the debtor's
12   estate, or whether or not it should go to the plaintiffs -- the
13   primary creditor directly -- I believe that the default should
14   be excused and these issues resolved, especially the fact that
15   Grant and his brother are innocent.  They're transferees and
16   the beneficiaries of a marital asset, which was the subject of
17   a certified question before the Second Circuit.
18           And if, in fact, Brenda had not passed away, and this
19   transaction was made during her lifetime, and an issue exists
20   as to whether or not her rights, if she hadn't passed, and she
21   was still alive, I would still believe that she should have
22   been named a party, regardless of the fact that she has passed
23   should really have no bearing.
24           And in terms of the innocence of a transferee, I would
25   refer the Court to Court of Appeals Second Circuit Commodity
```

1    Futures Trading v. Walsh, 17 N.Y.3d 162.  It was a certified

2    question to the New York State Court of Appeals, and it went to

3    the -- yeah, it went to the Court of Appeals.

4           So the title is being taken from them.  So although I

5    feel that the fact that no estate was formed, neither by the

6    distributees of Brenda Paswall's estate or by the trustee, that

7    nevertheless, Grant and Reid should be able to litigate their

8    interest.  They had every expectation of receiving title upon

9    their mother's demise, which was not necessarily anticipated.

10   Certainly not in 2014.  But all of these issues need to be

11   threshed out before the deed should be transferred.

12          Even then, I don't know how the Court can fashion an

13   order when the party on the deed, the other transferee, is not

14   named in the complaint.  The name is Debra, which doesn't

15   exist, and I don't know what the county clerk would do with an

16   order saying that the property -- that the deed, who is not

17   even in Debra's name, should be cancelled.

18          I had asked the attorney for the trustee to allow me

19   to file my answer, with their permission, and resolve these

20   issues, notwithstanding that the Court doesn't believe that

21   Brenda is an essential party, notwithstanding these individuals

22   are transferees of their mother's interest in the marital

23   property.  And the reply indicates that at least the estate --

24   they don't necessarily deny that argument, but they say that

25   the estate should be a creditor.

BRUCE J. PASWALL; TULIS V. PASWALL, ET AL.          24

1        Now, the Court has indicated that, arguably, if the
2    deed is transferred and the property sold, Brenda would be
3    entitled to the balance of what would be owed to her in the
4    marital stipulation.  She doesn't lose that right.  So
5    nevertheless, she should still be named as a party.  Putting in
6    a claim as a creditor, putting the burden on the distributees
7    to form an estate and then file as a creditor, then the
8    question becomes well, what priority would they have?
9        This asset, arguably, was first subject to the
10   contract between the debtor and the deceased, Brenda Paswall,
11   back in 20 --
12       THE COURT:  I'm going to interrupt you now, sir.  I
13   have a question going back to your service point.  What section
14   of Rule 7004 do you believe requires that an envelope mailed to
15   the party receiving service, who is an individual --
16       MR. DAVIS:  I believe, Your Honor --
17       THE COURT:  -- not a lawyer --
18       MR. DAVIS:  -- it was 704 (sic).  Well, there's two.
19   There's 704 -- I believe 704(h) and 704(7) makes reference
20   to -- candidly, it was a little confusing, but I took it to
21   mean that you still have to abide --
22       THE COURT:  But there --
23       MR. DAVIS:  -- by state -- by certain state --
24       THE COURT:  There is no 7--
25       MR. DAVIS:  -- rules.

A.232

BRUCE J. PASWALL; TULIS V. PASWALL, ET AL.                    25

1          THE COURT:  -- Let's just be clear here.  There is no

2    7004(7).  And 7004(h) deals with serving a corporation,

3    partnership, or association.

4          MR. DAVIS:  Under -- all right.  Sorry, Your Honor.

5          THE COURT:  And I'm sorry.  That's Rule 4, and Rule

6    7004(h) deals with service of process on an insured depository

7    institution.

8          MR. DAVIS:  I'm pulling out my book.

9          THE COURT:  So 7004(b) provides for mail, first class

10   postage prepaid, "Upon an individual other than an infant or

11   incompetent, by mailing a copy of the summons and complaint to

12   the individual's dwelling house or usual place of abode or to

13   the place where the individual regularly conducts a business or

14   profession."

15         MR. DAVIS:  That I concede, Your Honor.

16         THE COURT:  Okay.  All right.  So again, whatever you

17   were telling me otherwise, it really wasn't legitimate.

18         Now, the summons, which I'm looking at -- it's

19   attached to the motion for entry of a default judgment -- lists

20   the bankruptcy case and the adversary proceeding number.

21         MR. DAVIS:  Nothing that I received from either Grant

22   or Reid had the adversarial proceeding number.

23         THE COURT:  Well, there's no denial that they didn't

24   get the summons, and the summons says adversary proceeding

25   number 19-08713.

 1          MR. BLANSKY:  Your Honor, if I can interject on this
 2    point?  David Blansky.
 3          The adversary proceeding number, setting aside the
 4    fact that it was in the summons, and the summons was served,
 5    and there's no dispute that the summons and complaint were
 6    received, as I put in Exhibit 2 to my reply, counsel for the
 7    state court creditors indicated in paragraph 13 of his
 8    affirmation, which was filed on December 10 of 2019, that we
 9    filed an adversary proceeding, and it lists an adversary
10    proceeding number.  And if anybody had visited the bankruptcy
11    docket, every bankruptcy docket has a linking event showing the
12    adversary proceeding, when it was commenced, that carries you
13    through.
14          Moreover, we did report notice of pendency in the
15    state court.  It's not on the docket, because we don't file
16    those things here in federal court, and it also featured the
17    entirety of the docket with the adversary proceeding number and
18    was served at approximately the same time as the date on
19    which -- actually, it's -- my note:  affidavit of service, as
20    filed with this Court, reflects the notice of pendency was also
21    served as well.
22          So notwithstanding there was no requirement to give
23    them alternate forms of notice, the knowledge of the index
24    number of the case was something that was in front of counsel.
25    It was a record in the state court proceeding, where he was

A.234

1  appearing, and was also undisputedly received by the

2  defendants.  It's unclear when they shared these papers with

3  their counsel, but that is not a reasonable excuse for their

4  failure to act, and the claimed ignorance about the index

5  number or the adversary proceeding number is not credible, Your

6  Honor.

7          THE COURT:  Okay.

8          MR. DAVIS:  May I respond?

9          THE COURT:  Well, no.  The record's clear that there

10 was proper service here, so --

11         Sir, you are, I think, repeating a point that we'd

12 already dealt with, which was the probate exception, which is

13 why I interrupted you, but I believe the other defenses that

14 have been raised here on the merits, in looking at the draft

15 answer, that we have not yet addressed, we should turn to now.

16         The answer -- let me turn to it -- asserts besides the

17 subject matter jurisdiction point, and the general statement

18 that relief may not be granted under Rule 12(b)(6), and the

19 joinder issue that we've already discussed, and the service of

20 process point, which we've just discussed -- is that the

21 plaintiff's claims are barred by the applicable statute of

22 limitations.

23         I don't think the objection to the motion specifies

24 anything particular on that, but what do you believe is the

25 basis for the contention that the trustee's claim is barred by

```
 1   the statute of limitations?
 2         MR. DAVIS:  Before I answer that, Your Honor, could we
 3   go back to 704(7)?  7004(7).
 4         Upon a defendant of any class referred to is also
 5   sufficient if a copy of the summons and complaint is mailed to
 6   the entity upon whom service is prescribed to be served by any
 7   statute of the United States or by the law of the state.
 8         That's the argument that I was making with regard to
 9   both the absence of an adversary proceeding, and we would have
10   to go onto the docket to see whether or not the adversary
11   proceeding that was filed -- the aff -- had the adversary
12   proceeding number on it.  The fact that Mr. Lucas indicated, in
13   opposition to a pending action, that an adversary proceeding
14   might be knowledge, but it doesn't -- it's not noticed to the
15   defendant.
16         THE COURT:  The summons has the number on it.  The
17   summons does.
18         MR. DAVIS:  None of the copies, and if the Court would
19   allow me, I'll certainly get an affidavit from both of them.  I
20   got a copy of the envelope.  That's why I can -- the envelope
21   that the complaint was in did have the reference to the lawyer,
22   and under 308(4) (sic) any mailing to the party is --
23         THE COURT:  Can we just stop?
24         MR. DAVIS:  Yes.
25         THE COURT:  Except that as an alternative basis, the
```

1    New York CPLR service rules don't apply here.  End of story.
2    So stop referring to them.
3            7 says it is "also sufficient".  Not that it is "only
4    sufficient", it is "also sufficient".  They're not relying on
5    New York service rules.  They're relying on Rule 7004 --
6            MR. DAVIS:  Makes reference --
7            THE COURT:  -- (b)(1).
8            MR. DAVIS:  -- the laws of the state in which service
9    is made when an action is brought against such a defendant in
10   the court of general jurisdiction of that state.
11           THE COURT:  Yes.  Is also sufficient.  So let's just
12   stop with the references, because they're not relying on New
13   York State service rule.  They're relying on 7004(b)(1).
14           MR. DAVIS:  In terms of the statute of limitations,
15   Your Honor, given the fact that the case -- just looking at the
16   summons complaint, it would be impossible to determine whether
17   or not the statute of limitations, which relates to claims
18   under the debtor-creditor law, would bar the action, so that
19   was put in at that time, as normally is done.  When you're
20   putting in an answer, you would include affirmative defenses
21   which you might have a reasonable belief might be applicable.
22           THE COURT:  No, I'm not faulting you for putting it
23   in.  But where you sit today, is there a basis to argue that
24   the statute of limitations has run?
25           MR. DAVIS:  It depends when the transfer was made and

1    what the applicable is.

2            THE COURT:  Well, the transfer is under the 2017 deed.

3            MR. DAVIS:  Not necessarily so.  Their papers say --

4            THE COURT:  Well, that's --

5            MR. DAVIS:  Their papers, in one of these proceedings,

6    indicate that as a badge of fraud that the debtor prepared two

7    deeds.  Now, we're a filing state, so the one that is

8    ultimately filed is the one that the public would have to --

9    would be prevalent.

10           However, as between the parties, any deed would

11   matter.  As between the public, the public has every right to

12   rely upon the deed that is filed.  But in terms of a claim by,

13   let's say, Brenda or Brenda's estate, they mention two deeds.

14   If it's not filed, I need certain limited discovery with regard

15   to that allegation that's in the complaint.

16           There are allegations in the complaint, which I

17   believe the Court has to consider separate and apart from the

18   motions to enter the default, which has much more factual

19   allegation than does the complaint, and incorporating it by

20   reference, in the absence of a deed filed somewhere where I, or

21   any person of the public, has access to, you're limited to the

22   complaint.

23           Now, if a divorce judgment says that, or the

24   stipulation of settlement says that's incorporated by

25   reference, it becomes -- just gives the party the opportunity

BRUCE J. PASWALL; TULIS V. PASWALL, ET AL.          31

1    to sue under the contract or sue under the domestic relations
2    law.
3          In this action, there was a contempt proceeding, which
4    also the abatement of the contempt proceeding of the criminal
5    and the civil contempt would be sufficient consideration, and I
6    would refer the Court to the case that I had cited in my papers
7    at the end and the one that I had identified on the record.
8          THE COURT:  Mr. Blansky, when you seek relief in each
9    of the claims asserted for striking the deed from the public
10   record and avoiding the transfer under the deed, which deed are
11   you referring to?
12         MR. BLANSKY:  Your Honor, the complaint expressly
13   defines the deed to be avoided.  As the deed does, it's a
14   matter of public record, recorded February of 2017, the
15   recording of which transpired within six years of his
16   bankruptcy petition under the then -- well, a debtor-creditor
17   law that was effective at the time of the transfer that was --
18         THE COURT:  But the --
19         MR. BLANSKY:  -- transaction.
20         THE COURT:  It's the 2017 deed that you're referring
21   to?
22         MR. BLANSKY:  Correct, Your Honor.
23         THE COURT:  All right.  So --
24         MR. BLANSKY:  I'd like to say plainly it falls within
25   the six-year period allowed for under the debtor-creditor law

A.239

BRUCE J. PASWALL; TULIS V. PASWALL, ET AL.          32

1    that was in effect on that date.

2         THE COURT:  The bankruptcy case was filed in 2019,

3    so -- and of course the complaint was filed within the time

4    permitted post-petition under Section 546.

5         MR. BLANSKY:  Within a matter of months of the filing

6    date, Your Honor.

7         THE COURT:  Right.  So there's no statute of

8    limitations here issue.  There's only one deed that -- the

9    transfer that's being attached here, and that's clear from the

10   complaint.

11        MR. DAVIS:  But Your Honor, should you grant the

12   relief, you're still depriving the estate, and through the

13   estate, Grant and Reid, of their right to claim title, or to

14   retain title to the formal marital residence.  It was marital

15   property.  That --

16        THE COURT:  She didn't have title.  She got whatever

17   title she got in the 2014 stipulation.  We've already covered

18   that.

19        MR. DAVIS:  Your Honor.

20        THE COURT:  Now, don't.  Don't -- no.  We've covered

21   it.

22        MR. DAVIS:  I respectfully --

23        THE COURT:  It's clear.

24        MR. DAVIS:  I respect --

25        THE COURT:  There's no further marital estate as far

A.240

BRUCE J. PASWALL; TULIS V. PASWALL, ET AL.                    33

 1  as her interest.  It had already been decided, and she got

 2  whatever she got in the house, based on the 2014 agreement.

 3  She didn't have an interest before that.

 4          MR. DAVIS:  She got that interest in exchange for a

 5  debt that arose out of the divorce proceeding.  The divorce

 6  proceeding --

 7          THE COURT:  She got an interest in return for a

 8  300,000 dollar debt.  Enough.

 9          MR. DAVIS:  Which was never --

10          THE COURT:  Enough, sir.  I have rarely heard so many

11  specious arguments in one hearing.  Enough.  I'm ready to rule.

12          MR. DAVIS:  Before you rule, Your Honor, can you

13  please just review the citation that I had put on the record

14  earlier?

15          THE COURT:  I have.  I have reviewed them.  They are

16  inapposite to these facts.

17          MR. DAVIS:  Commodity Futures Trading, the Court has

18  reviewed?

19          THE COURT:  Yes.  I have reviewed them.  That are

20  inapposite to these facts.  What that case dealt with is the

21  argument of a lack of fair consideration for a distribution of

22  property as between two spouses.

23          MR. DAVIS:  Which is why the transfer --

24          THE COURT:  I noted that there -- let me finish.

25          MR. DAVIS:  I'm sorry.  I --

A.241

1       THE COURT:  Let me finish.  I noted that there could

2   be other consideration than monetary consideration.  But what

3   is at issue here is not the equitable distribution between the

4   spouses.  The only interest after that equitable distribution

5   that Brenda Paswall had, and that was back in 2011, was not in

6   the house.  It was in other things, that two spouses then

7   resolved their remaining issues in the October 2014

8   stipulation.  And it is clear that the only interest she kept

9   or got under that stipulation was a right to be paid in two

10  installments 300,000 dollars on the terms of that stipulation,

11  secured by the house.  And instead, she got, and then her sons

12  got, the whole house.  That's not anything to do with her right

13  as a former spouse.  Those had already been addressed, and this

14  was a separate stipulation providing for the payment of the

15  300,000 and limited to that.

16      MR. DAVIS:  What about the rights --

17      THE COURT:  So the case is inapposite --

18      MR. DAVIS:  -- of the children?

19      THE COURT:  The other case is a fraud case, not a

20  fraudulent transfer case.  And enough said on that.

21      MR. DAVIS:  This is a fraudulent transfer case also.

22      THE COURT:  Yes.  But the other case you're citing is

23  a fraud case.  They're two different things.  Transfer versus

24  fraud.

25      Among other things, there's constructive fraudulent

1   transfer, or a transfer is simply deemed to be fraudulent

2   before there was pending litigation when it happened.  The

3   transferee, good faith, as far as the fraudulent nature of the

4   transfer under New York law, is irrelevant to those causes of

5   action.  So citing a case dealing with fraud and saying that

6   the transferee needs to clear their name as to fraud, is

7   inapplicable here.  It's automatic under 273-A.

8         And a constructive fraudulent transfer doesn't even

9   require showing intent on the transferor's part, let alone a

10   transferee.  So there's nothing to defend against for them.

11         MR. DAVIS:  I don't see how it reaches Grant.  And

12   they were innocent participants.  They weren't even --

13         THE COURT:  Stop.  I'm ruling.  It doesn't matter

14   whether they were innocent.  What matters is that it was done

15   in -- and this is not disputed -- at a time when there was

16   pending litigation and actual judgment against them that had

17   not been satisfied.

18         MR. DAVIS:  The allegations of the complaint say they

19   had notice of it, so apparently the --

20         THE COURT:  It doesn't matter.  Enough.  You don't

21   know the law, or you're just misrepresenting it.  One or the

22   other.  So stop.  If you want to torture an appellate court

23   with these same arguments, go ahead.  It's not going to

24   continue with me.

25         So I have before me a motion by the Chapter 7 trustee

1  for a default judgment in this adversary proceeding, in which
2  the trustee seeks to avoid, under various sections of the New
3  York Debtor and Creditor law, Sections 273, 273-A, 274, 275,
4  and 276, the transfer by a deed in 2017 by the debtor to his
5  wife and to his son.

6          The complaint was filed November 22, 2019 and served
7  on December 5, 2019.  There is no dispute that it was served by
8  mail, in compliance with Bankruptcy Rule 7004(b)(1) on the two
9  defendants, Grant Paswall and Reid Paswall.

10         It is contended in the objection to the motion for a
11  default judgment that it was not properly served, but it is
12  acknowledged that it was, indeed, served as set forth in the
13  certificate of service, which is attached as an exhibit to the
14  motion, and which clearly shows compliance with Bankruptcy Rule
15  7004(b)(1).

16         It is also acknowledged, although it was like pulling
17  teeth to get it, that counsel for these two defendants had not
18  appeared in the bankruptcy case, filed a notice of appearance
19  in the bankruptcy case as counsel for the two defendants before
20  the service.  It is also clear that such counsel was aware soon
21  after service of the motion of the complaint from multiple
22  sources, including his clients but also opponents in a state
23  court action brought by certain creditors of the debtor, the
24  defendants' father, who then sought to dismiss their action
25  with concern that it would interfere with the trustee's action,

1  i.e. the matter before me, and be in violation of the automatic
2  stay, which, of course, it would have been.

3          The answer was due on January 5, 2020, three days
4  after service under Rule 7055.  Of course one was not filed.
5  There was a pre-trial conference roughly a month later,
6  February 4, 2020.  Defendants did not appear.  There was a
7  request for clerk's entry of default filed on the docket
8  February 12, 2020, and the clerk's entry of default was entered
9  and served February 13th, 2020.

10          This motion for default judgment ensued.  It was filed
11  March 24, 2020.  The objection was filed June 12th, 2020, last
12  Friday.

13          I have reviewed that objection and the reply filed in
14  support.  The defendants' failure to answer a complaint does
15  not, standing alone, entitle plaintiff the judgment, clearly.
16  Instead, where a judgment seeks more than a specific monetary
17  amount, entry of notice -- entry of a default is not
18  sufficient, but instead the plaintiff must move for a default
19  judgment under Rule 7055.

20          To be relieved of the default, which serves as the
21  basis for the default judgment, as well as the disposition of
22  an entry of default judgment, is within the Court's discretion.
23  In exercising its discretion, the Court may consider a wide
24  variety of factors, although generally speaking the Court
25  considers whether the default was willful or culpable, whether

A.245

 1  granting relief from the default would prejudice the opposing

 2  party, i.e. in this case, the trustee, and whether the

 3  defaulting party has a meritorious defense.

 4          Those three factors alone are most commonly

 5  considered, but they're not exclusive, and frankly, unless true

 6  willfulness or prejudice is shown, the key factor is whether

 7  the defaulting party has a meritorious defense in light of the

 8  Court's strong preference for resolving disputes on the merits,

 9  and the direction from the Circuit that doubts are to be

10  resolved in favor of a trial on the merits.

11          See generally Enron Oil Corp. v. Diakuhara, 10 F.3d

12  90, 95 (2nd Cir. 1993).  10 Moore's Federal Practice, Civil

13  Section 55.70 (2020), 10 Collier on Bankruptcy paragraph 7055-

14  03.

15          Here the length of time that has elapsed and the clear

16  notice of the litigation to parties who were already in

17  litigation and understood that this proceeding was ongoing and

18  would supersede the litigation they were in in state court, as

19  set forth in not only correspondence with the state court

20  counsel but also the court's ruling itself dismissing the state

21  court action without prejudice, makes it clear that there is no

22  excuse for the delay here in not answering the complaint, in

23  not attending the pretrial conference, not responding to the

24  notice seeking the entry of default or promptly seeking to

25  vacate the default.

1    As far as prejudice is concerned, this estate is still

2  in the early stages of administration.  The trustee has not

3  identified any particular time sensitive matters whereby the

4  estate has been prejudiced.  There does not appear to have been

5  any loss of testimony or evidence resulting from the delay or

6  increased difficulties for discovery.  So I do not believe that

7  there is any unusual or separate prejudice here to the trustee,

8  other than simply the fact of a delay, which, of course, is

9  contemplated by the Bankruptcy Rules requirement to obtain a

10  default judgment in the first place.

11    So I view this situation as one where, in the exercise

12  of my discretion, there is some serious support for entry of a

13  default judgment and not relieving the defendants of the

14  default, because they did not respond, and their failure to

15  respond is willful.  But on the other hand, there was not

16  significant prejudice, so the focus, I believe, does properly

17  fall on whether there is a meritorious defense.

18    We spent considerable time today, and I spent

19  considerable time reviewing the defendants' arguments as to

20  whether there is a meritorious defense to the trustee's causes

21  of action, and I conclude that there is not, even giving the

22  benefit of the doubt to the defendants.

23    In reviewing the complaint and accepting the

24  allegations in the complaint as true, as well as matters

25  incorporated by reference into the complaint or necessary to

1 the complaint, such as the underlying deed and the stipulation
2 of settlement that are the key documents, and contrary to
3 assertion in oral argument, were, in fact, extensively
4 identified in the complaint and are before me now as
5 attachments to the motion to dismiss, but clearly not new
6 items, as the complaint describes them and incorporates them.

7        The key issue here is whether the transfer of the
8 debtor's interest in the real property at issue, by deed
9 executed in 2017, to be conveyed to the debtor's ex-spouse and
10 the current defendants, Grant and Reid Paswall, the debtor's
11 children, as joint tenants with the right of survivorship, is a
12 fraudulent transfer, and therefore avoidable.

13        One of the defenses alleged was that a transfer by
14 deed in 2017 violated or could not now be avoided because of
15 the applicable statute of limitations.  The objection of the
16 motion does not identify any statute of limitations that would,
17 in fact, bar this litigation, and it is clear to me that there
18 is none that would bar the claim to avoid the transfer by the
19 2017 deed.

20        There are two applicable statutes of limitations.
21 First, there is the statute set forth in Section 546(a) of the
22 Bankruptcy Code, which gives the plaintiff trustee here two
23 years after the commencement of this bankruptcy case to bring
24 this action under Section 544 of the Bankruptcy Code.  Clearly
25 that statute is met here, given the case was commenced in 2019

A.248

BRUCE J. PASWALL; TULIS V. PASWALL, ET AL.                    41

1    and the date that the complaint was filed.

2              The second statute is the six-year statute of

3    limitations, when applicable under the New York Debtor and

4    Creditor Law for bringing an action to avoid a fraudulent

5    transfer.  Then 2017 falls well within that six-year period

6    between then and the date that the lawsuit was brought.  Under

7    Section 544 of the Bankruptcy Code, which incorporates the

8    rights of any creditor and confers them on the Chapter 7

9    trustee under applicable law, in this case, the sections of the

10   New York Debtor and Creditor Law that I've already mentioned.

11             The objection to the motion also asserts insufficient

12   service of process, but we've already dealt with that issue,

13   including there was sufficient service of process under

14   Bankruptcy Rule 7004(b)(1).  To recognize that service by mail

15   at the address of the defendants, which is not disputed and

16   clearly set forth in the certificate of service, including that

17   the lawsuit was clearly and properly identified in the summons

18   and notice of pre-trial conference with the case number and the

19   adversary proceeding number, which was served along with the

20   complaint.

21             Again, given that no counsel had appeared in the

22   bankruptcy case on behalf of either of the two defendants and

23   requested notice of service, the trustee was not required to

24   serve counsel.

25             Trustee was not a party to the state court litigation

A.249

1    where counsel had appeared on behalf of the defendants, and is

2    not charged, therefore, with any need to serve counsel because

3    of his appearance at the state court litigation.  Moreover, it

4    is clear, as I said, from the reference on the motion for

5    default judgment that counsel had actual notice of the lawsuit

6    before me in December or January -- December of 2019 or January

7    of 2020.

8          The objection to the motion also asserts that there is

9    a basis to assert, under Federal Rule of Civil Procedure

10   12(b)(6), that's incorporated by Bankruptcy Rule 7012, that the

11   complaint fails to state a cause of action upon which relief

12   can be granted.

13          Having reviewed the objection to the motion as well as

14   the complaint and considered oral argument today, I see no

15   basis for that assertion.  Specifically, the objection asserts

16   that somehow, because the state court litigation, brought by

17   individual creditors to avoid the transfer by the 2017 deed,

18   was dismissed without prejudice on the request of the state

19   court parties in light of the commencement of a bankruptcy case

20   and the filing of the trustee's complaint, that somehow that

21   dismissal might constitute claim or issue preclusion.  Nothing

22   could be further from the truth.

23          The continued pursuit of that state court litigation

24   would have been in violation of the automatic stay, given that

25   with the commencement of the Chapter 7 case, the fraudulent

A.250

1  transfer cause of action and the standing to bring it belonged

2  exclusively to the Chapter 7 trustee and any parties -- any

3  creditors' assertion of control over such a cause of action

4  would be a violation of the automatic stay.

5          Even more farfetched is the contention in the

6  objection that a separate action in this bankruptcy case, an

7  adversary proceeding that seeks a declaration declaring

8  nondischargeable, the debtor is not a defendant in this

9  adversary proceeding, but the debtor's obligation to the

10  plaintiff in that action, who is not the trustee but an

11  individual set of creditors, somehow takes precedence over the

12  trustee's fraudulent transfer action, upon which the trustee

13  now seeks a motion for default judgment.

14          Of course, the two adversary proceedings are

15  completely different.  Completely different standards of proof

16  and statutory bases, one grounded in Section 544 of the

17  Bankruptcy Code and New York DCL 272 through 276, the other

18  based on Section 523(a)(6) of the Bankruptcy Code.  We seek

19  completely different relief.

20          Lastly, it is contended by the defendants that they

21  should, as a matter of fact, be entitled to prove their

22  innocence or clear their name as to whether they were the

23  recipient of a fraudulent transfer.  Whether the defendants

24  received the transfer in good faith or in bad faith is

25  irrelevant to the trustee's fraudulent transfer claim.  This is

```
 1   not a set of causes of action that look at, as a matter of the
 2   merits of the causes of action, the bona fides of good faith of
 3   the transferee.  Indeed, most of the causes of action, except
 4   for the last one, under Section 276, which is for actual
 5   fraudulent conveyance, even deals with intent.
 6        DCL 273, 274, and 275 are are all constructive
 7   fraudulent transfer provisions.  273-A is, frankly, an absolute
 8   transfer provision, barring transfers where there's an
 9   unsatisfied judgment at the time of the transfer or pending
10   litigation.  And even as to an actual fraudulent transfer, the
11   intent, there's the focus of the statute, is the transferor's
12   intent, that is the debtor's intent, not the intent in
13   receiving the transfer of the debtor's children and ex-spouse.
14        There is no contention as to the debtor's intent here.
15   And frankly, given the documents described in the complaint, of
16   which I can take judicial notice and which I've now been
17   provided with, namely the October 2014 settlement agreement and
18   the 2017 deed, as well as, of course, the averments in the
19   complaint as to what led up to the deed and the fact that this
20   was a transfer to family members, presumptively fraudulent as a
21   matter of intent, even as to the intentional fraudulent
22   conveyance, there's no meritorious defense, even if it had been
23   alleged that -- which it has not been -- that the fraud of
24   Bruce Paswall did not have intention of fraudulent intent.
25        The last basis for the assertion that there's a
```

A.252

BRUCE J. PASWALL; TULIS V. PASWALL, ET AL.                45

1    meritorious defense here is the contention that -- I gather
2    from both oral argument and reading the objection -- the Court
3    is deprived of jurisdiction, that is the bankruptcy court lacks
4    jurisdiction for one of two reasons, neither of which, however,
5    actually holds water.
6         The first is that because the debtor and his ex-spouse
7    were in a matrimonial proceeding, which resulted in a
8    determination and allocation of the marital property in 2011,
9    the arguments that the transfer of the debtor's interest in
10   2017, which, again, is the transfer that is being focused on
11   here, of the real property in Somers, might not be for lack of
12   fair consideration, because the consideration could include
13   nonmonetary consideration that's bound up in the relationship
14   of two spouses and the dissolution of their marriage.
15        The problem with that assertion here is that before
16   the 2017 transfer that is the focus of this complaint, the
17   parties had already resolved the issues pertaining to the
18   dissolution of their marriage through a judgment of divorce
19   entered on June 12th, 2012, which incorporated by reference a
20   stipulation placed on the record on December 12, 2011.
21   Complaint paragraph 13.  I'm sorry.  Motion paragraph 13.
22   Complaint has the same reference in paragraph 24.
23        As the complaint states:  "On January 2014, the
24   equitable distribution provisions in that stipulation were
25   vacated and the judgment of divorce was modified".  But

BRUCE J. PASWALL; TULIS V. PASWALL, ET AL.                46

1   subsequently, and this is now in paragraph 26 of the complaint,
2   the debtor and his ex-spouse reached a settlement that resolved
3   all issues remaining in the matrimonial action, namely the
4   matrimonial stipulation.
5           That stipulation, which, again, is incorporated by
6   reference in the complaint as well as referred to in the
7   complaint, makes it clear that the residence at issue, title to
8   it, in toto, belongs to the debtor and that the debtor's ex-
9   spouse has no interest in it other than as set forth in the
10  stipulation, the October 2014 stipulation.  That interest is
11  limited to an interest as security to secure two 150,000 dollar
12  payments.
13          There is no other marital interest, and therefore this
14  adversary proceeding does not seek to take any property from
15  the former spouse or to undo any sort of marital settlement.
16  Rather, it is alleged in the complaint, and undisputed, that
17  the 2017 deed alters materially the rights of the debtor's
18  former spouse, and through her, the debtor's sons, that was set
19  forth in the October 2014 stipulation, by transferring the
20  entire property, which is worth far more than 300,000 dollars,
21  to the former spouse and children.  So issues pertaining to
22  fair consideration as a result of the marital relation simply
23  do not apply here, since those issues had already been worked
24  out by the parties, culminating in the October 2014
25  stipulation.

BRUCE J. PASWALL; TULIS V. PASWALL, ET AL.          47

1          In addition, I think, it is argued that the ex-
2    spouse's estate, the ex-spouse having passed away last year,
3    must be named as a party, and that the Court lacks
4    jurisdiction -- ostensibly, I gather, under the so-called
5    probate exception, the federal court's jurisdiction, although
6    that wasn't specifically inserted -- to decide the fraudulent
7    transfer causes of action in the complaint.

8          First, the sons have been transferred the property
9    under the deed directly, in any event.  And secondly, there is
10   no estate that is being administered.  The surrogate's court
11   hasn't exercised jurisdiction over any property of the debtor's
12   former spouse after her death, and therefore, it appears clear
13   to me that based on both of those facts, which independently
14   would be a basis for having jurisdiction here, notwithstanding
15   the probate exception, the probate exception wouldn't apply.

16         As stated in Marshall v. Marshall, 547 U.S. 293,
17   probate exception is a judge made rule, which limit the federal
18   court's jurisdiction with respect to claims that involve the
19   administration of an estate, a probate of a will, or any other
20   purely probate matter.

21         Moreover, it's clear there's no sound policy
22   consideration to extend the probate exception to a fraudulent
23   transfer case.  The two individuals who received rights under
24   the deed were -- the third party that received rights under the
25   deed has passed away with no estate being in administration.

A.255

 1          So I carefully considered all of the posed defenses,

 2    and I believe that a meritorious defense has not been asserted

 3    and that there should not be any more time allowed for

 4    conjuring up of other defenses, given the lengthy period of

 5    time and the willfulness of the default, so I will grant the

 6    trustee's motion and enter a default judgment on each of the

 7    causes of action independently, providing for the avoidance of

 8    the deed and its removal from the public records.

 9          Counsel for the trustee can submit an order consistent

10    with that ruling granting the motion for default judgment and

11    judgment on the complaint.

12          MR. BLANSKY:  I will do so, Your Honor.

13          THE COURT:  Okay.  Very well.  You don't have to

14    formally settle that order on the defendants' counsel, but you

15    should provide him with a copy before you email it to chambers

16    and copy him on the email to chambers, so he can make sure it's

17    consistent with my ruling.

18          You also don't have to quote my bench ruling,

19    although, of course, you should -- eventually will reference

20    that I have jurisdiction over this matter, that I can grant a

21    final order consistent with the Constitution in light of the

22    default.  And again, you can refer to, and for the reasons

23    stated by the Court on the record, the objection is overruled,

24    and the motion is granted.

25          MR. DAVIS:  Your Honor?

BRUCE J. PASWALL; TULIS V. PASWALL, ET AL.          49

1          THE COURT:  Yes.

2          MR. DAVIS:  Yes, this is Lowell Davis for the

3   defendants.  I'd like to cite two exceptions to your factual

4   portion of your decision.  They're both contained at docket

5   entry 4.  The exhibit annexed to the complaint is a 2014 deed,

6   October 31st, 2014, not 2017.  And also the complaint -- also

7   at docket entry 4 -- the complaint submitted to the clerk or

8   the clerk's entry of the default did not contain the adversary

9   case number.

10          THE COURT:  But -- fine.  The complaint -- extensively

11   discussed was the 2017 deed, which is incorporated into the

12   complaint, and the case number is everywhere.  There's no doubt

13   that you have it.  So --

14          MR. DAVIS:  I don't want to -- I don't want to belabor

15   the point, Your Honor.

16          THE COURT:  No, you shouldn't.  So noted.  I'm noting

17   it.  And enough on that, okay?

18          MR. DAVIS:  That's all.  I just wanted to --

19          THE COURT:  And it's not the 2014 deed that's being

20   avoided.  It's the 2017 deed.

21          MR. DAVIS:  I understand.  It's the --

22          THE COURT:  The 2014 deed was a security device.  It's

23   dated 2014.  It was actually transferred in 2017 by being

24   released from escrow.  So that is the transfer.

25          MR. DAVIS:  The deed --

1          THE COURT:  The 2017 transfer.

2          MR. DAVIS:  You describe it as the 2017 deed.  It's a

3    2014 deed, and whatever.  I made my exception.  I don't want to

4    belabor it, Your Honor.  You made your decision.

5          THE COURT:  Okay.  Very well.  I think that concludes

6    today's calendar.

7          MR. DAVIS:  Yes.

8          THE COURT:  All right.  I'm going to sign off now.

9          MR. DAVIS:  Thank you, Judge.

10          MR. BLANSKY:  Thank you, Your Honor.

11          MR. DAVIS:  All right.

12       (Whereupon these proceedings were concluded at 1:09 PM)

13

14

15

16

17

18

19

20

21

22

23

24

25

A.258

1

2                          I N D E X

3   RULINGS:                                    PAGE    LINE

4   Trustee's Motion for Default Judgment        48      5

5   is Granted

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

A.259

1

2                          C E R T I F I C A T I O N

3

4    I, Hana Copperman, certify that the foregoing transcript is a

5    true and accurate record of the proceedings.

6

7    *Hana Copperman*

8

9    _____

10   Hana Copperman (CET-487)

11   AAERT Certified Electronic Transcriber

12

13   eScribers

14   352 Seventh Ave., Suite #604

15   New York, NY 10001

16

17   Date:  June 29, 2020

18

19

20

21

22

23

24

25

A.260

# A

**abatement (1)**
31:4
**abide (1)**
24:21
**ability (2)**
18:6;19:3
**able (1)**
23:7
**abode (1)**
25:12
**absence (3)**
6:5;28:9;30:20
**absolute (1)**
44:7
**acceptance (1)**
21:21
**accepted (1)**
21:25
**accepting (1)**
39:23
**access (1)**
30:21
**accessed (1)**
19:11
**accessing (1)**
19:8
**according (1)**
6:2
**accusing (2)**
12:13,13
**acknowledged (3)**
10:23;36:12,16
**act (1)**
27:4
**action (52)**
5:23;6:5;7:23,24;
12:17,22;15:7,21,25;
16:1,4,8,10,15,23;
17:5,5,6,8,11;20:10,
15;21:4,7,9,14,17,
23;28:13;29:9,18;
31:3;35:5;36:23,24,
25;38:21;39:21;
40:24;41:4;42:11;
43:1,3,6,10,12;44:1,
2,3;46:3;47:7;48:7
**actions (1)**
16:4
**active (1)**
12:14
**actual (6)**
12:18,18;35:16;
42:5;44:4,10
**actually (6)**
14:8;21:1,11;
26:19;45:5;49:23
**add (1)**
17:7
**addition (1)**
47:1

**address (1)**
41:15
**addressed (2)**
27:15;34:13
**adjudication (1)**
14:4
**administer (1)**
8:15
**administered (2)**
11:21;47:10
**administration (4)**
9:2;39:2;47:19,25
**administrator (1)**
6:21
**adversarial (4)**
17:23,24;19:2;
25:22
**adversary (33)**
4:23;14:16;17:4,9;
18:12;19:8,12;20:9,
17,22,23;21:1,18,18;
25:20,24;26:3,9,9,
12,17;27:5;28:9,10,
11,13;36:1;41:19;
43:7,9,14;46:14;49:8
**advised (2)**
19:9;21:13
**advising (1)**
21:5
**aff (1)**
28:11
**affidavit (3)**
19:12;26:19;28:19
**affirmation (1)**
26:8
**affirmative (1)**
29:20
**again (7)**
4:20;15:22;25:16;
41:21;45:10;46:5;
48:22
**against (7)**
18:3;20:22,23;
21:1;29:9;35:10,16
**age (1)**
17:20
**aggregating (1)**
11:12
**agree (1)**
8:6
**agreed (1)**
11:9
**agreement (5)**
8:20;11:19;13:8;
33:2;44:17
**ahead (1)**
35:23
**alive (1)**
22:21
**allegation (3)**
8:17;30:15,19
**allegations (10)**
11:8;13:22;14:16;

17:22;18:2;22:4,7;
30:16;35:18;39:24
**alleged (3)**
40:13;44:23;46:16
**alleging (1)**
8:22
**allocation (1)**
45:8
**allow (2)**
23:18;28:19
**allowed (3)**
22:3;31:25;48:3
**allowing (2)**
4:11;14:19
**almost (1)**
21:16
**alone (3)**
35:9;37:15;38:4
**along (1)**
41:19
**alternate (1)**
26:23
**alternative (1)**
28:25
**alters (1)**
46:17
**although (9)**
4:20;17:15;18:17;
19:4;23:4;36:16;
37:24;47:5;48:19
**Among (1)**
34:25
**amount (2)**
11:17;37:17
**and/or (1)**
12:3
**annexed (4)**
10:19;17:16;
21:22;49:5
**anticipated (1)**
23:9
**apart (1)**
30:17
**apologize (1)**
7:3
**Apparently (2)**
8:25;35:19
**appeal (1)**
17:8
**Appeals (4)**
5:22;22:25;23:2,3
**appear (3)**
4:11;37:6;39:4
**appearance (4)**
19:16,18;36:18;
42:3
**appeared (4)**
20:5;36:18;41:21;
42:1
**appearing (2)**
4:9;27:1
**appears (2)**
13:2;47:12

**appellate (1)**
35:22
**applicable (7)**
27:21;29:21;30:1;
40:15,20;41:3,9
**apply (4)**
13:11;29:1;46:23;
47:15
**appointed (3)**
5:15,20;7:5
**approximately (2)**
20:4;26:18
**April (1)**
17:7
**arguably (6)**
14:20;16:6,7,7;
24:1,9
**argue (5)**
4:11;13:25;14:1;
18:17;29:23
**argued (1)**
47:1
**argues (1)**
18:3
**arguing (2)**
12:7;14:25
**argument (10)**
4:19;12:8;13:17;
15:11;23:24;28:8;
33:21;40:3;42:14;
45:2
**arguments (5)**
12:12;33:11;
35:23;39:19;45:9
**arose (1)**
33:5
**around (1)**
20:24
**aside (1)**
26:3
**assert (1)**
42:9
**asserted (2)**
31:9;48:2
**assertion (6)**
5:12;40:3;42:15;
43:3;44:25;45:15
**asserts (4)**
27:16;41:11;42:8,
15
**asset (6)**
5:22;6:24;7:1;
12:9;22:16;24:9
**assets (3)**
6:21,22;9:3
**assigned (1)**
19:5
**association (1)**
25:3
**attached (4)**
17:17;25:19;32:9;
36:13
**attachments (1)**

17:22;18:2;22:4,7;
30:16;35:18;39:24
**40:5**
**attendant (1)**
18:19
**attending (1)**
38:23
**attorney (5)**
18:21;19:13;
20:11,12;23:18
**attorneys (1)**
21:5
**authority (1)**
6:6
**automatic (6)**
15:8,24;35:7;37:1;
42:24;43:4
**averments (2)**
13:6;44:18
**avoid (7)**
7:8;16:14,21;36:2;
40:18;41:4;42:17
**avoidable (1)**
40:12
**avoidance (1)**
48:7
**avoided (3)**
31:13;40:14;49:20
**avoiding (2)**
8:10;31:10
**aware (2)**
21:14;36:20
**away (4)**
4:25;5:10;6:16;
22:18;47:2,25

# B

**b1 (1)**
29:7
**back (6)**
6:10;11:8;24:11,
13;28:3;34:5
**bad (1)**
43:24
**badge (1)**
30:6
**balance (1)**
24:3
**bankruptcy (29)**
16:1;19:5;21:10,
11,12,14;25:20;
26:10,11;31:16;
32:2;36:8,14,18,19;
38:13;39:9;40:22,23,
24;41:7,14,22;42:10,
19;43:6,17,18;45:3
**bar (3)**
29:18;40:17,18
**barred (2)**
27:21,25
**barring (1)**
44:8
**based (5)**
12:21;13:6;33:2;

43:18;47:13
**bases (1)**
43:16
**basic (1)**
6:10
**basis (13)**
5:4,5,12;10:25;
14:22;27:25;28:25;
29:23;37:21;42:9,
15;44:25;47:14
**bearing (1)**
22:23
**becomes (2)**
24:8;30:25
**behalf (3)**
14:2;41:22;42:1
**belabor (2)**
49:14;50:4
**belief (2)**
22:8;29:21
**belonged (1)**
43:1
**belongs (1)**
46:8
**bench (1)**
48:18
**beneficiaries (1)**
22:16
**benefit (1)**
39:22
**besides (1)**
27:16
**BLANSKY (18)**
4:14,15;7:10,13;
10:18,21;11:1;20:3;
26:1,2;31:8,12,19,
22,24;32:5;48:12;
50:10
**bona (1)**
44:2
**book (1)**
25:8
**both (5)**
28:9,19;45:2;
47:13;49:4
**bound (1)**
45:13
**Brenda (22)**
4:25;5:7,10;7:9,9,
11,15;8:1,7,11;9:4;
11:11,17;14:9,10;
22:18;23:6,21;24:2,
10;30:13;34:5
**Brenda's (1)**
13:5,25;30:13
**brief (1)**
4:19
**bring (2)**
40:23;43:1
**bringing (1)**
41:4
**brother (1)**
22:15

**brought (5)**
15:17;29:9;36:23;
41:6;42:16
**Bruce (4)**
14:9;17:17;22:6;
44:24
**Bruce's (1)**
11:11
**burden (1)**
24:6
**business (1)**
25:13

**C**

**calendar (1)**
50:6
**calling (1)**
5:21
**can (21)**
4:5,6;5:3,25;8:11;
13:7;15:21;18:16,
18;19:15;23:12;
26:1;28:20,23;
33:12;42:12;44:16;
48:9,16,20,22
**cancelled (1)**
23:17
**candidly (1)**
24:20
**Capital (1)**
18:25
**care (1)**
16:19
**carefully (1)**
48:1
**carries (1)**
26:12
**case (32)**
19:17;20:6,18;
21:20;25:20;26:24;
29:15;31:6;32:2;
33:20;34:17,19,19,
20,21,22,23;35:5;
36:18,19;38:2;40:23,
25;41:9,18,22;42:19,
25;43:6;47:23;49:9,
12
**cases (1)**
19:6
**cause (4)**
6:5;42:11;43:1,3
**causes (12)**
12:17,22;16:8,15,
22;35:4;39:20;44:1,
2,3;47:7;48:7
**cell (1)**
4:7
**certain (3)**
24:23;30:14;36:23
**certainly (3)**
12:10;23:10;28:19
**certificate (2)**

36:13;41:16
**certified (3)**
5:23;22:17;23:1
**chambers (2)**
48:15,16
**Chapter (6)**
4:15;19:5;35:25;
41:8;42:25;43:2
**charged (1)**
42:2
**children (7)**
6:18;7:19;9:1;
34:18;40:11;44:13;
46:21
**children's (1)**
14:6
**Cir (1)**
38:12
**Circuit (5)**
5:22;14:8;22:17,
25;38:9
**citation (1)**
33:13
**cite (3)**
18:25;20:18;49:3
**cited (1)**
31:6
**cites (1)**
21:22
**citing (2)**
34:22;35:5
**civil (3)**
31:5;38:12;42:9
**claim (10)**
6:1;14:5,20;24:6;
27:25;30:12;32:13;
40:18;42:21;43:25
**claimed (1)**
27:4
**claims (7)**
6:4;12:23;13:24;
27:21;29:17;31:9;
47:18
**clarify (1)**
7:13
**class (3)**
18:19;25:9;28:4
**clauses (1)**
22:11
**clear (17)**
12:6;15:8;25:1;
27:9;32:9,23;34:8;
35:6;36:20;38:15,
21;40:17;42:4;
43:22;46:7;47:12,21
**clearly (6)**
36:14;37:15;40:5,
24;41:16,17
**clerk (3)**
19:7;23:15;49:7
**clerk's (3)**
37:7,8;49:8
**clients (1)**

36:22
**Clinton (1)**
18:25
**close (1)**
21:12
**Code (5)**
40:22,24;41:7;
43:17,18
**Collier (1)**
38:13
**commenced (3)**
14:15;26:12;40:25
**commencement (3)**
40:23;42:19,25
**Commission (1)**
5:16
**Commodity (3)**
5:16;22:25;33:17
**commonly (1)**
38:4
**complaint (66)**
4:23;7:8;10:9,12,
14,24;12:11,18,23;
13:3,6,23;17:3,3,23,
24;19:3,8;20:6;22:4;
23:14;25:11;26:5;
28:5,21;29:16;30:15,
16,19,22;31:12;32:3,
10;35:18;36:6,21;
37:14;38:22;39:23,
24,25;40:1,4,6;41:1,
20;42:11,14,20;
44:15,19;45:16,21,
22,23;46:1,6,7,16;
47:7;48:11;49:5,6,7,
10,12
**completely (7)**
11:8;16:8,12,14;
43:15,15,19
**compliance (2)**
36:8,14
**comply (1)**
18:17
**concede (1)**
25:15
**concern (1)**
36:25
**concerned (3)**
12:20;16:20;39:1
**conclude (1)**
39:21
**concluded (1)**
50:12
**concludes (1)**
50:5
**conduct (1)**
22:4
**conducts (1)**
25:13
**conference (3)**
37:5;38:23;41:18
**confers (1)**
41:8

**confirm (1)**
9:22
**confusing (1)**
24:20
**confusion (1)**
22:10
**conjuring (1)**
48:4
**consider (2)**
30:17;37:23
**considerable (2)**
39:18,19
**consideration (12)**
6:2;8:18,23;31:5;
33:21;34:2,2;45:12,
12,13;46:22;47:22
**considered (3)**
38:5;42:14;48:1
**considering (1)**
22:8
**considers (1)**
37:25
**consistent (3)**
48:9,17,21
**constitute (1)**
42:21
**Constitution (1)**
48:21
**constructive (3)**
34:25;35:8;44:6
**contact (2)**
20:13,14
**contain (1)**
49:8
**contained (2)**
13:23;49:4
**contemplated (1)**
39:9
**contempt (3)**
31:3,4,5
**contended (2)**
36:10;43:20
**contention (5)**
6:11;27:25;43:5;
44:14;45:1
**contentions (1)**
4:21
**continue (2)**
17:8;35:24
**continued (1)**
42:23
**contract (2)**
24:10;31:1
**contrary (1)**
40:2
**control (1)**
43:3
**conveyance (3)**
8:18;44:5,22
**conveyed (2)**
11:10;40:9
**copies (1)**
28:18

**copy (7)**
19:3;20:16;25:11;
28:5,20;48:15,16
**corners (1)**
13:23
**Corp (2)**
18:25;38:11
**corporation (1)**
25:2
**correspondence (1)**
38:19
**counsel (18)**
7:7;8:4;10:22;
20:25;26:6,24;27:3;
36:17,19,20;38:20;
41:21,24;42:1,2,5;
48:9,14
**counselor (1)**
4:15
**counter (1)**
11:1
**county (1)**
23:15
**couple (1)**
4:18
**course (7)**
32:3;37:2,4;39:8;
43:14;44:18;48:19
**COURT (188)**
4:2,6,13,17,22;5:9,
12,16,17,22;6:6,7,14,
20;7:1,6,11,17,25;
8:3,6,7,10,14;9:6,8,
10,14,16,18,20,24,
25;10:2,4,7,10,12,15,
20,22;11:3,6,15,20,
24;12:2,5,8,10,15,
17;13:4,22,24;14:15,
19,20,22;15:1,3,5,10,
12,14,14,17,19,21,
24,25;16:3,7,11,18,
25;17:2,6,11,12,19;
18:4,7,9,9,11,13,15,
18,24,25;19:7,15,21,
24,25;20:2,5,10,19,
23;21:6,13,13,21;
22:25,25;23:2,3,12,
20;24:1,12,17,22,24;
25:1,5,9,16,23;26:7,
15,16,20,25;27:7,9;
28:16,18,23,25;29:7,
10,11,22;30:2,4,17;
31:6,8,18,20,23;
32:2,7,16,20,23,25;
33:7,10,15,17,19,24;
34:1,17,19,22;35:13,
20,22;36:23;37:23,
24;38:18,19,21;
41:25;42:3,16,19,23;
45:2,3;47:3,10;
48:13,23;49:1,10,16,
19,22;50:1,5,8
**courtesy (3)**

19:13,14;20:12
**courts (1)**
13:11
**court's (6)**
14:23;37:22;38:8,
20;47:5,18
**covered (2)**
32:17,20
**CPLR (4)**
18:7,14,24;29:1
**credibility (1)**
11:7
**credible (1)**
27:5
**Creditor (9)**
6:3;22:13;23:25;
24:6,7;36:3;41:4,8,
10
**creditors (4)**
26:7;36:23;42:17;
43:11
**creditors' (1)**
43:3
**criminal (1)**
31:4
**cross-motion (1)**
17:13
**crystal (1)**
15:8
**culminating (1)**
46:24
**culpable (1)**
37:25
**current (1)**
40:10
**custody (1)**
13:4
**cut (1)**
15:21

**D**

**Date (6)**
11:1;26:18;32:1,6;
41:1,6
**dated (2)**
8:21;49:23
**dates (1)**
21:15
**David (2)**
4:14;26:2
**DAVIS (105)**
4:4,7,8;5:6,6,11,
14,19;6:13,17,24;
7:3,18;8:2,6,9,13,16;
9:7,9,12,15,17,19,23;
10:1,3,6,8,11,13;
11:4,14,19,23;12:2,
7,16;13:21;14:24;
15:3,9,12,16,18,23,
25;16:6,10,16,24;
17:1,13;18:11,14;
19:18,22;20:1,8,21,

24;24:16,18,23,25;
25:4,8,15,21;27:8;
28:2,18,24;29:6,8,
14,25;30:3,5;32:11,
19,22,24;33:4,9,12,
17,23,25;34:16,18,
21;35:11,18;48:25;
49:2,2,14,18,21,25;
50:2,7,9,11
**day (2)**
19:24;20:24
**days (2)**
17:7;37:3
**DCL (2)**
43:17;44:6
**deal (1)**
18:16
**dealing (1)**
35:5
**deals (3)**
25:2,6;44:5
**dealt (4)**
13:16;27:12;
33:20;41:12
**death (1)**
47:12
**Debra (3)**
5:7;14:11;23:14
**Debra's (1)**
23:17
**debt (6)**
11:18;12:9;16:13,
22;33:5,8
**debtor (32)**
4:25;5:7;6:3;7:14,
15,21;8:4,19;11:11;
12:19;16:1,13,17;
17:10,15,24;18:3;
19:5;20:22;21:1,10;
24:10;30:6;36:3,4,
23;41:3,10;43:8;
45:6;46:2,8
**debtor-creditor (3)**
29:18;31:16,25
**debtor's (20)**
9:12,20;17:5;
19:13;20:12,17,21;
22:11;40:8,9,10;
43:9;44:12,13,14;
45:9;46:8,17,18;
47:11
**deceased (3)**
5:7;8:19;24:10
**December (6)**
20:7;26:8;36:7;
42:6,6;45:20
**decide (1)**
47:6
**decided (1)**
33:1
**decision (7)**
14:19,23;15:16,
18;19:1;49:4;50:4

**declaration (1)**
43:7
**declare (1)**
16:22
**declaring (1)**
43:7
**deed (49)**
6:18;7:7,12,14;
8:1,8,12,15,24;9:7;
10:14;14:9;22:6;
23:11,13,16;24:2;
30:2,10,12,20;31:9,
10,10,13,13,20;32:8;
36:4;40:1,8,14,19;
42:17;44:18,19;
46:17;47:9,24,25;
48:8;49:5,11,19,20,
22,25;50:2,3
**deeds (2)**
30:7,13
**deemed (1)**
35:1
**default (32)**
4:10;13:18,19;
21:23,24;22:13;
25:19;30:18;36:1,
11;37:7,8,10,17,18,
20,21,22,25;38:1,24,
25;39:10,13,14;42:5;
43:13;48:5,6,10,22;
49:8
**defaulting (2)**
38:3,7
**defaults (1)**
11:15
**defend (4)**
17:8,9,11;35:10
**defendant (11)**
4:5;5:1;6:12;7:9;
12:20;17:24;21:24;
28:4,15;29:9;43:8
**defendants (25)**
7:12,23,24;8:1,8;
12:12,13;13:18;
17:25;20:15;22:2;
27:2;36:9,17,19;
37:6;39:13,22;
40:10;41:15,22;
42:1;43:20,23;49:3
**defendants' (5)**
4:24;36:24;37:14;
39:19;48:14
**defense (9)**
12:21,24;38:3,7;
39:17,20;44:22;
45:1;48:2
**defenses (5)**
27:13;29:20;
40:13;48:1,4
**defines (1)**
31:13
**delay (3)**
38:22;39:5,8

**delivery (3)**
17:1;18:16,18
**demise (1)**
23:9
**denial (1)**
25:23
**deny (2)**
16:12;23:24
**depends (1)**
29:25
**depository (1)**
25:6
**deprived (1)**
45:3
**depriving (1)**
32:12
**describe (1)**
50:2
**described (2)**
10:24;44:15
**describes (1)**
40:6
**determination (1)**
45:8
**determine (1)**
29:16
**determined (1)**
16:5
**device (1)**
49:22
**Diakuhara (1)**
38:11
**died (2)**
8:7,12
**different (7)**
16:8,12,14;34:23;
43:15,15,19
**difficulties (1)**
39:6
**direct (1)**
21:21
**directed (1)**
21:25
**direction (1)**
38:9
**directly (3)**
19:11;22:13;47:9
**disagree (1)**
8:16
**discharge (2)**
16:13,22
**discover (1)**
19:7
**discovery (2)**
30:14;39:6
**discretion (4)**
17:21;37:22,23;
39:12
**discussed (3)**
27:19,20;49:11
**dismiss (3)**
14:18;36:24;40:5
**dismissal (2)**

18:8;42:21
**dismissed (2)**
15:22;42:18
**dismissing (1)**
38:20
**disposition (1)**
37:21
**dispute (2)**
26:5;36:7
**disputed (3)**
8:23;35:15;41:15
**disputes (1)**
38:8
**dissolution (2)**
45:14,18
**distributees (4)**
7:20,22;23:6;24:6
**distribution (6)**
8:20;11:10;33:21;
34:3,4;45:24
**divorce (6)**
8:21;30:23;33:5,5;
45:18,25
**divorced (1)**
7:21
**docket (9)**
10:21;26:11,11,15,
17;28:10;37:7;49:4,
7
**documents (3)**
13:6;40:2;44:15
**dollar (2)**
33:8;46:11
**dollars (3)**
11:12;34:10;46:20
**Domestic (2)**
5:24;31:1
**done (2)**
29:19;35:14
**doubt (2)**
39:22;49:12
**doubts (1)**
38:9
**draft (1)**
27:14
**due (1)**
37:3
**during (2)**
9:4;22:19
**dwelling (1)**
25:12

**E**

**earlier (1)**
33:14
**early (1)**
39:2
**effect (1)**
32:1
**effective (1)**
31:17
**either (5)**

13:1;16:18;18:22;
25:21;41:22
**elapsed (1)**
38:15
**email (2)**
48:15,16
**end (3)**
20:3;29:1;31:7
**Enough (6)**
33:8,10,11;34:20;
35:20;49:17
**Enron (1)**
38:11
**ensued (1)**
37:10
**enter (2)**
30:18;48:6
**entered (1)**
13:19;37:8;45:19
**entire (1)**
46:20
**entirety (1)**
26:17
**entitle (1)**
37:15
**entitled (2)**
24:3;43:21
**entitlement (1)**
11:24
**entity (2)**
14:2;28:6
**entry (13)**
4:10;13:17;25:19;
37:7,8,17,17,22;
38:24;39:12;49:5,7,8
**envelope (4)**
18:21;24:14;
28:20,20
**equitable (5)**
8:20;11:10;34:3,4;
45:24
**escrow (1)**
49:24
**especially (1)**
22:14
**essential (2)**
14:4;23:21
**estate (33)**
4:24;5:4,15,18;
6:11,15;7:2,4,4;8:14,
15,25;11:22;13:5,12,
25;14:3;22:12;23:5,
6,23,25;24:7;30:13;
32:12,13,25;39:1,4;
47:2,10,19,25
**even (13)**
15:10;17:18;
21:23;23:12,17;35:8,
12;39:21;43:5;44:5,
10,21,22
**event (2)**
26:11;47:9
**eventually (1)**

48:19
**everybody (2)**
20:8,9
**everywhere (1)**
49:12
**evidence (1)**
39:5
**ex- (2)**
46:8;47:1
**exceeded (1)**
12:9
**Except (2)**
28:25;44:3
**exception (10)**
13:10,22;18:2;
27:12;47:5,15,15,17,
22;50:3
**exceptions (1)**
49:3
**exchange (1)**
33:4
**exclusive (3)**
15:4,6;38:5
**exclusively (1)**
43:2
**excusable (1)**
21:23
**excuse (2)**
27:3;38:22
**excused (2)**
21:25;22:14
**executed (1)**
40:9
**executor (1)**
6:22
**exercise (1)**
39:11
**exercised (1)**
47:11
**exercising (1)**
37:23
**exhibit (7)**
10:13,19;17:16;
19:22;26:6;36:13;
49:5
**exist (2)**
14:2;23:15
**exists (1)**
22:19
**expect (1)**
20:13
**expectation (1)**
23:8
**expected (1)**
20:12
**expert (1)**
9:9
**expressly (1)**
31:12
**ex-spouse (5)**
40:9;44:13;45:6;
46:2;47:2
**extend (1)**

47:22
**extended (2)**
19:14;20:11
**extensively (2)**
40:3;49:10
**extent (3)**
8:14,22;12:25

**F**

**F3d (1)**
38:11
**fact (14)**
8:24;18:7;22:14,
18,22;23:5;26:4;
28:12;29:15;39:8;
40:3,17;43:21;44:19
**factor (1)**
38:6
**factors (2)**
37:24;38:4
**facts (3)**
33:16,20;47:13
**factual (2)**
30:18;49:3
**fails (1)**
42:11
**failure (3)**
27:4;37:14;39:14
**fair (3)**
33:21;45:12;46:22
**fairness (1)**
9:23
**faith (7)**
6:4;12:22,25;35:3;
43:24,24;44:2
**fall (1)**
39:17
**falls (2)**
31:24;41:5
**false (1)**
11:8
**family (1)**
44:20
**far (10)**
5:3;7:22;8:11,15;
12:20;16:20;32:25;
35:3;39:1;46:20
**farfetched (1)**
43:5
**fashion (1)**
23:12
**fast (1)**
11:7
**father (1)**
36:24
**faulting (1)**
29:22
**favor (1)**
38:10
**featured (1)**
26:16
**February (5)**

13:20;31:14;37:6,
8,9
**federal (8)**
13:11;18:15,18;
26:16;38:12;42:9;
47:5,17
**feel (1)**
23:5
**fides (1)**
44:2
**fiduciary (3)**
5:20,21;7:5
**file (4)**
19:19;23:19;24:7;
26:15
**filed (23)**
14:17;16:1;20:9;
21:2,10;26:8,9,20;
28:11;30:8,12,14,20;
32:2,3;36:6,18;37:4,
7,10,11,13;41:1
**filing (3)**
30:7;32:5;42:20
**final (1)**
48:21
**fine (2)**
4:6;49:10
**finish (3)**
7:25;33:24;34:1
**first (16)**
5:2,3,6;13:21;
14:10,14;18:19;
19:24;21:18,18;
24:9;25:9;39:10;
40:21;45:6;47:8
**focus (3)**
39:16;44:11;45:16
**focused (1)**
45:10
**follow (1)**
18:22
**following (1)**
8:17
**form (1)**
24:7
**formal (1)**
32:14
**formally (1)**
48:14
**formed (2)**
7:4;23:5
**former (6)**
4:25;34:13;46:15,
18,21;47:12
**forms (1)**
26:23
**forth (6)**
36:12;38:19;
40:21;41:16;46:9,19
**four (1)**
13:23
**Frankly (5)**
16:11,11;38:5;

44:7,15

**fraud (13)**
6:1,4;12:18,19,19;
14:7;30:6;34:19,23,
24;35:5,6;44:23

**fraudulent (29)**
8:18;12:9,20;15:7;
16:4,14,17,19,20;
34:20,21,25;35:1,3,
8;40:12;41:4;42:25;
43:12,23,25;44:5,7,
10,20,21,24;47:6,22

**fraudulently (1)**
12:1

**Friday (1)**
37:12

**front (2)**
11:4;26:24

**further (3)**
21:2;32:25;42:22

**Futures (3)**
5:16;23:1;33:17

**G**

**gather (3)**
4:23;45:1;47:4

**general (2)**
27:17;29:10

**generally (2)**
37:24;38:11

**given (10)**
8:24;12:22;13:10,
13;29:15;40:25;
41:21;42:24;44:15;
48:4

**gives (2)**
30:25;40:22

**giving (1)**
39:21

**goes (1)**
18:4

**Good (10)**
4:4,14,17;6:3;
9:25;12:21,25;35:3;
43:24;44:2

**Grant (15)**
4:2,9;17:25;20:11;
21:6;22:15;23:7;
25:21;32:11,13;
35:11;36:9;40:10;
48:5,20

**granted (3)**
27:18;42:12;48:24

**granting (2)**
38:1;48:10

**grounded (1)**
43:16

**guess (3)**
4:7,18;5:2

**H**

**hand (1)**
39:15

**happen (1)**
13:18

**happened (2)**
6:15;35:2

**happy (2)**
4:19;13:17

**hear (4)**
4:5,6,19;13:17

**heard (1)**
33:10

**hearing (1)**
33:11

**heirs (1)**
7:23

**Herbst (1)**
4:15

**holds (1)**
45:5

**Honor (33)**
4:4,14;7:10,13,18;
9:23;10:6,18;11:5;
13:21;15:3,9;16:24;
20:1,4;24:16;25:4,
15;26:1;27:6;28:2;
29:15;31:12,22;32:6,
11,19;33:12;48:12,
25;49:15;50:4,10

**house (13)**
9:13,15,21;11:10,
21,23;12:3;14:14;
25:12;33:2;34:6,11,
12

**I**

**idea (2)**
5:8;14:12

**identical (1)**
17:23

**identified (4)**
31:7;39:3;40:4;
41:17

**identify (1)**
40:16

**ie (2)**
37:1;38:2

**ignorance (1)**
27:4

**impede (1)**
19:3

**impeded (1)**
18:6

**impossible (1)**
29:16

**inapplicable (1)**
35:7

**inapposite (3)**
33:16,20;34:17

**include (4)**
5:25;19:2;29:20;
45:12

**including (8)**
10:16;11:3;12:23;
13:8;20:8;36:22;
41:13,16

**incompetent (1)**
25:11

**incorporated (8)**
10:24;13:7;30:24;
39:25;42:10;45:19;
46:5;49:11

**incorporates (2)**
40:6;41:7

**incorporating (1)**
30:19

**increased (1)**
39:6

**indeed (2)**
36:12;44:3

**independently (2)**
47:13;48:7

**index (3)**
18:11;26:23;27:4

**indicate (1)**
30:6

**indicated (3)**
24:1;26:7;28:12

**indicates (1)**
23:23

**indicating (2)**
17:17;18:21

**indication (1)**
22:7

**indispensable (1)**
13:13

**individual (5)**
24:15;25:10,13;
42:17;43:11

**individuals (2)**
23:21;47:23

**individual's (1)**
25:12

**infant (1)**
25:10

**information (1)**
22:8

**initial (1)**
17:3

**innocence (3)**
22:3,24;43:22

**innocent (3)**
22:15;35:12,14

**inquiry (1)**
21:3

**inserted (1)**
47:6

**installments (1)**
34:10

**instead (3)**
34:11;37:16,18

**institution (1)**
25:7

**insufficient (1)**
41:11

**insured (1)**
25:6

**intended (1)**
14:10

**intent (9)**
35:9;44:5,11,12,
12,12,14,21,24

**intention (1)**
44:24

**intentional (1)**
44:21

**interest (23)**
8:11;9:12,20;
11:18,18;12:3;13:5,
14;14:6;23:8,22;
33:1,3,4,7;34:4,8;
40:8;45:9;46:9,10,
11,13

**interested (1)**
9:1

**interests (1)**
8:5

**interfere (1)**
36:25

**interject (1)**
26:1

**interpose (1)**
18:6

**interrupt (4)**
6:7,8;19:15;24:12

**interrupted (1)**
27:13

**into (4)**
10:24;18:4;39:25;
49:11

**involve (1)**
47:18

**irrelevant (2)**
35:4;43:25

**issue (12)**
13:16;14:6;22:3,
19;27:19;32:8;34:3;
40:7,8;41:12;42:21;
46:7

**issues (8)**
22:14;23:10,20;
34:7;45:17;46:3,21,
23

**items (1)**
40:6

**J**

**January (4)**
37:3;42:6,6;45:23

**joinder (1)**
27:19

**joint (2)**
7:16;40:11

**judge (2)**
47:17;50:9

**judgment (24)**
4:10;13:18;18:4;

**insured (1)**
25:6

25:19;30:23;35:16;
36:1,11;37:10,15,16,
19,21,22;39:10,13;
42:5;43:13;44:9;
45:18,25;48:6,10,11

**judicial (3)**
13:7;17:2;44:16

**June (2)**
37:11;45:19

**jurisdiction (19)**
4:22;5:13;13:11;
14:21;15:4,6,13,14,
15;27:17;29:10;
45:3,4;47:4,5,11,14,
18;48:20

**jurisdictional (3)**
5:4;13:2,16

**K**

**kept (1)**
34:8

**key (3)**
38:6;40:2,7

**knew (1)**
20:9

**knowledge (2)**
26:23;28:14

**L**

**lack (4)**
5:13;8:23;33:21;
45:11

**lacked (1)**
8:18

**lacks (3)**
4:22;45:3;47:3

**Lamonica (1)**
4:15

**landline (1)**
4:8

**last (5)**
11:1;37:11;44:4,
25;47:2

**Lastly (1)**
43:20

**later (1)**
37:5

**Law (19)**
5:24;6:3,23,25;
15:8;20:18;21:20;
22:2;28:7;29:18;
31:2,17,25;35:4,21;
36:3;41:4,9,10

**laws (1)**
29:8

**lawsuit (3)**
41:6,17;42:5

**lawyer (2)**
24:17;28:21

**least (1)**
23:23

19-08713-rdd Doc 55 Filed 06/30/20 Entered 06/30/20 09:19:40 Main Document
19-08713-rdd Doc 20-6 Filed 06/29/20 Entered 06/29/20 09:15:06 Main Document

MARK S. TULIS v.
PASWALL, et al.

Pg 58 of 62

June 19, 2020

**leaves (1)**
16:9
**led (1)**
44:19
**legitimate (1)**
25:17
**length (1)**
38:15
**lengthy (1)**
48:4
**letter (4)**
19:22;20:25;21:5,
13
**letters (1)**
21:24
**life (1)**
7:15
**lifetime (2)**
9:4;22:19
**light (3)**
38:7;42:19;48:21
**limit (1)**
47:17
**limitations (10)**
27:22;28:1;29:14,
17,24;32:8;40:15,16,
20;41:3
**limited (4)**
30:14,21;34:15;
46:11
**linked (3)**
17:5;19:6,9
**linking (1)**
26:11
**lis (2)**
14:17;17:14
**lists (2)**
25:19;26:9
**litigate (2)**
22:3;23:7
**litigated (1)**
20:10
**litigation (11)**
35:2,16;38:16,17,
18;40:17;41:25;
42:3,16,23;44:10
**little (1)**
24:20
**long (1)**
6:1
**look (4)**
12:18,19;22:10;
44:1
**looked (1)**
19:10
**looking (5)**
10:12;12:11;
25:18;27:14;29:15
**looks (1)**
7:8
**lose (2)**
16:10;24:4
**losing (1)**

11:6
**loss (1)**
39:5
**Lowell (3)**
4:8;5:6;49:2
**Lucas (3)**
20:9;21:10;28:12

## M

**mail (6)**
18:16,17,19;25:9;
36:8;41:14
**mailed (2)**
24:14;28:5
**mailing (3)**
18:20;25:11;28:22
**makes (4)**
24:19;29:6;38:21;
46:7
**making (1)**
28:8
**Maniscalco (1)**
4:15
**many (1)**
33:10
**March (1)**
37:11
**marital (15)**
5:23;9:15,19;
11:19;12:3;22:16;
23:22;24:4;32:14,14,
25;45:8;46:13,15,22
**Mark (1)**
4:16
**market (1)**
11:16
**marriage (2)**
45:14,18
**Marshall (4)**
13:11,12;47:16,16
**material (1)**
18:2
**materially (1)**
46:17
**matrimonial (4)**
10:15;45:7;46:3,4
**matter (17)**
4:22;5:13;12:24;
14:21;15:19;27:17;
30:11;31:14;32:5;
35:13,20;37:1;
43:21;44:1,21;
47:20;48:20
**matters (3)**
35:14;39:3,24
**may (6)**
12:21;20:3;21:5;
27:8,18;37:23
**maybe (1)**
6:9
**mean (1)**
24:21

**meaning (2)**
5:24;8:19
**members (1)**
44:20
**mention (1)**
30:13
**mentioned (1)**
41:10
**meritorious (7)**
38:3,7;39:17,20;
44:22;45:1;48:2
**merits (4)**
27:14;38:8,10;
44:2
**met (1)**
40:25
**might (5)**
28:14;29:21,21;
42:21;45:11
**miscellaneous (1)**
19:1
**misrepresenting (1)**
35:21
**mixed (1)**
5:10
**modified (1)**
45:25
**Monday (2)**
19:23,23
**monetary (3)**
11:18;34:2;37:16
**money (3)**
11:22;13:9,14
**month (3)**
19:25;20:1;37:5
**months (1)**
32:5
**Moore's (1)**
38:12
**more (6)**
12:5;30:18;37:16;
43:5;46:20;48:3
**Moreover (3)**
26:14;42:3;47:21
**morning (3)**
4:4,14,17
**most (2)**
38:4;44:3
**mother (1)**
4:24
**mother's (2)**
23:9,22
**motion (25)**
4:10,12;10:11,15,
19,23;14:18;25:19;
27:23;35:25;36:10,
14,21;37:10;40:5,16;
41:11;42:4,8,13;
43:13;45:21;48:6,10,
24
**motions (1)**
30:18
**move (4)**

15:11,19;16:12;
37:18
**much (1)**
30:18
**multiple (2)**
10:16;36:21
**must (2)**
37:18;47:3

## N

**name (8)**
4:8;14:10,10,11;
23:14,17;35:6;43:22
**named (12)**
4:24;5:4;7:22,24;
13:13;14:10;17:15,
18;22:22;23:14;
24:5;47:3
**namely (2)**
44:17;46:3
**names (1)**
5:9
**nature (2)**
18:3;35:3
**necessarily (3)**
23:9,24;30:3
**necessary (2)**
6:11;39:25
**necessity (1)**
5:20
**need (7)**
9:2;13:13;14:1;
19:10;23:10;30:14;
42:2
**needs (1)**
35:6
**neither (3)**
17:5;23:5;45:4
**net (1)**
11:16
**nevertheless (4)**
14:1;19:1;23:7;
24:5
**New (11)**
6:2;23:2;29:1,5,
12;35:4;36:2;40:5;
41:3,10;43:17
**next (1)**
16:1
**nondischargeability (1)**
16:4
**nondischargeable (2)**
18:4;43:8
**none (3)**
6:20;28:18;40:18
**nonmonetary (1)**
45:13
**nor (1)**
13:12
**normal (1)**
20:13
**normally (1)**

29:19
**note (1)**
26:19
**noted (3)**
33:24;34:1;49:16
**notice (22)**
13:7;17:3,15,16,
17,22;19:16,16,18;
21:12;26:14,20,23;
35:19;36:18;37:17;
38:16,24;41:18,23;
42:5;44:16
**noticed (1)**
28:14
**notified (2)**
21:10,11
**noting (1)**
49:16
**notwithstanding (8)**
13:24;14:13;
21:24;22:1;23:20,
21;26:22;47:14
**November (1)**
36:6
**number (25)**
17:4;18:7,10,12,
12;19:2,4,5,10,10;
25:20,22,25;26:3,10,
17,24;27:5,5;28:12,
16;41:18,19;49:9,12
**NY3d (1)**
23:1

## O

**object (1)**
7:18
**objection (12)**
27:23;36:10;
37:11,13;40:15;
41:11;42:8,13,15;
43:6;45:2;48:23
**obligation (2)**
11:12;43:9
**obtain (2)**
19:3;39:9
**October (8)**
9:11;13:8;34:7;
44:17;46:10,19,24;
49:6
**off (1)**
50:8
**Oil (1)**
38:11
**omission (2)**
18:7,9
**omitted (1)**
17:4
**One (20)**
4:21;7:19;12:17;
15:25;16:12;18:1,3;
30:5,7,8;31:7;32:8;
33:11;35:21;37:4;

39:11;40:13;43:16;
44:4;45:4
**ongoing (1)**
38:17
**only (16)**
6:4;7:19,22,23;
10:13;11:24;12:24;
13:5,13;15:23,25;
29:3;32:8;34:4,8;
38:19
**onto (1)**
28:10
**open (1)**
19:24
**operation (3)**
6:23,24;22:2
**opponents (1)**
36:22
**opportunity (1)**
30:25
**opposed (2)**
14:18;17:13
**opposing (1)**
38:1
**opposite (1)**
10:2
**opposition (5)**
4:9,12,21;21:22;
28:13
**oral (4)**
4:19;40:3;42:14;
45:2
**order (5)**
23:13,16;48:9,14,
21
**Originally (1)**
20:25
**ostensibly (1)**
47:4
**otherwise (1)**
25:17
**out (6)**
8:24;13:14;23:11;
25:8;33:5;46:24
**outside (1)**
12:12
**over (8)**
4:22;9:22;14:21;
22:1;43:3,11;47:11;
48:20
**overruled (1)**
48:23
**owed (1)**
24:3
**owes (1)**
16:13
**owned (1)**
9:4
**owners (1)**
22:9

**P**

**paid (4)**
6:2;11:17,22;34:9
**papers (4)**
27:2;30:3,5;31:6
**paragraph (8)**
10:16;11:3;26:7;
38:13;45:21,21,22;
46:1
**paragraphs (1)**
10:16
**part (5)**
10:8,11,23;22:11;
35:9
**participants (3)**
12:14;14:7;35:12
**participated (1)**
22:7
**particular (2)**
27:24;39:3
**parties (8)**
8:19;11:9;30:10;
38:16;42:19;43:2;
45:17;46:24
**parties' (1)**
4:18,20
**partnership (1)**
25:3
**party (18)**
9:1;13:13;14:9;
16:21;17:15;22:22;
23:13,21;24:5,15;
28:22;30:25;38:2,3,
7;41:25;47:3,24
**passed (12)**
4:25;5:10;6:16,18,
22,23,24;22:18,20,
22;47:2,25
**Paswall (20)**
4:2,2,3,9,9,25;5:7,
8;14:9,11;17:18,25;
20:11;22:6;24:10;
34:5;36:9,9;40:10;
44:24
**Paswall's (2)**
9:4;23:6
**payment (2)**
13:14;34:14
**payments (2)**
11:12;46:12
**pendency (2)**
26:14,20
**pendens (2)**
14:17;17:14
**pending (5)**
12:23;28:13;35:2,
16;44:9
**period (3)**
31:25;41:5;48:4
**permission (1)**
23:19
**permitted (1)**
32:4
**person (3)**

5:8;17:20;30:21
**personal (1)**
5:14
**pertaining (2)**
45:17;46:21
**petition (1)**
31:16
**phone (2)**
4:8;9:22
**place (4)**
14:1;25:12,13;
39:10
**placed (2)**
11:16;45:20
**plainly (1)**
31:24
**plaintiff (6)**
4:16;21:23;37:15,
18;40:22;43:10
**plaintiffs (1)**
22:12
**plaintiff's (1)**
27:21
**pleadings (4)**
4:18,20;18:20;
20:16
**please (1)**
33:13
**PM (1)**
50:12
**point (9)**
6:10;11:9;13:2;
24:13;26:2;27:11,17,
20;49:15
**policy (1)**
47:21
**portion (1)**
49:4
**posed (1)**
48:1
**possession (1)**
13:4
**postage (1)**
25:10
**post-petition (1)**
32:4
**potential (1)**
14:21
**Practice (1)**
38:12
**preceded (1)**
8:21
**precedence (1)**
43:11
**precedent (1)**
18:15
**preceding (1)**
21:7
**precludes (1)**
15:15
**preclusion (1)**
42:21
**predeceased (1)**

7:21
**preference (1)**
38:8
**prejudice (9)**
14:20;15:18;38:1,
6,21;39:1,7,16;42:18
**prejudiced (1)**
39:4
**prepaid (1)**
25:10
**prepare (1)**
21:3
**prepared (2)**
21:2;30:6
**prescribed (1)**
28:6
**presumptively (1)**
44:20
**pretrial (1)**
38:23
**pre-trial (2)**
37:5;41:18
**prevalent (1)**
30:9
**previously (1)**
13:19
**primary (1)**
22:13
**priority (1)**
24:8
**probate (13)**
6:15,21;9:2;13:4,
10;27:12;47:5,15,15,
17,19,20,22
**problem (1)**
45:15
**Procedure (1)**
42:9
**proceeded (1)**
17:9
**proceeding (47)**
4:23;6:15;9:2,3;
14:13,14,16;15:6;
17:9,18,19;19:2,9,
12;20:9,17,22,23;
21:1,6,18,19;25:20,
22,24;26:3,9,10,12,
17,25;27:5;28:9,11,
12,13;31:3,4;33:5,6;
36:1;38:17;41:19;
43:7,9;45:7;46:14
**proceedings (4)**
18:1;30:5;43:14;
50:12
**proceeds (6)**
6:1,4;11:17;13:9,
14;14:5
**process (4)**
25:6;27:20;41:12,
13
**profession (1)**
25:14
**promptly (1)**

38:24
**proof (1)**
43:15
**proper (3)**
6:11;17:1;27:10
**properly (3)**
36:11;39:16;41:17
**property (23)**
5:24;6:16,18;9:5,
15,19;11:16;13:3,9,
15;18:5;23:16,23;
24:2;32:15;33:22;
40:8;45:8,11;46:14,
20;47:8,11
**protocols (1)**
20:13
**prove (1)**
43:21
**provide (1)**
48:15
**provided (2)**
12:25;44:17
**provides (5)**
7:14;11:10,13,15;
25:9
**providing (2)**
34:14;48:7
**provision (2)**
17:22;44:8
**provisions (3)**
8:20;44:7;45:24
**public (7)**
30:8,11,11,21;
31:9,14;48:8
**pulling (2)**
25:8;36:16
**purely (1)**
47:20
**pursuit (1)**
42:23
**put (3)**
26:6;29:19;33:13
**Putting (4)**
24:5,6;29:20,22

**Q**

**quite (1)**
21:7
**quote (1)**
48:18

**R**

**raised (1)**
27:14
**rarely (1)**
33:10
**Rather (2)**
13:5;46:16
**re (1)**
4:2
**reached (1)**

eScribers, LLC | (973) 406-2250
operations@escribers.net | www.escribers.net

A.267

MARK S. TULIS v.
PASWALL, et al.

June 19, 2020

46:2
**reaches (1)**
35:11
**read (8)**
4:17,20;9:16,22;
10:4,4;15:1,2
**reading (1)**
45:2
**ready (1)**
33:11
**real (2)**
40:8;45:11
**realize (1)**
19:6
**realized (1)**
21:3
**really (8)**
6:8;7:7,11;11:6;
12:24;16:19;22:23;
25:17
**Realty (1)**
18:25
**reason (4)**
8:17,25;11:25;
15:22
**reasonable (2)**
27:3;29:21
**reasons (2)**
45:4;48:22
**received (7)**
20:16;25:21;26:6;
27:1;43:24;47:23,24
**receiving (3)**
23:8;24:15;44:13
**recently (1)**
5:22
**recipient (1)**
43:23
**recognize (1)**
41:14
**recollection (1)**
10:13
**record (7)**
26:25;31:7,10,14;
33:13;45:20;48:23
**recorded (2)**
7:14;31:14
**recording (1)**
31:15
**records (1)**
48:8
**record's (1)**
27:9
**reduce (1)**
14:4
**redundant (2)**
18:1,1
**refer (4)**
5:15;22:25;31:6;
48:22
**reference (12)**
12:11;24:19;
28:21;29:6;30:20,

25;39:25;42:4;
45:19,22;46:6;48:19
**references (1)**
29:12
**referred (2)**
28:4;46:6
**referring (3)**
29:2;31:11,20
**refers (1)**
10:15
**reflects (1)**
26:20
**regard (4)**
6:17;14:14;28:8;
30:14
**regardless (1)**
22:22
**regularly (1)**
25:13
**Reid (10)**
4:3,9;17:25;20:11;
21:6;23:7;25:22;
32:13;36:9;40:10
**relates (2)**
11:19;29:17
**relation (1)**
46:22
**Relations (2)**
5:24;31:1
**relationship (1)**
45:13
**release (1)**
17:14
**released (1)**
49:24
**relief (7)**
10:25;27:18;31:8;
32:12;38:1;42:11;
43:19
**relieved (2)**
13:19;37:20
**relieving (1)**
39:13
**relinquish (1)**
15:12
**relinquishes (1)**
6:3
**rely (2)**
19:14;30:12
**relying (6)**
5:5;21:20;29:4,5,
12,13
**remained (1)**
9:3
**remaining (2)**
34:7;46:3
**removal (1)**
48:8
**rendered (1)**
14:19
**repeatedly (1)**
14:11
**repeating (1)**

27:11
**reply (3)**
23:23;26:6;37:13
**report (1)**
26:14
**representation (1)**
14:1
**representative (1)**
5:15
**representing (1)**
21:6
**request (2)**
37:7;42:18
**requested (1)**
41:23
**require (1)**
35:9
**required (1)**
41:23
**requirement (2)**
26:22;39:9
**requirements (1)**
18:20
**requires (1)**
24:14
**residence (3)**
5:25;32:14;46:7
**resolve (1)**
23:19
**resolved (5)**
22:14;34:7;38:10;
45:17;46:2
**resolving (1)**
38:8
**respect (4)**
4:21;16:20;32:24;
47:18
**respectfully (2)**
8:16;32:22
**respond (4)**
5:3;27:8;39:14,15
**responding (1)**
38:23
**rest (1)**
13:17
**result (2)**
18:8;46:22
**resulted (1)**
45:7
**resulting (1)**
39:5
**retain (1)**
32:14
**retained (1)**
8:4
**return (3)**
11:11;16:17;33:7
**review (1)**
33:13
**reviewed (5)**
33:15,18,19;
37:13;42:13
**reviewing (2)**

39:19,23
**Right (33)**
5:9,9;6:7,12;7:16,
17,19;8:3,8;9:18,21;
10:7;13:8;15:1,2,5;
16:3,25;17:7;20:2,5;
24:4;25:4,16;30:11;
31:23;32:7,13;34:9,
12;40:11;50:8,11
**rights (6)**
22:20;34:16;41:8;
46:17;47:23,24
**risible (1)**
16:11
**roughly (1)**
37:5
**Rule (18)**
17:2;18:24;24:14;
25:5,5;27:18;29:5,
13;33:11,12;36:8,14;
37:4,19;41:14;42:9,
10;47:17
**ruled (2)**
5:23;15:3
**rules (5)**
18:16;24:25;29:1,
5;39:9
**ruling (5)**
35:13;38:20;
48:10,17,18
**run (1)**
29:24

**S**

**sale (2)**
11:16,17
**same (5)**
14:15;15:22;
26:18;35:23;45:22
**satisfied (1)**
35:17
**Saturday (1)**
19:23
**saying (10)**
6:14;7:2;9:24;
12:6,8,10;14:7;
16:16;23:16;35:5
**Second (6)**
5:22;14:8;15:20;
22:17,25;41:2
**secondly (1)**
47:9
**section (9)**
24:13;32:4;38:13;
40:21,24;41:7;43:16,
18;44:4
**sections (3)**
36:2,3;41:9
**secure (1)**
46:11
**secured (1)**
34:11

**security (3)**
11:11;46:11;49:22
**seek (3)**
31:8;43:18;46:14
**seeking (2)**
38:24,24
**seeks (5)**
13:3;36:2;37:16;
43:7,13
**send (2)**
20:15,19,21
**sense (1)**
13:1
**sensitive (1)**
39:3
**sent (5)**
19:22;20:24,25,
25;21:24
**separate (5)**
16:22;30:17;
34:14;39:7;43:6
**September (3)**
21:8,15,15
**serious (1)**
39:12
**serve (2)**
41:24;42:2
**served (13)**
17:19;19:18;20:6;
26:4,18,21;28:6;
36:6,7,11,12;37:9;
41:19
**serves (1)**
37:20
**service (22)**
17:20;19:12;
24:13,15;25:6;
26:19;27:10,19;
28:6;29:1,5,8,13;
36:13,20,21;37:4;
41:12,13,14,16,23
**serving (2)**
18:18;25:2
**set (8)**
36:12;38:19;
40:21;41:16;43:11;
44:1;46:9,18
**setting (1)**
26:3
**settle (1)**
48:14
**settlement (7)**
9:11;13:8;30:24;
40:2;44:17;46:2,15
**shall (1)**
11:16
**shared (1)**
27:2
**showing (2)**
26:11;35:9
**shown (1)**
38:6
**shows (1)**

36:14

**sic (5)**
11:1;18:22,25;
24:18;28:22

**sign (1)**
50:8

**signed (2)**
14:9;22:6

**significant (1)**
39:16

**similar (1)**
5:23

**Simply (4)**
16:7;35:1;39:8;
46:22

**simultaneously (1)**
21:16

**sit (1)**
29:23

**situation (1)**
39:11

**six (1)**
31:15

**six-year (3)**
31:25;41:2,5

**so-called (2)**
13:10;47:4

**sold (6)**
7:20;11:21,23,25,
25;24:2

**somehow (3)**
42:16,20;43:11

**someone (1)**
18:18

**Somers (1)**
45:11

**somewhere (1)**
30:20

**son (1)**
36:5

**sons (4)**
7:15;34:11;46:18;
47:8

**soon (1)**
36:20

**sorry (5)**
18:9;25:4,5;33:25;
45:21

**sort (2)**
12:21;46:15

**sought (2)**
10:25;36:24

**sound (1)**
47:21

**sources (1)**
36:22

**speaking (1)**
37:24

**specific (1)**
37:16

**Specifically (2)**
42:15;47:6

**specifies (1)**

27:23

**specious (1)**
33:11

**spent (2)**
39:18,18

**spoke (1)**
19:7

**spouse (10)**
4:25;5:7;6:2;8:19;
34:13;46:9,15,18,21;
47:12

**spouses (4)**
33:22;34:4,6;
45:14

**spouse's (1)**
47:2

**stages (1)**
39:2

**standards (1)**
43:15

**standing (2)**
37:15;43:1

**started (5)**
17:14;21:7,9,14,17

**state (36)**
6:5;13:4,22;15:20,
25;17:6,12,19;18:3,
11,15,24;20:10;21:6,
13;23:2;24:23,23;
26:7,15,25;28:7;
29:8,10,13;30:7;
36:22;38:18,19,20;
41:25;42:3,11,16,18,
23

**stated (2)**
47:16;48:23

**statement (1)**
27:17

**States (2)**
28:7;45:23

**status (1)**
5:17

**statute (14)**
27:21;28:1,7;
29:14,17,24;32:7;
40:15,16,21,25;41:2,
2;44:11

**statutes (1)**
40:20

**statutory (1)**
43:16

**stay (6)**
15:8,15,24;37:2;
42:24;43:4

**still (9)**
14:20;18:21;
21:25;22:21,21;24:5,
21;32:12;39:1

**stipulation (24)**
9:10,21;10:3,6,8,
16,18;11:9;24:4;
30:24;32:17;34:8,9,
10,14;40:1;45:20,24;

46:4,5,10,10,19,25

**stop (6)**
14:22;28:23;29:2,
12;35:13,22

**story (1)**
29:1

**striking (1)**
31:9

**strong (1)**
38:8

**subject (8)**
4:22;5:13,14;8:20;
16:22;22:16;24:9;
27:17

**submit (2)**
21:20;48:9

**submitted (1)**
49:7

**subsequent (1)**
18:5

**subsequently (1)**
46:1

**substituted (3)**
12:3;14:11;17:20

**succeeding (1)**
19:23

**sue (2)**
31:1,1

**sufficient (8)**
28:5;29:3,4,4,11;
31:5;37:18;41:13

**suggesting (3)**
8:4;12:2,5

**suitable (1)**
17:20

**summons (17)**
17:1,14,17;18:16;
20:6;25:11,18,24,24;
26:4,4,5;28:5,16,17;
29:16;41:17

**supersede (1)**
38:18

**support (2)**
37:14;39:12

**Supreme (1)**
14:15

**sure (1)**
48:16

**surrogate's (1)**
47:10

**survivorship (3)**
7:16,19;40:11

**T**

**talking (2)**
7:1,25

**teeth (1)**
36:17

**telephone (1)**
6:9

**telling (2)**
10:22;25:17

**tenant (1)**
7:15

**tenants (1)**
40:11

**terminated (1)**
17:6

**terms (7)**
6:2;18:2;21:22;
22:24;29:14;30:12;
34:10

**testimony (1)**
39:5

**thereafter (2)**
8:5;10:17

**therefore (4)**
40:12;42:2;46:13;
47:12

**third (3)**
14:13;16:21;47:24

**thirty (1)**
17:7

**though (2)**
17:18;21:23

**three (4)**
7:16;18:1;37:3;
38:4

**threshed (1)**
23:11

**title (11)**
8:8;22:2,9,9;23:4,
8;32:13,14,16,17;
46:7

**today (4)**
4:11;29:23;39:18;
42:14

**today's (1)**
50:6

**together (5)**
9:22;10:4,5;15:1,2

**took (1)**
24:20

**torture (1)**
35:22

**toto (1)**
46:8

**Trading (3)**
5:16;23:1;33:17

**transaction (2)**
22:19;31:19

**transfer (53)**
7:8,14;8:10,17,22;
12:8,20,23;15:7;
16:4,14,16,21,21;
18:5;29:25;30:2;
31:10,17;32:9;
33:23;34:20,21,23;
35:1,1,4,8;36:4;40:7,
12,13,18;41:5;42:17;
43:1,12,23,24,25;
44:7,8,9,10,13,20;
45:9,10,16;47:7,23;
49:24;50:1

**transferee (7)**

5:21;22:24;23:13;
35:3,6,10;44:3

**transferees (3)**
14:8;22:15;23:22

**transferor's (2)**
35:9;44:11

**transferred (5)**
12:1;23:11;24:2;
47:8;49:23

**transferring (1)**
46:19

**transfers (1)**
44:8

**transpired (1)**
31:15

**trial (1)**
38:10

**trouble (1)**
19:8

**true (4)**
15:9,10;38:5;
39:24

**trustee (22)**
4:16;15:4,5,6,17;
16:2;19:19;23:6,18;
35:25;36:2;38:2;
39:2,7;40:22;41:9,
23,25;43:2,10,12;
48:9

**trustee's (10)**
4:10;7:7;8:4;
27:25;36:25;39:20;
42:20;43:12,25;48:6

**truth (1)**
42:22

**Truthfully (1)**
6:17

**Tuesday (1)**
19:24

**Tulis (2)**
4:2,16

**turn (2)**
27:15,16

**two (25)**
11:7,12;16:8,22;
20:25;21:24;24:18;
30:6,13;33:22;34:6,
9,23;36:8,17,19;
40:20,22;41:22;
43:14;45:4,14;
46:11;47:23;49:3

**U**

**ultimately (3)**
11:21;19:20;30:8

**unable (1)**
19:19

**unclear (2)**
14:24;27:2

**under (38)**
7:12;8:7,12;9:21;
14:7;17:2;18:7,14,

eScribers, LLC | (973) 406-2250
operations@escribers.net | www.escribers.net

A.269

22;20:13;23:4;
27:18;28:22;29:18;
30:2;31:1,1,10,16,
25;32:4;34:9;35:4,7;
36:2;37:4,19;40:24;
41:3,6,9,13;42:9;
44:4;47:4,9,23,24
**underlying (2)**
19:4;40:1
**Understood (2)**
16:24;38:17
**undertake (1)**
17:11
**undertook (1)**
17:8
**undisputed (1)**
46:16
**undisputedly (1)**
27:1
**undo (1)**
46:15
**United (1)**
28:7
**unless (1)**
38:5
**unpaid (1)**
11:17
**unsatisfied (1)**
44:9
**unusual (1)**
39:7
**up (6)**
5:10,19;19:10;
44:19;45:13;48:4
**upon (9)**
21:20;22:8;23:8;
25:10;28:4,6;30:12;
42:11;43:12
**usual (1)**
25:12

## V

**vacate (1)**
38:25
**vacated (1)**
45:25
**value (2)**
12:9,25
**variety (1)**
37:24
**various (1)**
36:2
**versus (1)**
34:23
**view (1)**
39:11
**violated (2)**
15:7;40:14
**violation (3)**
37:1;42:24;43:4
**visited (1)**
26:10

## W

**waived (1)**
12:3
**Walsh (1)**
23:1
**wasting (1)**
16:18
**water (1)**
45:5
**weren't (1)**
35:12
**Westchester (2)**
14:15;21:17
**whereby (1)**
39:3
**wherefore (1)**
22:10
**Whereupon (1)**
50:12
**whole (1)**
34:12
**wide (1)**
37:23
**wife (1)**
36:5
**willful (3)**
22:5;37:25;39:15
**willfulness (2)**
38:6;48:5
**withdraw (1)**
14:19
**within (6)**
31:15,24;32:3,5;
37:22;41:5
**without (4)**
14:20;15:18;
38:21;42:18
**worked (1)**
46:23
**worth (1)**
46:20
**wrest (1)**
13:3
**wrong (1)**
21:4
**wrote (1)**
21:4

## Y

**year (1)**
47:2
**years (2)**
31:15;40:23
**York (10)**
6:3;23:2;29:1,5,
13;35:4;36:3;41:3,
10;43:17

## 0

## 03 (1)
38:14

## 1

**1:09 (1)**
50:12
**10 (4)**
26:8;38:11,12,13
**11th (1)**
21:15
**12 (2)**
37:8;45:20
**12/18 (1)**
21:19
**12b6 (2)**
27:18;42:10
**12th (2)**
37:11;45:19
**13 (3)**
26:7;45:21,21
**13th (2)**
13:20;37:9
**150,000 (1)**
46:11
**162 (1)**
23:1
**17 (1)**
23:1
**19 (1)**
21:18
**19-08713 (1)**
25:25
**1993 (1)**
38:12
**19th (1)**
21:15

## 2

**2 (1)**
26:6
**20 (1)**
24:11
**2006 (1)**
13:12
**2011 (4)**
8:21;34:5;45:8,20
**2012 (1)**
45:19
**2014 (17)**
9:11;13:8;23:10;
32:17;33:2;34:7;
44:17;45:23;46:10,
19,24;49:5,6,19,22,
23;50:3
**2017 (21)**
7:8;8:1;30:2;
31:14,20;36:4;40:9,
14,19;41:5;42:17;
44:18;45:10,16;
46:17;49:6,11,20,23;
50:1,2

## 2019 (8)
5:1;20:7;26:8;
32:2;36:6,7;40:25;
42:6
**2020 (8)**
37:3,6,8,9,11,11;
38:13;42:7
**22 (1)**
36:6
**24 (2)**
37:11;45:22
**26 (2)**
10:16;46:1
**272 (1)**
43:17
**273 (2)**
36:3;44:6
**273-A (4)**
12:24;35:7;36:3;
44:7
**274 (2)**
36:3;44:6
**275 (2)**
36:3;44:6
**276 (3)**
36:4;43:17;44:4
**28th (1)**
17:7
**293 (2)**
13:12;47:16
**2nd (1)**
38:12

## 3

**300,000 (5)**
11:12;33:8;34:10,
15;46:20
**305 (3)**
18:7,14,24
**3084 (1)**
28:22
**311-312 (1)**
13:12
**31st (1)**
49:6
**365 (1)**
18:25

## 4

**4 (4)**
25:5;37:6;49:5,7
**46 (1)**
11:3

## 5

**5 (3)**
20:7;36:7;37:3
**523 (2)**
16:3,20
**523a6 (1)**

## 43:18
**544 (3)**
40:24;41:7;43:16
**546 (1)**
32:4
**546a (1)**
40:21
**547 (2)**
13:12;47:16
**55.70 (1)**
38:13

## 7

**7 (8)**
4:16;18:23;19:6;
29:3;35:25;41:8;
42:25;43:2
**7- (1)**
24:24
**7004 (2)**
24:14;29:5
**70047 (2)**
25:2;28:3
**7004b (1)**
25:9
**7004b1 (4)**
29:13;36:8,15;
41:14
**7004h (2)**
25:2,6
**7012 (1)**
42:10
**704 (3)**
18:22;24:18,19
**7047 (2)**
24:19;28:3
**704h (1)**
24:19
**7055 (2)**
37:4,19
**7055- (1)**
38:13

## 9

**9 (2)**
10:19,21
**9/16 (1)**
21:17
**90 (1)**
38:12
**95 (1)**
38:12

A.270

**DE18, Affidavit of Service, Order Granting Motion (Jul. 2 2020)**
**[A.271-272]**

**LaMonica Herbst & Maniscalco, LLP**
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Tel. (516) 826-6500
David A. Blansky, Esq.
*Attorneys for Mark S. Tulis, as Chapter 7 Trustee*
*Of the Estate of Bruce J. Paswall*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
In re:                                                    Chapter 7

BRUCE J. PASWALL,                         Case No. 19-23623 (RDD)

        Debtor.
-----------------------------------------------------------x
MARK S. TULIS, as Chapter 7
Trustee of the Estate of Bruce J. Paswall,

                       Adv. Pro. No. 19-08713 (RDD)

        Plaintiff,

    -against-

GRANT PASWALL and REID PASWALL,

        Defendants.
-------------------------------------------------------------------x

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK    )
                   ) ss.:
COUNTY OF NASSAU    )

      ROSA R. LELLA, being duly sworn, deposes and says:

      Deponent is not a party to the action, is over 18 years of age and resides in Suffolk County,
NY.

      On June 29, 2020, deponent served the **Order Granting Motion for Default Judgment
[Dkt. No. 15] and Judgment by Default [Dkt No. 16]** by Electronic Mail upon the attorney listed
below.

1

A.271

TO:   Lowell Davis, Esq.
        *Attorneys for Defendants Grant Paswall and Reid Paswall*
        lbd7479@cs.com


*s/Rosa R. Lella*
ROSA R. LELLA


Sworn to before me
this 2nd day of July 2020

*s/ Jacqulyn S. Loftin*
Jacqulyn S. Loftin
Notary Public, State of New York
No. 02LO6370101
Qualified in Queens County
Commission Expires January 29, 2022


*M:\Documents\Company\Cases\Paswall, Bruce J\Adv Pro\Default Judgment\Default Motion\AOS - Order for Default Judgment, Judgment by Default.EMAIL.docx*

2

A.272

Official Form 417A (12/18)
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X   Case No. 19-23623-RDD

In Re:

 Bruce J. Paswall

                              *Debtor*
------------------------------------------------------------------X

MARK S. TULLIS, as Chapter 7
Trustee of the Estate of Bruce J. Paswall                    Adversary Proceeding No.
                                                             19-08713-RDD

                        *Plaintiff-Respondent,*

             -against-

GRANT  PASWALL and  REID  PASWALL

                    Defendants-Appellants
---------------------------------------------------------------------

### NOTICE OF APPEAL AND STATEMENT OF ELECTION

   1. Name(s) of appellant(s): GRANT  PASWALL and  REID  PASWALL

   Position of appellant(s) in the adversary proceeding or bankruptcy case that is
   the subject of this appeal: Defendants

   2. Bruce Paswall: Chapter 7. Debtor

   3. Mark S. Tulis as Chapter 7 Trustee of the Estate of : Bruce Paswall: Chapter 7
      Debtor

## Part 2: Identify the subject of this appeal

   1. Order of Judgment granting Trustees Motion for a default judgment

   2. State the date on which the judgment, order, or decree was entered:  June 29, 2020

## Part 3: Identify the other parties to the appeal

1. Mark S. Tulis, As Chapter 7 Trustee of the Estate of Bruce J. Paswall

   David Blansky, Esq.
   Lamonica, Herbst & Maniscalco, LLP
   3305 Jerusalem Avenue
    Wantagh, New York 11793
    516-826-6500

2. Lowell B. Davis Esq.
   Attorney for Grant Paswall and Reid Paswall
   One Old Country Rd.Ste 385
   Carle Place, N.Y. 11514

**Part 4: Optional election to have appeal heard by District Court (applicable only in certain districts)**

**Part 5: Sign below**

Date: July 6, 2020

*[signature]*

Attorney for Appellant(s)
Lowell B. Davis, Esq.
One Old Country Rd. Ste 385
Carle Place, N.Y. 11435
516 746 7474
LBD7479@cs.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                          Chapter 7

BRUCE J. PASWALL,                               Case No. 19-23623 (RDD)

        Debtor.
------------------------------------------------------------x
MARK S. TULIS, as Chapter 7
Trustee of the Estate of Bruce J. Paswall,
                                                Adv. Pro. No. 19-08713-RDD
        Plaintiff,

        -against-

GRANT PASWALL and REID PASWALL,

        Defendants.
------------------------------------------------------------x

## ORDER GRANTING MOTIOM FOR DEFAULT JUDGMENT

Mark S. Tulis, as Chapter 7 Trustee ("Plaintiff") of the Estate of Bruce J. Paswall (the "Debtor"), having moved this Court pursuant to a Notice of Hearing and Motion dated March 24, 2020 seeking an order for default judgment and default judgment against Defendants Grant Paswall and Reid Paswall ("Defendants"); and upon the Declaration of David A. Blansky, Esq., dated March 24, 2020 and the exhibits attached thereto (collectively, the notice of hearing, declaration and exhibits are referred to as the "Motion") [Dkt No. 9]; and upon the Affidavit of Service of the Motion [Dkt No. 10], which is on file with the Court; and upon consideration of the Declaration in Opposition filed by Defendants on June 12, 2020 and the exhibits thereto, including Defendants' proposed answer (the "Opposition") [Dkt No. 11]; and upon Plaintiff's Reply to the Opposition filed on June 16, 2020 and the exhibits there (the "Reply") [Dkt No. 12]; and the Motion having been heard by the Honorable Robert D. Drain, United States Bankruptcy Judge at the United States Bankruptcy Court for the Southern District of New York on June 19, 2020 (the

1

A.275

"Hearing"); and counsel for Plaintiff and Defendants having been heard at the Hearing, the record of which is incorporated by reference; and no further notice or a hearing being required; and, after due deliberation and consideration of all of the facts and circumstances herein, and the Court having determined for the reasons stated in its bench ruling at the Hearing that it has personal jurisdiction over the Defendants and subject matter jurisdiction over this adversary proceeding, that Defendants do not have a reasonable excuse for their failure to appear, timely interpose a responsive pleading or otherwise address this adversary proceeding and that such failure was willful; and Plaintiff having demonstrated his prima facie entitlement to judgment against Defendants; and Defendants having failed to demonstrate in their Opposition, proposed answer or during argument at the Hearing that they have a meritorious defense to the claims for relief asserted in Plaintiff's complaint, it is hereby

**ORDERED**, that the Motion is granted; and it is further

**ORDERED**, that Plaintiff have judgment against Defendants Grant Paswall and Reid Paswall avoiding and setting aside the deed dated October 3, 2014 and recorded on January 27, 2017, under control no. 563643600, in the land records of the Office of the Westchester County Clerk by which the Debtor transferred his interest in the real property known as, and located at, 13 Logging Road, Katonah, New York 10536, Section 59.5 Block 2 Lot 2 on the Tax Map of the Town of Somers, County of Westchester to the Defendants (the "Deed") as both constructive and actual fraudulent conveyances; and, it is further

**ORDERED**, that Plaintiff shall have judgment against Defendants directing the Clerk of the County of Westchester to record this Court's judgment and strike the Deed from the public record; and

2

A.276

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

In re:                                          Chapter 7

BRUCE J. PASWALL,                               Case No. 19-23623 (RDD)

          Debtor.
-------------------------------------------------------------x
MARK S. TULIS, as Chapter 7
Trustee of the Estate of Bruce J. Paswall,
                                                Adv. Pro. No. 19-08713-RDD

          Plaintiff,

     -against-

GRANT PASWALL and REID PASWALL,

          Defendants.
-------------------------------------------------------------x

## JUDGMENT BY DEFAULT

Default was granted against defendants Grant Paswall and Reid Paswall on June 29, 2020.

Therefore, on motion of plaintiff, Mark S. Tulis, as Chapter 7 Trustee of the Estate of Bruce J.

Paswall ("Plaintiff"), judgment is entered against those defendants in favor of Plaintiff as follows.

### IT IS ORDERED, ADJUDGED AND DECREED THAT:

Plaintiff have judgment against defendants Grant Paswall and Reid Paswall, having last

known addresses of 13 Logging Road, Katonah, New York 10536, and 9 Summit Drive, Mahopac,

New York 10541, respectively, avoiding and setting aside the deed dated October 3, 2014 and

recorded on January 27, 2017, under control no. 563643600, in the land records of the Office of

the Westchester County Clerk by which the Debtor transferred his interest in the real property

known as, and located at, 13 Logging Road, Katonah, New York 10536, Section 59.5 Block 2 Lot

1

A.277

2 on the Tax Map of the Town of Somers, County of Westchester, to the Defendants (the "Deed")

as both constructively and actually fraudulent conveyances; and

The Clerk of the County of Westchester is hereby directed record this judgment and strike

the Deed from the public record; and

Plaintiff shall have execution thereon; and

Plaintiff shall have all of their rights and remedies afforded to a judgment creditor by law;

and

Plaintiff may enforce this judgment against defendants Grant Paswall and Reid Paswall as

allowed by applicable law.

Dated:  White Plains, New York
        June 29, 2020

/s/ Robert D. Drain
United States Bankruptcy Judge

2

A.278

JS 44 (Rev. 09/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, exce provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for t purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS Mark Tullis as Chapter 7 Trustee of the Estate of Bruce J. Paswall | DEFENDANTS Grant Paswall and Reid Paswall |
|---|---|
| **(b)** County of Residence of First Listed Plaintiff  Unknown *(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant  Westchester *(IN U.S. PLAINTIFF CASES ONLY)* NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |
| **(c)** Attorneys *(Firm Name, Address, and Telephone Number)* David Blansky Esq Lamonica, Herbst, & Maniscalco, LLP 3305 Jerusalem Avenue | Attorneys *(If Known)* Lowell B. Davis, Esq. One Old COuntry Rd Suite 385 Crle Place, N.Y. 11514 |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

❐ 1 U.S. Government Plaintiff

☒ 3 Federal Question *(U.S. Government Not a Party)*

❐ 2 U.S. Government Defendant

❐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box, and One Box for Defend.*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF |
|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ❐ 4 |
| Citizen of Another State | ❐ 2 | ❐ 2 | Incorporated *and* Principal Place of Business In Another State | ❐ 5 |
| Citizen or Subject of a Foreign Country | ❐ 3 | ❐ 3 | Foreign Nation | ❐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Description

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTE |
|---|---|---|---|---|---|
| ❐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❐ 625 Drug Related Seizure of Property 21 USC 881 | ☒ 422 Appeal 28 USC 158 | ❐ 375 False Claims Act |
| ❐ 120 Marine | ❐ 310 Airplane | ❐ 365 Personal Injury - Product Liability | ❐ 690 Other | ❐ 423 Withdrawal 28 USC 157 | ❐ 376 Qui Tam (31 USC 3729(a)) |
| ❐ 130 Miller Act | ❐ 315 Airplane Product Liability | ❐ 367 Health Care/ Pharmaceutical | | | ❐ 400 State Reapportion |
| ❐ 140 Negotiable Instrument | ❐ 320 Assault, Libel & Slander | Personal Injury Product Liability | | **PROPERTY RIGHTS** | ❐ 410 Antitrust |
| ❐ 150 Recovery of Overpayment & Enforcement of Judgment | ❐ 330 Federal Employers' Liability | ❐ 368 Asbestos Personal Injury Product Liability | | ❐ 820 Copyrights ❐ 830 Patent | ❐ 430 Banks and Bankin ❐ 450 Commerce |
| ❐ 151 Medicare Act | ❐ 340 Marine | **PERSONAL PROPERTY** | | ❐ 835 Patent - Abbreviated New Drug Application | ❐ 460 Deportation |
| ❐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ❐ 345 Marine Product Liability | ❐ 370 Other Fraud | **LABOR** | ❐ 840 Trademark | ❐ 470 Racketeer Influen Corrupt Organizat |
| ❐ 153 Recovery of Overpayment of Veteran's Benefits | ❐ 350 Motor Vehicle | ❐ 371 Truth in Lending ❐ 380 Other Personal Property Damage | ❐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ❐ 480 Consumer Credit (15 USC 1681 or |
| ❐ 160 Stockholders' Suits | ❐ 355 Motor Vehicle Product Liability | ❐ 385 Property Damage Product Liability | ❐ 720 Labor/Management Relations | ❐ 861 HIA (1395ff) ❐ 862 Black Lung (923) | ❐ 485 Telephone Consu Protection Act |
| ❐ 190 Other Contract | ❐ 360 Other Personal Injury | | ❐ 740 Railway Labor Act | ❐ 863 DIWC/DIWW (405(g)) | ❐ 490 Cable/Sat TV |
| ❐ 195 Contract Product Liability | ❐ 362 Personal Injury - Medical Malpractice | | ❐ 751 Family and Medical Leave Act | ❐ 864 SSID Title XVI ❐ 865 RSI (405(g)) | ❐ 850 Securities/Commo Exchange |
| ❐ 196 Franchise | | | ❐ 790 Other Labor Litigation | | ❐ 890 Other Statutory Ac |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ❐ 891 Agricultural Acts |
| ❐ 210 Land Condemnation | ❐ 440 Other Civil Rights | **Habeas Corpus:** | | ❐ 870 Taxes (U.S. Plaintiff or Defendant) | ❐ 893 Environmental Ma |
| ❐ 220 Foreclosure | ❐ 441 Voting | ❐ 463 Alien Detainee | | ❐ 871 IRS—Third Party 26 USC 7609 | ❐ 895 Freedom of Inforr Act |
| ❐ 230 Rent Lease & Ejectment | ❐ 442 Employment | ❐ 510 Motions to Vacate Sentence | | | ❐ 896 Arbitration |
| ❐ 240 Torts to Land | ❐ 443 Housing/ Accommodations | ❐ 530 General | **IMMIGRATION** | | ❐ 899 Administrative Pr Act/Review or Ap |
| ❐ 245 Tort Product Liability | ❐ 445 Amer. w/Disabilities - Employment | ❐ 535 Death Penalty **Other:** | ❐ 462 Naturalization Application ❐ 465 Other Immigration Actions | | Agency Decision |
| ❐ 290 All Other Real Property | ❐ 446 Amer. w/Disabilities - Other | ❐ 540 Mandamus & Other ❐ 550 Civil Rights | | | ❐ 950 Constitutionality State Statutes |
| | ❐ 448 Education | ❐ 555 Prison Condition ❐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding

❐ 2 Removed from State Court

❐ 3 Remanded from Appellate Court

❐ 4 Reinstated or Reopened

❐ 5 Transferred from Another District *(specify)*

❐ 6 Multidistrict Litigation - Transfer

❐ 8 Multidis Litigatio Direct F

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC 1291

Brief description of cause:
DCL 273 et. seq fraudulent transfer or ral property

## VII. REQUESTED IN COMPLAINT:

❐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complai

JURY DEMAND:  ❐ Yes  ☒ No

## VIII. RELATED CASE(S)

7-06-20    Robert J DRAIN CANCEL DEED    19-23623 RDD

*Lowell B Davis*

A.279

**DE20, Affidavit of Service, Order Granting Motion for Default Judgment and Judgment (Jul. 9, 2020) [A.280-281]**

**LaMonica Herbst & Maniscalco, LLP**
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Tel. (516) 826-6500
David A. Blansky, Esq.
*Attorneys for Mark S. Tulis, as Chapter 7 Trustee*
*Of the Estate of Bruce J. Paswall*


UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
In re:                                                            Chapter 7

BRUCE J. PASWALL,                                                 Case No. 19-23623 (RDD)

           Debtor.
----------------------------------------------------------x
MARK S. TULIS, as Chapter 7
Trustee of the Estate of Bruce J. Paswall,
                                                                 Adv. Pro. No. 19-08713 (RDD)
           Plaintiff,

    -against-

GRANT PASWALL and REID PASWALL,

           Defendants.
-------------------------------------------------------------------x

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK     )
                        ) ss.:
COUNTY OF NASSAU      )

       DANIELLE GEORGE, being duly sworn, deposes and says:

       Deponent is not a party to the action, is over 18 years of age and resides in Suffolk County, NY.

       On June 29, 2020, deponent served the **Order Granting Motion for Default Judgment [Dkt. No. 15] and Judgment by Default [Dkt No. 16]** by First-Class Mail upon the attorney/party listed below at the address listed, said address designated for that purpose, by depositing a true copy of same enclosed in a postpaid, properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

<div align="center">1</div>

<div align="center">A.280</div>

TO:    Lowell Davis, Esq.
        1 Old Country Road
        Carle Place, New York 11514-1801
        *Attorneys for Defendants Grant Paswall and Reid Paswall*

*__s/Danielle George__*
DANIELLE GEORGE

Sworn to before me
this 29th day of June 2020

*__s/ Melanie A. FitzGerald__*
Melanie A. FitzGerald
Notary Public, State of New York
No. 02FI4841188
Qualified in Nassau County
Commission Expires December 31, 2021

*M:\Documents\Company\Cases\Paswall, Bruce J\Adv Pro\Default Judgment\Default Motion\AOS - Order for Default Judgment, Judgment by Default.FIRST CLASS MAIL.docx*

2

A.281

19-08713-rdd   Doc 21   Filed 07/13/20   Entered 07/13/20 17:03:05   Main Document
Pg 1 of 2

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE<br><br>Bruce J. Paswall<br><br>Debtor. | BAP No. 19-2363-RDD |
| GRANT PASWALL and REID PASWALL<br><br>Appellant, | Bankr. No. 19-23623-RDD<br>Adv. No. 19-08713-RDD<br>Chapter |
| MARK S. TULLIS as Chapter 7<br>Trustee of the Estate of Bruce J. Paswall<br><br>Appellee. | |

**Designation of Items to be Included in Record on Appeal**

GRANT PASWALL and REID PASWALL Pursuant Federal Rule of Bankruptcy Procedure 8009(a), hereby designates the following items to be included in the record on appeal:

1. Complaint against Grant Paswall and Reid Paswall Adversary Case 19-08713 filed November 22, 2019 [DKT 1]

2. Summons with Notice of Pre-Trial Conference set for February 4, 2020 filed December 5, 2019 [DKT 2]

3. Affidavit of service of summons with notice of pretrial conference. Filed December 6, 2019.[DKT3]

4. Requests for clerk's entry of default against Defendant's attachment 1 exhibit "A", Exhibit 2, Docket Sheet. [DKT 4]

5. Clerk's Entry of Default against GRANT PASWALL entered February 13, 2020 [DKT 5]

6. Clerk's Entry of Default against REID PASWALL, entered February 13, 2020 [DKT 6]

7. Certificate of Mailing re Clerk's entry of Default, related doc, #5, entered February 16,2020 [DKT 7}

8. Certificate of Mailing re Clerk's entry of Default, related doc, #6, entered February 16, 2020 [DKT 8]

9. Motion for default judgment with hearing to be held June 19, 2012, 10:00; Responses due June 12, 2012 White Plains. Related documents Exhibit 1 summons and complaint; Exhibit (2) Excerpts of debtor's examination; Exhibit (3) restraining order hearing transcript; Exhibit (4) court ordered stipulation; Exhibit (5) Civil contempt order; exhibit (6) Santana judgment; Exhibit (7) TCF Summons and Complaint exhibit (8) TCF judgment; Exhibit 9 judgment of

A.282

divorce redacted; Exhibit 10 matrimonial order; Exhibit 11 matrimonial stipulation; Exhibit 12 2014 deed from Brenda Paswall to debtor; Exhibit 13 January 15, 2015 mortgage; Exhibit 14 the mortgage modification, exhibit 15 Brenda Paswall obituary; exhibit 16 September 2015 email; Exhibit 17 proposed order for default judgment; Exhibit 18 proposed judgment. entered March 24, 2020. [DKT 9]

10.  Affidavit of service related to document dkt entry 9; entered April 4, 2020. [DKT]

11.  Motion to dismiss adversary proceeding related to document 9 filed by Lowell B Davis on behalf of Grant Paswall and Reid Paswall hearing to be held on June 19, 2020. Attachment exhibit 1 proposed answer; Attachment exhibit 2; Trustee Adversary Complaint; Exhibit 3 Westchester County Action; exhibit 4; affidavits of service; exhibit 5; Trustee's 1st adversary proceeding; exhibit 6; Lowell B. Davis letter to atty; entered June 12, 2020.

12.  Reply to motion related to document 11, Exhibit 1; affirmation; exhibit 2; Affirmation; entered June 16, 2020. [DKT 12]

13.  Affidavit of service related to dkt 12; entered on June 16, 2020.

14.  Affirmation in opposition by Lowell B Davis on behalf of Grant Paswall and Reid Paswall. Entered June 22, 20120.

15.  Order signed on June 29, 2020, granting motion for default judgment dkt 9 entered June 29, 20202 [DKT 15]

16.  Judgment by default signed on June 29, 2020 entered June 29, 2020 DKT 16

18.  Affidavit of Service of Judgment of default judgment related to [DKT 16]

19.  Notice of Appeal, filing fee & receipt entered July 7, 2020.

_____
*Signature*
*Name Lowell B. Davis, Esq*
*Address One Old Country Rd*
*Phone No. 516 746 7474*
*Fax No.    516 746-1535*
*E-mail Address lbd7479@cs.com*

**File with the Bankruptcy Court**
**Note: Attach proof of service on all parties.  Fed. R. Bankr.  P. 8011(d)(1)(B).**

-2-

A.283

**DE22, Preliminary Statement of Issues on Appeal (Jul. 13, 2020)**
**[A.284]**

<center>

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

</center>

| | |
|---|---|
| IN RE | BA? No. 19-2363-RDD |
| Bruce J. Paswall | |
| Debtor. | |
| | |
| GRANT PASWALL and REID PASWALL | Bankr. No. 19-23623-RDD |
| Appellant, | Adv. No. 19-08713-RDD |
| | Chapter |
| | |
| MARK S. TULLIS as Chapter 7 | |
| Trustee of the Estate of Bruce J. Paswall | |
| Appellee. | |

**PRELIMINARY STATEMENT OF THE ISSUES TO BE PRESENTED ON APPEAL**

1. Whether or not the Bankruptcy Court erred in granting the relief requested by the Trustee for The Debtor

2. Whether or not the Bankruptcy Court erred in granting the relief requested by the Trustee for The Debtor, in the absence of an evidentiary hearing to support the allegations of the complaint alleged to be on information and belief.

3. Whether or not the Bankruptcy Court, erred in finding subject matter jurisdiction in the absence of the Trustee making Brenda Paswall, deceased or her estate a party to its adversary proceeding.

4. Whether or not the Bankruptcy Court, erred in failing to apply the longstanding limitations on federal-court jurisdiction, the so-called "domestic relations" and "probate" exceptions.

*Signature*
*Name Lowell B. Davis, Esq*
*Address One Old Country Rd*
*Phone No. 516 746 7474*
*Fax No.    516 746-1535*
*E-mail Address lbd7479@cs.com*

<center>

A.284

</center>

**DE23, Counter-Designation of Record Items, Appellee (Jul. 14, 2020) [A.285-286]**

**LaMonica Herbst & Maniscalco, LLP**
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
(516) 826-6500
David A. Blansky, Esq.
Salvatore LaMonica, Esq.
*Counsel to the Chapter 7 Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 7 |
| BRUCE J. PASWALL, | Case No. 19-23623 (RDD) |
|       Debtor. | |

-----------------------------------------------------------x

| | |
|---|---|
| MARK S. TULIS, as Chapter 7<br>Trustee of the Estate of Bruce J. Paswall, | |
|       Plaintiff, | Adv. Pro. No. 19-08713-RDD |
|    -against- | |
| GRANT PASWALL and REID PASWALL, | |
|       Defendants. | |

-----------------------------------------------------------x

### APPELLEE'S COUNTER DESIGNATION OF ADDITIONAL ITEMS TO BE INCLUDED IN THE RECORD ON APPEAL

Pursuant to Rule 8009(a)(2) of the Federal Rules of Bankruptcy Procedure, appellee Mark S. Tullis, as permanent Chapter 7 Trustee (the "Appellee") of the estate of Bruce J. Paswall, by his undersigned counsel, submits the following counter designation of items to be included in the record (the "Counter Designation"). This Counter Designation relates to the appeal by Appellants Grant Paswall and Reid Paswall from the order and judgment of the United States Bankruptcy Court for the Southern District of New York (Drain, J.) granting Appellee's motion for the entry of an order for default judgment and default [Dkt. Nos. 15 and 16].

1

A.285

## COUNTER DESIGNATION OF RECORD

| Designation No. | Filing Date | ECF Document No. | ECF Title of Document |
|---|---|---|---|
| 1 | 6/29/2020 | 17 | Transcript regarding Hearing Held on 06/19/2020 at 11:30 am RE: Motion for Default Judgment (related documents 6, 5); Motion to Dismiss Adversary Proceeding (related document 9). Remote electronic access to the transcript is restricted until 9/28/2020. The transcript may be viewed at the Bankruptcy Court Clerks Office. [Transcription Service Agency: eScribers, LLC.]. (See the Courts Website for contact information for the Transcription Service Agency.) (RE: related document(s) 6, 9, 5). Notice of Intent to Request Redaction Deadline Due By 7/6/2020. Statement of Redaction Request Due By 7/20/2020. Redacted Transcript Submission Due By 7/30/2020. Transcript access will be restricted through 9/28/2020. (Lewis, Tenille) (Entered: 06/30/2020) |
| 2 | 7/9/2020 | 20 | Affidavit of Service *via FIRST CLASS MAIL* (related document(s)16, 15) Filed by David A. Blansky on behalf of Mark S. Tulis. (Blansky, David) (Entered: 07/09/2020) |

Dated: July 14, 2020
    Wantagh, New York

Respectfully submitted,

**LaMONICA HERBST & MANSICALCO, LLP**
Counsel to Appellee Mark S. Tullis, solely as
Chapter 7 Trustee

By:   *s/ David A. Blansky*
David A. Blansky, Esq.
Salvatore LaMonica, Esq.
Partners of the Firm
3305 Jerusalem Avenue
Wantagh, New York 11793
(516) 826-6500

2

A.286

**DE24, Affidavit of Service, Counter-Designation of Additional Items (Jul. 15, 2020) [A.287-288]**

**LaMonica Herbst & Maniscalco, LLP**
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
(516) 826-6500
David A. Blansky, Esq.
Salvatore LaMonica, Esq.
*Counsel to the Chapter 7 Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

In re:                                                        Chapter 7

BRUCE J. PASWALL,                                             Case No. 19-23623 (RDD)

               Debtor.
-----------------------------------------------------------x

MARK S. TULIS, as Chapter 7
Trustee of the Estate of Bruce J. Paswall,

                                            Adv. Pro. No. 19-08713-RDD
               Plaintiff,

      -against-

GRANT PASWALL and REID PASWALL,

               Defendants.
-----------------------------------------------------------x

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK      )
                             ) ss.:
COUNTY OF NASSAU      )

      CHRISTINE VITIELLO, being duly sworn, deposes and says:

      Deponent is not a party to the action, is over 18 years of age and resides in Nassau County, NY.

      On July 15, 2020, deponent served **Appellee's Counter Designation Of Additional Items To Be Included In The Record On Appeal [Dkt. No. 23]** by First-Class Mail upon the attorney/party listed below at the address listed, said address designated for that purpose, by depositing a true copy of same enclosed in a postpaid, properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York, and by Electronic Mail at 2:31 p.m. EST.

A.287

TO:    **Lowell B. Davis Esq.**
One Old Country Road, Suite 385
Carle Place, NY 11514
lbd7479@cs.com
*Attorney for Grant Paswall and Reid Paswall*


*s/Christine Vitiello*
CHRISTINE VITIELLO


Sworn to before me this
15th day of July 2020


*s/ Melanie A. FitzGerald*
Melanie A. FitzGerald
Notary Public, State of New York
No. 02FI4841188
Qualified in Nassau County
Commission Expires December 31, 2021

A.288

**DE25, Affidavit of Service, Counter-Designation of Additional Items (Jul. 14, 2020)**
**[A.289-290]**

**LaMonica Herbst & Maniscalco, LLP**
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
(516) 826-6500
David A. Blansky, Esq.
Salvatore LaMonica, Esq.
*Counsel to the Chapter 7 Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

In re:                                                              Chapter 7

BRUCE J. PASWALL,                                        Case No. 19-23623 (RDD)

               Debtor.
------------------------------------------------------------x

MARK S. TULIS, as Chapter 7
Trustee of the Estate of Bruce J. Paswall,

               Plaintiff,                          Adv. Pro. No. 19-08713-RDD

     -against-

GRANT PASWALL and REID PASWALL,

               Defendants.
------------------------------------------------------------x

<u>**AFFIDAVIT OF SERVICE**</u>

STATE OF NEW YORK     )
                          ) ss.:
COUNTY OF NASSAU      )

     CHRISTINE VITIELLO, being duly sworn, deposes and says:

     Deponent is not a party to the action, is over 18 years of age and resides in Nassau County, NY.

     On July 14, 2020, deponent served **Appellee's Counter Designation Of Additional Items To Be Included In The Record On Appeal [Dkt. No. 23]** by First-Class Mail upon the attorney/party listed below at the address listed, said address designated for that purpose, by depositing a true copy of same enclosed in a postpaid, properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York, and by Electronic Mail at 2:31 p.m. EST.

A.289

TO:   **Lowell B. Davis Esq.**
One Old Country Road, Suite 385
Carle Place, NY 11514
lbd7479@cs.com
*Attorney for Grant Paswall and Reid Paswall*


<u>*s/Christine Vitiello*</u>
CHRISTINE VITIELLO


Sworn to before me this
14th day of July 2020


<u>*s/ Melanie A. FitzGerald*</u>
Melanie A. FitzGerald
Notary Public, State of New York
No. 02FI4841188
Qualified in Nassau County
Commission Expires December 31, 2021

2

A.290

JS 44 (Rev. 09/19)

19-08713-rdd   Doc 26   Filed 07/21/20   Entered 07/21/20 13:26:24   Main Document
Pg 1 of 1

CIVIL COVER SHEET   20-cv-5624

Karas

McCarthy

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS** Mark Tullis as Chapter 7 Trustee of the Estate of Bruce J. Paswall

**DEFENDANTS** Grant Paswall and Reid Paswall

**(b)** County of Residence of First Listed Plaintiff  Unknown
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Westchester
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
David Blansky Esq
Lamonica, Herbst, & Maniscalco, LLP
3305 Jerusalem Avenue

Attorneys *(If Known)*
Lowell B. Davis, Esq.
One Old COuntry Rd Suite 385
Crle Place, N.Y. 11514

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

☐ 1  U.S. Government Plaintiff
☒ 3  Federal Question *(U.S. Government Not a Party)*
☐ 2  U.S. Government Defendant
☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*   Click here for: Nature of Suit Code Descriptions

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☒ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 196 Franchise | | | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from Another District *(specify)*  ☐ 6 Multidistrict Litigation - Transfer  ☐ 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC 1291
Brief description of cause:
DCL 273 et. seq fraudulent transfer or ral property

**VII. REQUESTED IN COMPLAINT:**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.  DEMAND $  CHECK YES only if demanded in complaint:  JURY DEMAND: ☐ Yes ☒ No

**VIII. RELATED CASE(S)**
7-06-20   Robert D DRAIN CANCEL DEED   19-23623 RDD
Lowell B Davis

**Decision and Order, Westchester Supreme [Duffy, J.] (Jun. 17, 2013)**
**[A.292-305]**

```
┌─────────────────┐
│     FILED       │
│      AND        │
│    ENTERED      │
│                 │
│ ON  6/17 2013   │
└─────────────────┘
```

At a Post-Judgment Matrimonial
Part of the Supreme Court of the
State of New York, held in and
for the County of Westchester, at
111 Dr. Martin Luther King Jr.
Blvd., White Plains, New York, on
the 14th day of June, 2013.

PRESENT:
    HON. COLLEEN D. DUFFY
    Justice of the Supreme Court

- - - - - - - - - - - - - - - - - - - - - - - - - - - x

BRENDA PASWALL,

                              Plaintiff,

        -against-                              DECISION AND ORDER

BRUCE PASWALL,                                 Index No. 2345-2010
                                                  Sequence Nos. 5 and 6

                              Defendant.       Index No. 3999-2012

- - - - - - - - - - - - - - - - - - - - - - - - - - - x

    This Decision addresses a plenary action commenced on August 2, 2012, by
Brenda Paswall ("Plaintiff"), seeking to, *inter alia*, rescind the terms of the parties'
settlement agreement in a matrimonial action, a motion brought by Order to Show
Cause in the post-judgment matrimonial part on August 3, 2012, by Bruce Paswall
("Defendant"), in which he seeks to enforce the terms of the Settlement Agreement, and
a motion brought by Order to Show Cause in the post-judgment part on August 9, 2012,
by Plaintiff for essentially the same relief sought in her Plenary Action, and seeking a
stay of the enforcement of the terms of the Settlement Agreement.

    As the issues in the Plenary Action and Defendant's and Plaintiff's motion in the

A.292

Post-Judgment part are inextricably intertwined, this Decision addresses all matters.

I.  **PROCEDURAL HISTORY**

The parties in this matter were married in New York on December 6, 1995 and have two children, Grant (DOB: 12/13/1988) and Reid (DOB: 03/09/1994).

On January 6, 2010, Plaintiff commenced an action for divorce.

On December 12, 2011, the parties appeared before the Hon. Robert M. Berliner, J.S.C., for trial.  Plaintiff appeared *pro se* and Defendant appeared by counsel, Louis I. Newman, Esq.  Prior to the commencement of the trial, however, the parties entered into a settlement agreement that was orally placed into the record by defense counsel (the "Settlement Agreement").

By letter dated April 19, 2012, Plaintiff, by newly retained counsel William A. Hirshfeld, Esq., notified the Honorable Charles Wood, S.C.J., to whom the divorce case had been assigned, that Plaintiff recently had discovered that a tax lien in the approximate amount of $650,000 on the marital residence[1] no longer existed and that the parties had entered into the Settlement Agreement based upon a mutual mistake of fact.  Plaintiff requested a court conference.

On June 8, 2012, the parties appeared before Judge Wood for a conference. According to the parties, Judge Wood informed them that he would not decide the question of whether the Settlement Agreement should be rescinded and that, since he had not been involved in the case, the matter should be handled by the Post-Judgment Part.  See Plaintiff's Affidavit in Support of Order to Show Cause, dated August 8,

_____

[1]  The marital residence is located at 13 Logging Road, Katonah, New York (the "Marital Residence").

2

A.293

2012, ¶ 28; Affirmation of Louis I. Newman, Esq., dated August 28, 2012, in Opposition to Plaintiff's Order to Show Cause in the Post-Judgment Action, ¶ 15. Judge Wood signed the Judgment of Divorce. The Settlement Agreement was incorporated, but not merged, into the Judgment.

The Judgment of Divorce was entered on June 12, 2012.

On August 2, 2012, Plaintiff commenced this plenary action, by Summons and Verified Complaint, Index No. 3999-2012, seeking: (1) rescission or reformation of the Settlement Agreement based upon mutual mistake of fact; (2) rescission of the Settlement Agreement based upon the grounds of fraud in the inducement; or (3) rescission based upon the grounds that the terms of the Settlement Agreement were unconscionable (the "Plenary Action"). Plaintiff contends that, at the time of the Settlement Agreement, the parties operated under the mutual mistake that the Marital Residence was encumbered by a tax lien in the approximate amount of $650,000. Plaintiff also contends the Settlement Agreement should be rescinded on the grounds of fraud and/or unconscionability.

On August 3, 2012, Defendant moved, by Order to Show Cause in the post-judgment matrimonial part, under Index No. 2345-2010 (the "Post-Judgment Action"), for an order: (1) enforcing the Judgment of Divorce; and (2) directing that the Sheriff of the County of Westchester execute a deed and other documents to transfer title to the Marital Residence to the Defendant.

On August 9, 2012, Plaintiff filed an Order to Show Cause in the Post-Judgment Action for essentially the same relief sought in her Plenary Action ("Plaintiff's Cross-Motion"). In addition, Plaintiff's cross-motion seeks a stay of the enforcement of the

3

terms of the Settlement Agreement, and particularly, Plaintiff's obligation under the Settlement Agreement to transfer her right, title and interest in the Marital Residence to Defendant. Plaintiff also seeks attorneys' fees incurred as a result of Defendant's actions, which she contends necessitated the filing of Plaintiff's Cross-Motion.

On August 27, 2012, Plaintiff filed an Affidavit in Opposition to Defendant's Order to Show Cause in the Post-Judgment Action.

On or about August 28, 2012, Defendant filed the Affirmation of Louis I. Newman, Esq., attorney for Defendant, in Reply to Plaintiff's Affidavit in Opposition.

On September 10, 2012, Defendant filed the Affirmation of Louis I. Newman, Esq., dated August 28, 2012, and the Affirmation of Defendant, dated August 29, 2012, in Opposition to Plaintiff's Order to Show Cause in the Post-Judgment Action.

On September 14, 2012, Defendant filed an Order to Show Cause in the Plenary Action, seeking to dismiss the Verified Complaint. Defendant also filed the Affirmation of Louis I. Newman, Esq., dated September 11, 2012, in Support of his Motion to Dismiss.

On November 14, 2012, Plaintiff filed the Affirmation of William A. Hirshfeld, Esq., dated November 9, 2012, in Reply to the Defendant's Opposition to Plaintiff's Order to Show Cause in the Post-Judgment Action.

Also on November 14, 2012, Plaintiff filed the Affirmation of William A. Hirshfeld, Esq., dated November 9, 2012, in Opposition to the Defendant's Order to Show Cause in the Plenary Action seeking dismissal of the Verified Complaint.[2]

---

[2] This Affirmation erroneously contains "Index No. 2345/2010" in its caption. However, it clearly relates to the Plenary Action, in that Mr. Hirshfeld affirms that it is made "in opposition to the defendant's

4

A.295

On November 16, 2012, Defendant filed the Affirmation of Louis I. Newman, Esq., dated November 14, 2012, in Reply to the Opposition of and in further support of Defendant's Order to Show Cause in the Plenary Action.

II.    CONCLUSIONS OF LAW

As an initial matter, the Court notes that the appropriate procedural mechanism to seek to set aside a Settlement Agreement made during marriage is a plenary action. Brender v. Brender, 199 A.D.2d 665, 666, fn2 (3d Dept. 1993)(action to challenge settlement agreement should be commenced by plenary action, rather than motion); Teitelbaum Holdings, Ltd. v. Gold, 48 N.Y.2d 51, 55-56 (1979)(where prior action has been terminated, challenge to stipulation of settlement should be brought by plenary action). Plaintiff properly initiated a Plenary Action.

With respect to Plaintiff's Cross-Motion, it is denied in part and granted in part. Defendant's applications for rescission or reformation of the Settlement Agreement are dismissed, to the extent that they duplicate claims Plaintiff has made in the Plenary Action.

However, because the Plenary Action to determine the validity of the Settlement Agreement should be determined before Defendant's motion for enforcement of that agreement is addressed, the Court grants Plaintiff's application to stay enforcement of the terms of the Settlement Agreement requiring Plaintiff to transfer her interest in the Marital Residence to Defendant until such time as the Court determines Plaintiff's claims as to rescission or reformation. Cubero v. Schwartz, 51 A.D.2d 760 (2d Dept.

application by way of Order to Show Cause dated on or about September 14, 2012, which seeks dismissal of the Plaintiff's Verified Complaint, dated August 12, 2012."

5

A.296

1976); Westchester Fire Ins. Co. V. Lipsky, 9 Misc.2d 390, 391 (Sup. Ct., New York Co. 1958); Travis v. Myers, 67 N.Y. 542 (1876). Plaintiff's application for attorneys' fees for the Cross-Motion is denied with leave to renew at the conclusion of the Plenary Action.

With respect to Defendant motion to dismiss the Plenary Action, for the reasons set forth below, such application is denied in part and granted in part. As set forth in Section II.C. below, issues of fact exist as to the validity of the Settlement Agreement, requiring a trial. Accordingly, as indicated below, the Court orders Defendant to file an answer, if any, to the Verified Complaint with respect to the issues that remain in the Plenary Action.

A.  Defendant's Motion to Dismiss the Plenary Action is Denied

As set forth below, Defendant's motion to dismiss the Plenary Action is granted as to the claim of fraudulent inducement but denied as to dismissal of Plaintiff's other claims.

1.  Defendant's Motion to Dismiss Plaintiff's
    Cause of Action for Fraud is Granted

Defendant's motion to dismiss Plaintiff's claim of fraud in the inducement for failure to state a cause of action is granted.

In determining a motion pursuant to CPLR § 3211(a)(7), the Court must accept each of the factual allegations of the Verified Complaint as true and sustain the cause of action if it may be discerned, even if inartfully crafted. Fishbach & Moor, Inc. v. E.W. Howell Co., 240 A.D.2d 157 (1st Dept. 1997). A pleading is to be construed to allege whatever can be fairly implied from the facts. Nastasi v. Nastasi, 26 A.D.3d 32, 37 (2d Dept. 2005).

6

Pursuant to CPLR § 3016(b), when a party brings a cause of action based upon fraud, the pleading must sufficiently detail the allegedly fraudulent conduct, to permit a reasonable inference of the alleged conduct. Sargiss v. Magarelli, 12 N.Y.3d 527, 530 (2009).

Here, Plaintiff has not done so. Plaintiff's conclusory allegations - that Defendant was a shrewd businessman, and her speculation that Defendant did not satisfy the second tax lien in the amount of $2,105.02 in 2009 without inquiring into the status of the larger first lien, and that Defendant insisted that the Marital Residence was worth $1,000,000 and that after deduction of the mortgage and first tax lien, there was little or no equity left - fail to meet the statutory requirement that a cause of action in fraud be pleaded with particularity. Greschler v. Greschler, 51 N.Y.2d 368, 375 (1980). See Verified Complaint, ¶¶ Thirty First - Forty First.

The Court notes that neither party contends that the tax lien was paid off by Defendant, which would necessitate his knowledge of its satisfaction. Instead, Plaintiff contends that the lien may have been "self-released" by operation of law, when the Internal Revenue Service failed to re-file the lien after ten years had elapsed. See Affirmation of William Hirshfeld, dated August 8, 2012, in Support of Order to Show Cause filed August 9, 2012, in Post Judgment Action, at ¶¶ 44-46.

Plaintiff's failure to plead specific facts to allege the elements of fraud in the inducement is fatal to her claim of rescission of the Settlement Agreement on those grounds. Accordingly, Defendant's motion to dismiss Plaintiff's cause of action on that basis is granted.

2.      Defendant's Motion to Dismiss Plaintiff's Claim for
        Rescission Based upon Unconscionability is Denied

With respect to Plaintiff's claim seeking rescission of the contract on the grounds that the terms of the Settlement Agreement are unconscionable, Defendant's motion to dismiss is denied.

New York State has a strong public interest in marriage and takes a supervisory role in matrimonial affairs. Cioffi-Petrakis v. Petrakis, 103 A.D.3d 766, 766 (2d Dept. 2013), citing Kessler v. Kessler, 33 A.D.3d 42, 45 (2006).  Agreements between spouses "are closely scrutinized by the courts, and . . . are more readily set aside in equity under circumstances that would be insufficient to nullify an ordinary contract." Petracca v. Petracca, 101 A.D.2d 695, 698 (2d Dept. 2012), quoting Levine v. Levine, 56 N.Y.2d 42, 47 (1982); Cioffi-Petrakis at 466 (agreements affecting matrimonial issues have been subjected to limitations and scrutiny beyond that of other contracts). In this case, the Settlement Agreement was orally recited on the record by Defendant's counsel and Plaintiff, at that time, was not represented by counsel.

Relief from an agreement between spouses will be granted if the agreement is manifestly unfair to one spouse because of the other's overreaching.  Christian v. Christian, 42 N.Y.2d 63, 72-73 (1977); Petracca, 101 A.D.3d at 698.  A contract will not be enforced if the inequality of the bargain is so strong and manifest as to shock the conscience. Pennise v. Pennise, 120 Misc.2d 782, 1983 (Sup. Ct., Nassau Co. 1983)(allegations that wife gave up her livelihood and her home and got nothing in return, and was not represented by counsel, raises strong inference of overreaching and unconscionability); Christian v. Christian, 42 N.Y.2d 63, 71-72 (1977).

8

A.299

indemnify and save her harmless from any claim eminating [sic] out of
that practice liability provided, however, that any actions taken by the
Internal Revenue Service in collection of that liability are not triggered by
the conduct of Mrs. Paswall. In the event that any action by the tax
collecting services is triggered by action taken by Mrs. Paswall, then the
indemnification becomes null and void.

In essence your honor, I have explained to Mrs. Paswall that if
she does something out of, for want of a better term, anger or revenge,
that triggers a tax liability, **while my client is dealing with these
services**, then she loses the indemnification that he is providing under
this agreement . . . .

*   *   *

<u>See</u> Transcript of December 11, 2011 Proceeding, at 6-12 (hereafter, "Tr.").
(Emphasis added.)

Pursuant to the terms of the Settlement Agreement, it appears that Plaintiff
agreed to give up her rights to what appears to be the single largest asset of the
marriage, the Marital Residence, and received little, if any, consideration in exchange.
<u>Petracca v. Petracca</u>, 101 A.D.2d at 698 (wife demonstrated that terms of agreement
were manifestly unfair given the nature and magnitude of rights she waived, giving rise
to inference of overreaching).

Moreover, Plaintiff has alleged facts, including that the Settlement Agreement
was negotiated at the courthouse on the day the trial was scheduled to commence and
that Plaintiff was *pro se* but Defendant was represented by counsel, and, according to
Plaintiff, that the Agreement itself is so lopsided in favor of Defendant, which, if true,
would permit this Court to find that it would be unconscionable to enforce the
Settlement Agreement. <u>Pennise</u>, 120 Misc.2d at 738.

Accordingly, Defendant's motion to dismiss Plaintiff's claim for rescission or

10

A.300

reformation is denied.

3.    The Documentary Evidence is Not Dispositive

Defendant's motion to dismiss on the grounds that documentary evidence - Plaintiff's December 2009 and February 2011 Net Worth Statements - is dispositive also is denied. Greenwood Packing Corp. v. Associated Tel. Design, Inc., 140 A.D.2d 303, 305-06 (2d Dept. 1993).

Even if, according to Defendant, Plaintiff's Net Worth Statements indicate that Plaintiff was aware that no tax lien existed at the time that she created the Net Worth Statements, they do nothing to attest to her knowledge or understanding of the status of such tax liability at the time the Settlement Agreement was made in December 2011. In addition, the Court notes that Plaintiff's deposition apparently occurred in mid to late 2011, after such Net Worth Statements were filed, at which deposition, there is no dispute that Plaintiff's testimony indicated a belief that such lien existed. At the very least, the Net Worth Statements create an issue of fact as to Plaintiff's knowledge at the time of the Settlement Agreement.

In short, Plaintiff's Net Worth Statements, if interpreted as urged by Defendant, are dispositive only as to Plaintiff's knowledge at the time of such statements, not as to her knowledge on the date of the Settlement.

In addition, the language of the parties' Settlement Agreement supports Plaintiff's allegations that, at the time the Settlement Agreement was made, both parties were negotiating under the mistaken belief that a $650,000 tax liability on the Marital

11

A.301

Residence still existed.[3]

First, in reciting the terms of the Settlement Agreement, counsel for Defendant asserted that the parties specifically had considered tax issues in reaching those terms: "We have also taken into consideration various tax issues that exist." Tr. at 8.

Second, in the context of addressing Defendant's assumption of all liability for those tax issues, the Settlement Agreement is specific: "And with regards to the tax issues, Mrs. Paswall acknowledged during her deposition that there is potentially a 600 to 650 thousand dollars tax liability which . . . Dr. Paswall is assuming." Tr. at 9.

Finally, the Settlement Agreement provides that Plaintiff will not be indemnified for liability related to that tax liability if she does something "that triggers a tax liability, while my client[4] is dealing with these services . . . ."

All of these references in the Settlement Agreement itself address the tax liability as a then-present and existing liability, and support Plaintiff's contention that Defendant's agreement to assume liability for the entire amount of that tax lien was part of the consideration given in exchange for Plaintiff's agreement to relinquish her interest in and right and title to the Marital Residence.

Thus, Plaintiff's allegations are sufficient to support her claims for rescission or

---

[3] The Court also notes that Defendant does not contends that he knew the lien had been released or that he informed Plaintiff of such. See Affidavit of Bruce Paswall in Opposition to Plaintiff's Order to Show Cause in the Post-Judgment Action, dated August 29, 2012, at ¶¶ 5-6. Defendant's failure to deny that he thought the lien existed at the time the parties entered into the Settlement Agreement supports Plaintiff's contentions that the parties were negotiating under a mutual mistake. Cucalon v. State, 103 Misc 2d 808, 812 (Ct. Claims 1980) (failure to deny the facts is deemed a tacit admission of their truth).

[4] As defense counsel was reciting the Settlement Agreement into the record, "my client" refers to Defendant.

12

A.302

reformation and the language of the Settlement Agreement supports such claims.

Accordingly, as the documentary evidence fails to dispose of Plaintiff's claims, Defendant's motion to dismiss pursuant to CPLR § 3211(a)(1) is denied. Weiss v. Cuddy & Feder, 200 A.D.2d 665, 667 (2d Dept. 1994) (When document does not resolve all factual issues raised, motion to dismiss must be denied); Rubinstein v. Salomon, 46 A.D.3d 536, 539 (2d Dept. 2007) (Where complaint contains allegations sufficient to support plaintiff's claim, which are not utterly refuted by documentary evidence, dismissal is inappropriate); Greenwood Packing Corp., 140 A.D.2d at 305-06.

C.  Plaintiff is Entitled to a Trial on the Issue of Whether the
Stipulation of Settlement Should be Rescinded or Reformed

For the reasons already articulated by this Court (see Sections II.A (2) and (3), supra), Plaintiff is entitled to proceed on the issue of whether the Settlement Agreement should be rescinded or reformed. Haberman v. Wright, 121 A.D.2d 187, 189 (1st Dept. 1986)(where factual issues exist as to whether agreement should be rescinded, trial court must resolve the issue); Metzendorf v. 130 West 57 Co., 132 A.D.2d 262, 266 (1st Dept. 1987)(where papers submitted on cross motions raise factual issues regarding the actual agreement, such issues may only be resolved at trial).

Accordingly, Defendant is directed to file an answer, if any, pursuant to CPLR § 3211 (f). In addition, a conference is scheduled before this Court on July 16, 2013, at 9:30 a.m., to address the issue of discovery, if any. Upon completion of discovery, a trial will is ordered.

The Court considered the following in deciding the motion: Summons and Verified Complaint, filed under Index No. 3999-2012, on August 2, 2012; Order to

A.303

Show Cause, and Affirmation of Louis I. Newman, Esq., in Support of Motion, filed August 3, 2012; Affirmation of Brenda Paswall, in Opposition to Order to Show Cause, filed August 27, 2013; Order to Show Cause, filed August 9, 2012, and Affirmation of Brenda Paswall and Affirmation of William A. Hirshfeld, Esq., in support of motion, filed August 9, 2012; Affirmation of Louis I. Newman, Esq., in Reply to Opposition to Order to Show Cause, filed on or about August 28, 2012; Affirmation of Louis I. Newman, Esq., in Opposition to Order to Show Cause, filed September 10, 2012; Order to Show Cause and Affirmation of Louis I. Newman, Esq., and Affidavit of Bruce Paswall in support, filed under Index No. 3999-2012, on September 14, 2012; Affirmation of William A. Hirshfeld, Esq., dated November 9, 2012, in Reply to the Defendant's Opposition to Plaintiff's Order to Show Cause in the Post-Judgment Action, filed On November 14, 2012; Affirmation of William A. Hirshfeld, Esq., in Opposition to the Defendant's Order to Show Cause (Index No. 3999-2012), filed on November 14, 2012; Affirmation of Louis I. Newman, Esq., in Reply to the Opposition of and in further support of Defendant's Order to Show Cause in the Plenary Action, filed November 16, 2012.

Dated: White Plains, New York
June 14, 2013

HON. COLLEEN D. DUFFY
Justice of the Supreme Court

14

A.304

Distribution:

Lewis Newman, Esq.
Newman & Denney P.C.
Attorney for Defendant
570 Lexington Ave., Suite 1600
New York, New York  10022

William A. Hirshfeld, Esq.
Attorney for Plaintiff
Hirshfeld & Hirshfeld, Esqs.
301 North Main Street
New City  New York  10956

15

A.305

**Order to Show Cause, Westchester Supreme Court  (Aug. 31, 2015)**
**[A.306-322]**

JCM
3499/12 - SEQ#

RE____D

AUG 3 1 2015

Janet C. Malone
WESTCHE___ SUPREME
COURT JUSTICE

At IAS Part____ of the Supreme Court
of the State of New York, held in and
for the County of _____ at the
Courthouse, _____
_____, New York
the ____ day of _____, 200_.

SEQ #1
# 2345/1

PRESENT: HON. _Alton Scheinkman(J)_
Justice of the Supreme Court

_Brenda Paswall_
_9561 N. AMBASSADOR DR._
_#5605_
_KC MO  64154_

_____
(Name(s) of Plaintiff(s)/Petitioner(s)

vs

_Bruce Paswall_
_Physician Suites_
_ONE, 46 St, 7th FL_
_NY, NY  10017_
_____
(Name(s) of Defendant(s)/Respondent(s)

**Order to Show Cause**

Index No. _2345-2016,_
_3499-2012_

Upon reading and filing the affidavit of _Brenda Paswall_
                                                            (insert your name)
sworn to on the _26_ day of _August_ 200_15_, and upon the exhibits attached to the
                     (Date Affidavit was sworn to before a Notary Public)
affidavit, and

_7 Exhibits attached_
(List other supporting papers, for example, additional Affidavits, Exhibits)

Let the _Brenda Paswall_ or his/her/their attorney show cause at IAS
              (insert plaintiff(s) or defendant(s)
Part ____ of this Court, to be held at the Courthouse at _111 Martin Luther King JR_
                                                                        (Court street address)
_White Plains_, N.Y., on the _1st_ day of _December_ 200_5_ at _9_ A.M./P.M.
                                          (insert return date & time advised of by the Court)
or as soon as counsel may be heard why an order should not be made _____

JCM

_Plaintiff_                           _Stipulation of_
_Settlement and/or Judgment at Sum as it pertain_
_7 Exhibits Distraction._

A.306

_______________________________________________________________________________

_______________________________________________________________________________

(Describe the relief being sought) ______________________________________________ and why

Frank Brunckhorst, the Plaintiff, should not have
(Insert your name) (Insert plaintiff(s) or defendant(s))

such other and further relief as may be just, proper and equitable.

Sufficient cause appearing therefor, let service of a copy of this order, and the other papers upon which this order is granted, upon the Defendant by
(Insert plaintiff(s) or defendant(s))

Hon. Alan Scheinkman on or before the ___ day of ______, 200_ be deemed good and sufficient. An affidavit or other proof of service shall be presented to this Court on the return date directed in the second paragraph of this order.

Janet C. Malone

Hon. Janet C. Malone

Acting JUSTICE OF SUPREME COURT

JCM Any answering papers shall be filed with the Court and served upon Plaintiff by September 22, 2015.

Any reply papers shall be filed with the Court and served upon Defendant by October 6, 2015.

Oct. 1, 2015

Supreme Court 9th Jud. Dist.
Judge Janet C Malone
111 Dr. Martin Luther King Jr. Blvd.
White Plains, NY 10601

Index: 2345-2010
3999-2012

Dear Hon Janet Malone —

My sincere apologies for missing
and not understanding some of the
process. I have been in and out of
hospitals w/ Ulcer, Pancreas and
liver disease.
I flew into from MO. today in hopes
of rectifying the situation and
having my ex & Louis Newman Esq.
served to remain on Docket, Dec 1,
2015. I will be in NY until late Oct 5.
I'm getting demands from him, still no
settlement and nervous.
Thanking you in Advance,
Brenda Pascarell

A.308

**FedEx** NEW Package US Airbill   8081 8817 1466

FedEx Copy

Sender's FedEx Account Number 4207-6701-3840-5902

Name Brenda Paswall   Phone 914 715-0350

Company

Address 9561 N. Ambassador Dr #5303

K.C.   State MO   ZIP 64154

Your Internal Billing Reference

To Hon. Alan Scheinkman

Company WHITE PLAINS SUPREME COURT

9th Judicial District

Address 111 Martin Luther King Jr Blvd

White Plains,   State NY   ZIP 10601

4 Express Package Service

5 Packaging
FedEx Envelope

6 Special Handling and Delivery Signature Options

7 Payment
Credit Card
4207-6701-3840-5902   $04.19

Easy new Peel-and-Stick airbill. No pouch needed.
Apply airbill directly to your package. See directions on back.

---

**FedEx** NEW Package US Airbill   8081 8816 4692

0200   FedEx Copy

1 From

Sender's FedEx Account Number

Sender Name Hon. Alan Scheinkman   Phone

Company WHITE PLAINS SUP CT - 9th Judicial District

Address 111 Martin Luther King JR Blvd

City White Plains,   State NY   ZIP 10601

2 Your Internal Billing Reference

3 To
Recipient Name Brenda Paswall   Phone 914 715-0350

Company

Address 9561 N. Ambassador Dr.

#5303   HOLD Weekday

Address   HOLD Saturday

City K.C.,   State MO   ZIP 64154

4 Express Package Service

5 Packaging
FedEx Envelope

6 Special Handling and Delivery Signature Options
SATURDAY DELIVERY

7 Payment
Sender
4207-6701-3840-5902   04.19

A.309

Outlook.com Print Message

9/28/15, 9:57 PM

Outlook.com Print Message

https://col126.mail.live.com/ol/mail.mvc/PrintMessages?mkt=en-us

9/28/15, 10:03 PM

Outlook.com Print Message

9/28/15, 10:07 PM

Print        :

Close

# Demands

From:  **Bruce Paswall** (bpaswall@gmail.com)
Sent:  Thu 9/24/15 1:06 PM
To:    arubabeachbum@hotmail.com

Brenda-

Thank you for your demands i have received them and find them unattainable.

If you look at comparable houses in the area they are appraised at 800-900 K in this current market

See below:



*[handwritten:]* NOT A WORD OF THIS MENTIONED IN STIP. ALSO AT SETTLEMENT I BELIEVE MORTGAGE WAS $120,000

There are two mortgages on the house; the original mortgage for 200K that you are co-responsible for thru wells fargo and the HELOC [home equity loan for another 200K, that is liened to the house].

The house in its current state with one bathroom functioning, no kitchen, no closet doors etc...i had appraised recently...

The fixtures, cabinets, doors, tiles, etc...i will remove whereby the value of the house in disrepair will be for 1/2 of the comparable houses and with the two mortgages you will never obtain any money from the sale of the house that will be greater that the 325,000+/- more i am willing to pay you.

*[handwritten:]* Now threatening to devalue house AGAIN.
*[handwritten:]* House needs transfer SOON!

Brenda Paswall
9561 N. Mulberry Dr., #5303
Kansas City, MO 64154

August 25, 2015

VIA OVERNIGHT

White Plains Supreme Court
Hon. Alan Scheinkman
9th Judicial District
111 Martin Luther King Jr. Blvd.
White Plains, NY 10601

Re: Paswall v. Paswall
Index: 2345-2010, 3999-2012

Dear Justice Scheinkman:

I address myself to the Court as the Plaintiff in the above referenced
matter.  Order to Show Cause and Affidavit In Support are included, along
with documents I could find, hoping to be useful. I have never received,
however,files (paid for), so it's hit or miss.

Much has happened, some good, mostly unfair, and I can not turn back in
time.  This case started in Approx. Jan. or Feb. of 2010, with Glen Allyn,
Esq.  When I realized a problem, Mitch Lieberman took me on, not asking
for a Retainer, and never billed me, or asked me for money EVER.
However, I did borrow money and give him $5,000 in good faith. He had
Glen Allyn disbarred , and after all his yelling and threats regarding
personal things (not money), he asked to be released from my case 2
times, last time granted, giving me two months before trial.  I had no money
and no one would take on such a large case. Settlement out of Court was a
nightmare, and the Judge knew it and I could he felt bad.  Eventually I
received some money, enough retain Willam Hirshfeld.  He did all he could,
finally opposing counsel took it to Brooklyn and the Stipulation remained
the same (enclosed).  Mr. Hirshfeld, after being paid in full, recommended I

A.311

close my case with him, so that Mr. Newman, opposing counsel, would be able to talk to me, keep me advised as to my money in Escrow, etc. To this day he will not respond to me.

In the Stipulation, it clearly states the Equitable Distribution of the home, which I turned over in first trial alone, for tax indemnities, later to find out, was lied about, and I got back into Court. Now my ex in in Contempt of Court regarding final payment due on or before July 1, 2015. Stipulation clearly states that, if not paid, he will not only owe me final payment, but an additional $25,000, and the deed to house comes back to me. Quite significant.

It is my hope that this will be enforced, since it is already August 25, 2015, and we all can move on. My new address has been given to all attorneys involved, the Courts, and the Bar Association.

Thanking you in Advance.

Brenda Paswall

A.312

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-------------------------------------------------------x

Brenda Paswall

[fill in name(s)]                          Plaintiff(s),

-against-

Bruce Paswall

[fill in name(s)]                          Defendant(s).

-------------------------------------------------------x

Index Number

2345-2010, 3999-2012

AFFIDAVIT
IN SUPPORT

STATE OF NEW YORK   MO
COUNTY OF PLATTE            ss:

Brenda Paswall                    [your name], being duly sworn,

deposes and says:

1. I am the plaintiff / defendant [circle one] in this matter. I make this affidavit in support of this motion for an order granting to following relief: [Describe what you are asking the Court to do. This relief must also be stated in the Notice of Motion or Order to Show Cause.] In our stipulation it clearly states that 2nd 1/2 of Equitable Distribution (home) is to be paid on or before July 1, 2015 in the amount of $150,000. Otherwise an additional $25K added and the deed to house returned to my name

2. I believe the Court should grant the relief sought [this motion] because [Explain why you should be granted what you are requesting. Identify and Explain any Exhibits (documents) you annex to this affidavit. Add more pages if needed.] My ex is clearly not following the Agreement and this is causing me much duress, has affected my health, inability to pay for GOOD HEALTH INS, I don't have a car, I can not work, is causing family issues with my boys, is once again mental abuse. He knows I can not afford an attorney

OrderShowCause - 1/2014

A.313

Brenda Paswall
9561 N. Ambassador Drive
Apt. 5303
Kansas City, MO 64154

September 19, 2015

Judge Janet C. Malone
Supreme Court 9th Judicial District
111 Dr. Martin Luther King Jr. King Blvd.
White Plains, NY 10601

<u>SENT VIA UPS PRIORITY OVERNIGHT , DIRECT SIGNATURE</u>

Index No.  2345-2010
          3999-2012

Dear Hon. Janet Malone,

I would first like to thank you for considering my Order to Show Cause, and
having saved a place on your docket.  I have attached one final document,
that I have had for awhile, and just wanted to include the added research.

I am still confused why I received this back well after the 8th - one deadline.
I was told that the Court does not receive Fed Ex.  I didn't know, but I did
send 6 copies of documents, a check for $45, and you did cross off Judge
Alan Scheinkman's name and filled in you name.  If it would please the
Court, I would appreciate remaining on the docket for Dec. 1., 2015.

The date of Dec. 1, 2015 is on my calendar.  Time being 9:30 a.m., and
through phone calls, am told this will take place on the 18th Floor, 111 Dr.
Martin Luther King Jr. Blvd, White Plains, NY.

At this time, I am sending this letter, the signed document from you, stating
the court date, and a few other documents, also, to my ex husband, Via
same venue.

Thanking you in Advance.

A.314

4.	The Defendant shall be in default of the terms of this Stipulation upon the first to occur of the following which remains uncured after fifteen (15) days written notice (an "Event of Default"):

a.	Failure to pay the Plaintiff $150,000 within the time set forth in paragraph 2 (a) hereof;

b.	Failure to pay the Plaintiff $150,000 within six (6) months from the date of the closing of the Initial Financing, or

c.	Failure to pay any Court Order counsel fee within thirty (30) days of the date of a Court Order pursuant to paragraph 8 hereof.

5.	Upon the occurrence of an Event of Default the Residence shall be immediately placed on the market for sale with any unpaid funds owing to the Plaintiff pursuant to the terms hereof to be paid to Plaintiff from the net proceeds generated by the sale together with an additional sum of $25,000 representing Plaintiff's legal fees, costs and expenses in connection with the default. The remaining balance of the net sale proceeds shall be paid to the Defendant and upon presentation of Plaintiff's affidavit confirming said default, the Return Deed shall be delivered to Plaintiff's counsel provided, however, that if the $150,000 payment required in paragraph 2 (a) has been made, as a condition precedent to the release of the Return Deed from escrow is either (a) Plaintiff's repayment to Defendant the sum the $150,000 or (b) Plaintiff's delivery to Defendant proof of satisfaction of the Defendant's obligations emanating from the Initial Financing.

6.	The Plaintiff expressly acknowledges the existence of three charging liens; two in favor of her present counsel Hirshfeld & Hirshfeld and one in favor of her former counsel Mitchell Lieberman, Esq. (collectively the "Liens"). As the payments required by the terms of

3

A.315

this Stipulation are subject to the Liens, absent an Order of the above named Court or written agreement between Plaintiff and the holders of the Liens to the contrary, the Defendant shall first make payment against the Liens in the sequence in which they were served on Defendant or his counsel. Payment of the Liens shall constitute compliance with the payment obligations of the Defendant.

7.   Simultaneous with the execution hereof, the parties shall each withdraw his/her Appeal with prejudice.

8.   Plaintiff's pending motion, which has been fully submitted to the above named Court, shall be determinative as to Defendant's obligation, if any, to make any contribution to Plaintiff's counsel fees. Any counsel fees Ordered by the Court pursuant to a Decision on the pending motion, or as otherwise agreed to by the parties, shall be paid within thirty (30) days of the Order or agreement of the parties.

9.   The parties accept the terms of this Stipulation as being in full and final settlement and satisfaction of each parties' rights and obligation to the other for equitable distribution pursuant to DRL § 239 Part B.

10.  The parties acknowledge that they have agreed to divide and settle their rights to real and personal property in full satisfaction of their respective marital rights, including the right to an equitable distribution of marital property as defined by DRL § 236B, or a distributive award in lieu thereof, as required by DRL § 236B, and in full satisfaction of the laws in any other jurisdiction that may claim to have an interest in the marital property, as fully set forth in this Article.

11.  This Agreement constitutes an agreement pursuant to DRL § 236(B)(3).

6

A.316

The UPS Store®
108 Village SQ.
Somers, NY, 10589
914.277.8700 tel
914.277.4145 fax



# FAX

To _JEFF COHEN_

Company _? PROCESS SERVER_

Fax number _718. 257. 6064_

Date _10/5/15_

From _BRENDA PASWALL_

Phone number _914 715 0350_

Total pages _____

Message/Text area within text box

The UPS Store

A.317

utlook.com Print Message

9/29/15, 10:07 PM

<u>Print</u>                                                                                            <u>Close</u>

# Demands

From: **Bruce Paswall** (bpaswall@gmail.com)
Sent:  Thu 9/24/15 1:06 PM
To:    arubabeachbum@hotmail.com

Brenda-

Thank you for your demands i have received them and find them unattainable.

If you look at comparable houses in the area they are appraised at 800-900 K in this current market

See below:



*[handwritten, right margin]* NOT A WORD OF THIS MENTIONED IN STIP. ALSO AT SETTLEMENT I BELIEVE MORTGAGE WAS $120,000

There are two mortgages on the house; the original mortgage for 200K that you are co-responsible for thru wells fargo and the HELOC [home equity loan for another 200K, that is liened to the house].

The house in its current state with one bathroom functioning, no kitchen, no closet doors etc...i had appraised recently...

The fixtures, cabinets, doors, tiles, etc...i will remove whereby the value of the house in disrepair will be for 1/2 of the comparable houses and with the two mortgages you will never obtain any money from the sale of the house that will be greater that the 325,000+/- more i am willing to pay you.

*[handwritten]* Now threatening to devalue house AGAIN
House needs transfer ASAP SOON!

https://col125.mail.live.com/ol/mail.mvc/PrintMessage?mkt=en-us

A.318

# Shipment Receipt: Page #1 of 1

THIS IS NOT A SHIPPING LABEL. PLEASE SAVE FOR YOUR RECORDS.

SHIP DATE:
MON 21 SEP 2015

SHIPMENT INFORMATION:
UPS NEXT DAY AIR DES
0.2 LBS ACTUAL WT
LTR BILLED WEIGHT
CARRIER LETTER

EXPECTED DELIVERY DATE:
TUE 22 SEP 2015 10:30 AM
SHIP FROM:
BRENDA MCDOWALL
550 N WOODWARD AV
KANSAS CITY MO 64116

(816) 765-4064

SHIP TO:
SEP COURT 9TH DIST
JANET C MCLANE
111 DR MARTIN LUTHER KING BLVD
WHITE PLAINS NY 10601-2519
RESIDENTIAL

SHIPPED THROUGH:
The UPS Store 3302
KANSAS CITY MO 64154-1400
(816) 587-1161

TRACKING NUMBER: 1ZEF4192U1023948103
SHIPMENT ID: N4M6656HVNXP
SHIP REF 1: - -
SHIP REF 2: - -

DESCRIPTION OF GOODS:
DOCUMENTS

SHIPMENT CHARGES:
NEXT DAY AIR DES          38.75
SERVICE OPTIONS           0.00
FUEL SURCHARGE            1.45
CHS PROCESSING FEE        6.20

TOTAL                    $46.40

left @ Front Desk

Signature:

The UPS Store4

Outlook.com Print Message

9/29/15, 10:07 PM

Print                                                                                Close

# Demands

From: **Bruce Paswall** (bpaswall@gmail.com)
Sent: Thu 9/24/15 1:06 PM
To:   arubabeachbum@hotmail.com

Brenda-

Thank you for your demands i have received them and find them unattainable.

If you look at comparable houses in the area they are appraised at 800-900 K in this current market

See below:



*NOT A WORD OF THIS MENTIONED IN STIP. ALSO AT SETTLEMENT I BELIEVE MORTGAGE WAS $120,000*

There are two mortgages on the house; the original mortgage for 200K that you are co-responsible for thru wells fargo and the HELOC [home equity loan for another 200K, that is liened to the house].

The house in its current state with one bathroom functioning, no kitchen, no closet doors etc...i had appraised recently...

The fixtures, cabinets, doors, tiles, etc...i will remove whereby the value of the house in disrepair will be for 1/2 of the comparable houses and with the two mortgages you will never obtain any money from the sale of the house that will be greater that the 325,000+/- more i am willing to pay you.

*Now threatening to devalue house AGAIN.*

Page 1 of 2

*House needs transfer ENTIRELY SOON!*

A.320

Print

# RE: Proposal to save attorney's fees and money

From: **Bruce Paswall** (Bruce_Paswall@gebmedical.com)
Sent:  Tue 9/29/15 5:17 PM
To:    'Brenda Paswall' (arubabeachbum@hotmail.com)

Brenda-

What will be will be...I want to do the right thing pay you and protect what only asset there is to leave for the children...

I just need to be able to trust you and you're making it difficult by not be transparent with me with your intentions...

Time is of the essence and this house with what equity is in it now will be lost...I am trying to give you what you want and what I can afford but at this point as I said before I leaning towards walking away as is...I know it's hard for you to believe, but if I have to maintain it and not know it is safe I am not going to throw any more money into it...

You can ease all of this by communicating with me your ideas.

Thank you....

A.321

Outlook.com Print Message

9/30/15, 8:58 AM

<u>Print</u>

<u>Close</u>

# Fwd: Second Payment...

From: **Brenda Paswall** (arubabeachbum@hotmail.com)
Sent: Tue 7/14/15 11:37 AM
To: Hirshfeld William (whirshfeld@gmail.com)

I think I already sent this to you but I'm a little overwhelmed right now and as I have said before I would gladly pay you to give me information regarding this

Sent from my iPhone

Begin forwarded message:

> **From:** Bruce Paswall <<u>Bruce_Paswall@gebmedical.com</u>>
> **Date:** July 13, 2015 at 10:43:03 AM CDT
> **To:** "'arubabeachbum@hotmail.com'" <<u>arubabeachbum@hotmail.com</u>>
> **Cc:** 'Louis Newman' <<u>lin@newmandenney.com</u>>
> **Subject: Second Payment...**
>
> Brenda-
>
> Lou immediately contacted me with regards to your letter.
>
> With regards to the second payment due you and with intentions of getting that out...there was an approximate 30 day delay on the transfer of the deed which occurred after we wrote the stipulation and agreement approximating the second payment.
>
> That 30 days is the difference right now...in obtaining the second appraisal from the bank.
>
> Thus I would say before Labor Day is a realistic expectation.
>
> Thank you for your patience with this.

https://col125.mail.live.com/ol/mail.mvc/PrintMessages?mkt=en-us

Page 1 of 2

A.322